***Composite Exhibit A***

03131513

Filing Number:     **325127**

Filing Accepted:   **10/27/2016**

Warning! Information submitted as part of this civil remedy notice is a public record.  Data entered into this form will be displayed on the DFS website for public review.  Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑  The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

| Complainant | |
|---|---|
| Name: | **LISSETTE MIRABAL** |
| Street Address: | **13410 SW 91 TERRACE** |
| City, State Zip: | **MIAMI, FL  33186** |
| Email Address: | **DAVID@BHFLORIDALAW.COM** |
| Complainant Type: | **Insured** |

| Insured | |
|---|---|
| Name: | **LISSETTE AND JOSE MIRABAL** |
| Policy #: | **0034398687101-19** |
| Claim #: | **003439868-23** |

| Attorney | |
|---|---|
| Name: | **DAVID F BARON** |
| Street Address: | **9100 SOUTH DADELAND BLVD, SUITE 1704** |
| City, State Zip: | **MIAMI, FL  33156** |
| Email Address: | **DAVID@BHFLORIDALAW.COM** |

| Notice Against | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **USAA CASUALTY INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**ASHLEY MEYERS**

| | |
|---|---|
| Type of Insurance: | **Auto** |

DFS-10-363
Rev. 11/2007

Filing Number:      **325127**

| **Reason for Notice** |
|---|

Reasons for Notice:

**Unsatisfactory Settlement Offer**

---

**PURSUANT TO SECTION 624.155, F.S.**  please indicate all statutory provisions alleged to have been violated.

**624.155(1)(b)(1)**      **Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.**

---

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**Not in Possession of Policy**

---

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

**On June 4, 2015, Lissette Mirabal was struck from the rear by an underinsured motorist. Liability is 100% on the other driver. She has incurred in excess of $28,000.00 in medical bills. According to her treating board certified neurologist, she has had a significant injury and impairment to her cervical spine, undergone epidural injections, aggravation of MS, and is likely to require future medical care in excess of $100,000.00. USAA has not made a good faith offer on a case with a value far in excess of the policy limits.**

| **Comments** |
|---|

| User Id | Date Added | Comment |
|---|---|---|
| kvanderlinde@boyd-jenerette.com | 12-21-2016 | A detailed response was sent to counsel for Complainant on December 21, 2016. |



**BOYD & JENERETTE** P.A.
EST. 1952

The Levy Building, 201 North Hogan Street, Suite 400, Jacksonville, Florida 32202
Telephone 904.353.6241 | Facsimile 904.353.2863 | Website boydjen.com

**Kristen M. Van der Linde**
kvanderlinde@boydjen.com
Direct Phone: (904) 493-3766
Direct Fax: (904) 493-3739

*Board Certified in Civil Trial Law*
*By The Florida Bar*

December 21, 2016

*Via Email*
David F. Baron
BARON & HERSKOWITZ
9100 South Dadeland Blvd.
Suite 1704
Miami, FL 33156

RE:    Complainant:       Lissette Mirabal
       DFS File No:       325127
       Accepted Date:     10/27/2016
       Insured:           Lissette and Jose Mirabal
       Claim No.:         003439868-23

Dear Mr. Baron:

Please accept this as USAA Casualty Insurance Company's ("USAA CIC") response to the Civil Remedy Notice of Insurer Violation ("CRN") filed by you on behalf of Complainant, Lissette Mirabal, in the above-referenced claim.

The Complainant asserts that USAA CIC has violated the following section of the Florida Statutes: §624.155(1)(b)(1).  As the reason for Notice, the Complainant listed the following: unsatisfactory settlement offer.

USAA CIC objects to the CRN because it lacks the specificity required by §624.155, Florida Statutes.  The CRN is invalid and lacks specificity for the following reasons:
- fails to provide factual supports that give rise the alleged violation
- fails to reference specific policy language
- fails to offer a valid cure

USAA CIC denies all expressed or implied allegations of violations of §624.155(1)(b)(1).  USAA CIC has at all times evaluated and investigated this matter in good faith based upon the information provided.

Coconut Creek | Jacksonville | Savannah

Def MSJ003

USAA CIC has made a good faith offer of $11,000.00 based on the available information. At this point in time there appears to be a difference of opinion as to the value of the Uninsured Motorist claim.  USAA CIC continues to evaluate and negotiate the claim for resolution.

Nothing in this response constitutes, nor should anything in this response be considered, as a waiver of any of USAA CIC's rights under the applicable policy of insurance.  The express terms, conditions, limitation, exclusions and provisions relating to coverage thereunder are expressly reserved.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

Kristen M. Van der Linde
Pamela J. Nelson

KMV/PJN

Filing # 48692189 E-Filed 11/09/2016 12:09:23 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO: 2016-028955-CA-01

LISSETTE MIRABAL and JOSE MIRABAL,
Her husband,

        Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, by and through the undersigned attorneys, hereby files his Complaint as follows:

### COUNT I

1.     This is an action for uninsured/underinsured motorist benefits pursuant to an automobile insurance policy in excess of the Fifteen Thousand Dollars ($15,000.00) jurisdictional limits of this Court, exclusive of interest and costs.

2.     The Defendant, USAA CASUALTY INSURANCE COMPANY, was and is an insurance company authorized to do business in Miami-Dade County, Florida.

3.     The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, were insured under a policy of insurance with the Defendant, USAA CASUALTY INSURANCE

USAA Confidential

0901119c98ab317c

COMPANY, policy number 003439868-7101-19. Said policy provided for uninsured motorist coverage.

4.     This policy was in full force and effect on the date of the accident, June 4, 2015. Said policy provided for uninsured/underinsured motorist coverage for the Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL.

5.     On or about June 4, 2015, the Plaintiff, LISSETTE MIRABAL, was stopped at a red light on S.W. Datran Drive, near Dadeland Boulevard, Miami-Dade County, Florida, when she was struck from the rear by an underinsured/uninsured motorist, Jamai Hensel.

6.     As a result of this accident, the Plaintiff, LISSETTE MIRABAL, is legally entitled to uninsured motorist benefits.

7.     Plaintiff, LISSETTE MIRABAL, has performed all conditions precedent prior to bringing this action.

8.     As a result of the negligence of the underinsured motorist, Plaintiff, LISSETTE MIRABAL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, LISSETTE MIRABAL, will suffer the losses in the future.

2

Def MSJ006

USAA Confidential

0901119c98ab317c

WHEREFORE, Plaintiff, LISSETTE MIRABAL, demands judgement against Defendant USAA CASUALTY INSURANCE COMPANY, for the total amount of Plaintiff's damages, plus the costs of the action and demands a trial by jury for all issues so triable by right.

## COUNT II

### LOSS OF CONSORTIUM

9. Plaintiff, JOSE MIRABAL, reaffirms and re-avers paragraphs 1-9 as if same were fully set forth herein.

10. At all times material hereto, JOSE MIRABAL was and is married to LISSETTE MIRABAL.

11. As a result of LISSETTE MIRABAL's personal injuries as afore alleged, JOSE MIRABAL has lost the care, comfort, and society of his wife, LISSETTE MIRABAL. These injuries are either permanent, temporary, or are continuing in nature.

WHEREFORE, JOSE MIRABAL demands judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY, jointly and severally, plus court costs, and demands a trial by jury for all issues so triable by right, along with all other just and equitable relief that the Court deems necessary and proper under the circumstances.

## COUNT III

### VIOLATIONS OF FLORIDA STATUTES §624.155

12. Plaintiffs herein readopt and re-allege each and every allegation contained in paragraphs 1 through 12 as if same were fully set forth herein.

13. That this claim will ripen upon the determination by the Court or by confession of judgment by Defendant, USAA CASUALTY INSURANCE COMPANY,

3

Def MSJ007

USAA Confidential

0901119c98ab317c

that Plaintiffs are entitled to damages in excess of the limit of uninsured motor vehicle benefits under the policy of insurance (policy number 003439868-7101-19).

14. That Plaintiffs timely reported the claim to Defendant, USAA CASUALTY INSURANCE COMPANY, and otherwise complied with all of their obligations under the policy of insurance.

15. That Defendant, USAA CASUALTY INSURANCE COMPANY, failed to attempt in good faith to settle Plaintiffs' claim for UM benefits when it could and should have done so had it acted fairly and honestly towards its insured and with due regard for his interests.

16. That on October 27, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance alleging violations of sections 624.155(1)(b)(3), Florida Statutes. Copy of the aforesaid CRN attached hereto as *Exhibit "A"*.

17. That Defendant USAA CASUALTY INSURANCE COMPANY has 60 days from the filing of the CRN to cure its violation and Defendant's failure to do so will cause this claim to mature.

18. That as a result of the injuries caused by the negligence of the negligent underinsured driver and the relationship between the parties under the policy of insurance, Defendant USAA CASUALTY INSURANCE COMPANY owed a duty to Plaintiff to attempt in good faith to settle Plaintiffs' underinsured motor vehicle claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiffs' interests. Defendant

4

Def MSJ008

USAA Confidential

0901119c98ab317c

USAA CASULATY INSURANCE COMPANY further owed to Plaintiffs a duty to refrain from engaging in unfair claim settlement practices.

19.     That Defendant USAA CASUALTY INSURANCE COMPANY breached its duties to Plaintiffs, in violation of section 624.155, Florida Statutes, by:

a.      failing to attempt, in good faith, to settle Plaintiffs' underinsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for the Plaintiffs' interests, who was an insured, in violation of section 624.155(1)(b)(1), Florida Statutes;

b.      failing to properly train adjusters and claims personnel;

c.      placing its own financial interests before that of Plaintiffs;

d.      engaging in unfair claims settlement practices in violation of section 626.9541(1)9i)3.a ,c, d, f, and g, Florida Statutes. Specifically, Defendant USAA CASUALTY INSURANCE COMPANY:

i.      failed to adopt and implement standards for the proper investigation of claims, including coverage;

ii.     failed to acknowledge and act promptly upon communications with respect to Plaintiffs' underinsured motorist claim, including its failure to properly respond to Plaintiffs' multiple written requests for coverage information and demands for payment of all underinsured motorist benefits under the Policy;

iii.    failed to conduct a reasonable investigation based on the

5

USAA Confidential

0901119c98ab317c

available information, even disregarding Plaintiffs' repeated efforts to assist Defendant, USAA CASUALTY INSURANCE COMPANY, in its investigation;

      iv.    failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its lack of any reasonable offer of settlement;

20.    That the acts complained of herein constituted Defendant's, USAA CASULATY INSURANCE COMPANY's general business practices, in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by Defendant USAA CASUALTY INSURANCE COMPANY, to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

21.    That as a direct and proximate result of Defendant's, USAA CASUALTY INSURANCE COMPANY's, actions and/or inactions as set forth above, Plaintiffs have been damaged.

22.    That Plaintiffs had to retain the services of the undersigned attorneys and contract with them for the payment of their attorney's fees to bring the action and obtain the payment of the excess damages caused by Defendant USAA CASUALTY INSURANCE COMPANY.

23.    That pursuant to sections 624.155 and 627.727(10) Florida Statutes, Plaintiffs are entitled to recover the total amount of damages suffered, including the

6

Def MSJ010

USAA Confidential

0901119c98ab317c

amount in excess of the policy limits, including any interest on unpaid benefits, attorney's fees and costs, and any damages caused by a violation of the laws of the State of Florida.

24. That all conditions precedent to Plaintiffs' rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, demand judgement against Defendant USAA CASUALTY INSURANCE COMPANY, for the total amount of Plaintiffs' damages recoverable pursuant to sections 624.155 and 627.727(10) Florida Statutes, plus the costs of the action and attorney's fees and demands a trial by jury for all issues so triable by right.

## COUNT IV

## ACTION FOR DECLARATORY JUDGEMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES

25. Plaintiffs herein readopts and re-alleges each and every allegation contained in paragraphs 1 through 25 as if the same were fully set forth herein.

26. That this is an action for declaratory relief pursuant to Chapter 86 of the Florida Statutes.

27. That Plaintiffs are in doubt about the apportionment of liability, if any, and the total amount of their damages as a result of the motor vehicle collision of June 4, 2015.

Def MSJ011

USAA Confidential

0901119c98ab317c

28. That there exists a bona fide, actual, present practical need for a determination of liability for the subject motor vehicle collision and the total amount of damages suffered by Plaintiffs as the result of the collision.

29. That Plaintiffs' statutory right to prosecute their claim for bad faith pursuant to section 624.155, Florida Statutes, a claim that is properly before this Court, is dependent upon the determination of liability and total damages as a result for the subject motor vehicle collision.

30. That all persons with antagonistic and adverse interests in the subject matter of this action for declaratory judgement are present before the Court by proper process.

31. That the declaration sought by Plaintiffs does not amount to mere legal advice or the answer to questions propounded from curiosity.

32. That Defendant, USAA CASUALTY INSURANCE COMPANY, disputes liability and the total amount of damages alleged in this Complaint.

33. That a substantial amount of discovery will be done on the issues of liability and damages in this case and those efforts will be wasted unless a final, appealable judgement is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the motor vehicle collision of June 4, 2015.

34. That under *Geico General Insurance Co. v. Bottini*, 93 So.3d 476 (Fla 2d DCA 2012) and *King v. Government Employees Insurance Co.*, No. 8:10-cv-977-T-30AEO, 2012 WL4052271 (M.D. Fla. Sept. 13, 2012), the amount of any verdict for UM benefits

8

Def MSJ012

USAA Confidential

rendered in excess of the UM policy limits is not appealable and may not be binding in a subsequent bad faith action.

35.     That a declaratory judgment will provide Defendant, USAA CASUALTY INSURANCE COMPANY, with a final judgement on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limit.

WHEREFORE, Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, request that this Honorable Court accept jurisdiction and enter a declaratory judgement finding and determining liability and the total amount of damages suffered by Plaintiffs, including pre-judgement and post-judgement interest, attorney's fees pursuant to sections 624.155 and 627.727(10), Florida Statutes, costs, and any other relief this Court deems equitable, just, and proper.

Dated on this 9th Day of November, 2016.

> BARON & HERSKOWITZ
> 9100 South Dadeland Boulevard
> One Datran Center, Suite 1704
> Miami, Florida 33156
> Tel: (305) 670-0101
> Fax: (305) 670-2393
> Primary: David@bhfloridalaw.com
> Secondary: Secretary@bhfloridalaw.com
>
> By: _____
> DAVID F. BARON, P.A. - 297089

9

Def MSJ013

USAA Confidential

0901119c98ab317c

IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:   16-0289555-CA-01
DIVISION:

LISSETTE MIRABAL and JOSE MIRABAL,

      Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

_____

### USAA CASUALTY INSURANCE COMPANY'S
### MOTION TO DISMISS AND MOTION TO STRIKE
### PLAINTIFFS' COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

      Defendant USAA CASUALTY INSURANCE COMPANY ("USAA CIC") pursuant to Florida Rule of Civil Procedure 1.140 and applicable Florida law, moves this Court to Dismiss and strike portions of Plaintiffs' Complaint.  Defendant USAA CIC states as follows:

      1.     Plaintiffs filed their Complaint against Defendant on November 9, 2016.

      2.     Plaintiffs allege on or about June 4, 2015 Plaintiff Lissette Mirabal suffered permanent injuries due to the negligence of an uninsured/underinsured motorist.

      3.  The Complaint contains four counts:

| | |
|---|---|
| **Count I:** | **Untitled but attempts to assert a claim for UM benefits** |
| **Count II:** | **Loss of Consortium** |
| **Count III:** | **Statutory Bad Faith** |
| **Count IV:** | **Declaratory Judgment** |

      4.     Counts I, II, III and IV should be dismissed for failure to attach a copy of the subject Policy in violation of Florida Rule of Civil Procedure 1.130(a).

02004723

5.      Count III attempts to allege a statutory bad faith claim pursuant to Fla. Stat. §624.155 and should be dismissed as premature and for failure to state a cause of action because Plaintiffs do not allege there has been a final determination of liability and damages pursuant to the Policy.

6.      Plaintiffs' alleged bad faith cause of action has not accrued and does not currently exist because there has not been a final determination as to liability and the extent of Plaintiffs' damages.  Plaintiffs Complaint acknowledges this claim is not ripe. Compl. ¶13

7.      Florida law is clear a first-party bad faith action does not accrue until there has been a final determination of liability and insured's damages in the UM action.

8.      Florida law is clear pre-suit notice is a condition precedent to bringing an action pursuant to Fla. Stat. § 624.155.   Specifically, a plaintiff must first give written notice of the alleged violation by filing a Civil Remedy Notice ("CRN") with Florida's Department of Financial Services ("DFS") and serving the CRN upon the insurer.   The insurer then has sixty days within which to cure the alleged violation.  Only at the end of the sixty day period ("cure period") may a plaintiff assert a claim for statutory bad faith, once said claim becomes ripe.

9.      DCF accepted Plaintiffs' CRN on October 27, 2016.  As such, the sixty days in which Defendant USAA CIC may cure any alleged violation of Fla. Stat. §624.155 does not expire until December 26, 2016.  Therefore, Defendant USAA CIC still has ample time to cure any meritorious claim of violation under §624.155, Florida Statutes.

10.     Count IV attempts to allege a claim for Declaratory Judgment pursuant to Chapter 86, Fla. Statutes and should be dismissed.  Plaintiffs fail to state a claim upon which relief can be granted because no actual case or controversy exists that would support entry of a declaratory judgment.

02004723

2

11.     The Complaint does not list a single contractual provision as to which Plaintiffs are in doubt regarding their rights or obligations under the contract.   Further Count IV is subsumed by Plaintiff Lissette's claim in Count I thereby making any declaratory judgment unnecessary.  This Count should be dismissed with prejudice.

12.     Plaintiffs also allege entitlement to prejudgment interest in Count III[1] and in the "Wherefore" clause of Count IV.   Plaintiffs are not entitled to prejudgment interest as prejudgment interest is not recoverable in an action for unliquidated personal injury damages.  Additionally, Plaintiffs are not entitled to prejudgment interest because Counts III and IV fail to state a cause of action and such claim should be stricken.

13.     Counts III and IV allege entitlement to attorneys' fees.  Plaintiffs are not entitled to attorneys' fees due to the failure to state a cause of action.  In the alternative, the Court should strike Plaintiffs' prayer for attorneys' fees as Plaintiffs' have not adequately alleged entitlement to such fees under any statutory or contractual basis.

14.     Lastly, Plaintiffs' Complaint is in violation of Fla. R. Civ. P. 1.140(f) for incorporating the paragraphs of each count into each subsequent count, which further warrants dismissal.

**WHEREFORE**, USAA CASUALTY INSURANCE COMPANY respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint, and/or in the alternative, strike Plaintiffs claim for attorneys' fees and prejudgment interest and grant such other relief as it may deem just and proper.

---

[1] Plaintiffs allege entitlement to damages including "any interest on unpaid benefits." Compl. ¶23.  To the extent Plaintiffs are alleging entitlement to prejudgment interest in Count III, this claim should be stricken.

## MEMORANDUM OF LAW

### I.      STANDARD FOR DISMISSAL

A motion to dismiss pursuant to rule 1.140(b)(6) tests the sufficiency of the complaint and is not intended to determine issues of ultimate fact.   McWhirter, Reeves, McGothlin, Davidson, Ricf & Bakas, P.A. v. Weiss, 704 So. 2d 214, 215 (Fla. 2d DCA 1998).   Rule 1.140(b)(6) allows for the dismissal of a complaint that fails to state a cause of action.   Fox v. Prof'l Wrecker Operators of Florida, Inc., 801 So. 2d 175, 178 (Fla. 5th DCA 2001). In ruling on a motion to dismiss for failure to state a cause of action, the trial court is limited to reviewing the allegations contained within the four corners of the complaint.   Weiss, 704 So. 2d at 215.   The court must also consider the exhibits attached to the complaint. Fla. R. Civ. P. 1.130(b); Abele v. Sawyer, 750 So. 2d 70, 74 (Fla. 4th DCA 1999).

Additionally, under Florida Rule of Civil Procedure 1.110, a complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief."  In order to comply with rules 1.110(b) and 1.140(b)(6), the complaint must set out the elements of the cause of action as well as the facts supporting those elements.   Barrett v. City of Margate, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999).

### II.     COUNTS I, II, III AND IV OF THE COMPLAINT SHOULD BE DISMISSED FOR   FAILURE TO INCORPORATE OR ATTACH THE INSURANCE POLICY UPON WHICH THE COUNTS ARE BASED

"All . . . documents upon which an action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a).  If a contract or document upon which a complaint purports to bring an action is not attached to such a complaint, that complaint should be dismissed without prejudice.  Fla. R. Civ. P. 1.130(a); Conklin v. Cohen, 287 So.2d 56,60

02004723                                              4

(Fla. 1973); Eigen v. Federal Deposit Ins. Corp. 492 So.2d 826, 827 (Fla. 2d DCA 1986);

Hughes v. Home Sav. Of Am. F.S.B., 675 So.2d 649, 650 (Fla. 2d DCA 1996).

Count I purports to seek damages pursuant to the UM coverage provisions of Plaintiffs' insurance policy.  Count II is a derivative claim of Count I and is an alleged claim for Loss of Consortium.  Count III prematurely attempts to seek damages for alleged statutory bad faith arising from an insurance contract. Count IV purports to seek declaratory relief in connection with a claim for UM insurance coverage.  All four of these counts arise from the contractual relationship between Plaintiffs and USAA CIC.  Without the insurance policy, none of these purported actions could be brought against USAA CIC.   Nonetheless, Plaintiffs have not attached any portion of the policy to their Complaint in violation of 1.130(a).  As such Counts I, II, III and IV should be dismissed without prejudice. Conklin, 287 So.2d 56, 60 (Fla. 1973).

### III.    PLAINTIFFS' ALLEGATIONS IN VIOLATION OF 624.155, FLORIDA STATUTES, MUST BE DISMISSED DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH STATUTORY PRE-SUIT NOTICE REQUIREMENTS

As a condition precedent to bringing an action pursuant to section 624.155, Florida Statutes, the plaintiff must first give written notice of the alleged violation by filing a Civil Remedy Notice ("CRN") with Florida's Department of Financial Services ("DCF") and serving the CRN upon the insurer.  Fla. Stat. § 624.155(3)(a); Heritage Corp. of S. Fla. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA., 255 F. App'x 478, 481 (11th Cir. 2007).  The CRN "shall state with specificity" the following:  1) the statutory provision which the insurer allegedly violated, including the specific language of the statute; 2) the facts and circumstances giving rise to the violation; 3) the name of any individual involved in the violation; 4) reference to any specific policy language that is relevant to the violation; and 5) a statement that the notice is given in order to perfect the right to pursue the civil remedy. Fla. Stat. § 624.155(3)(b). The "notice

must be made with sufficient specificity to allow the insurer to understand and, if it chooses, to cure the violation." Longpoint Condo. Ass'n v. Allstate Ins. Co., No. 5:05CV45RHWCS, 2005 WL 1315810, at *2 n.3 (N.D. Fla. June 2, 2005).

The insurer then has sixty days within which to cure the alleged violation. Id. at *1. The purpose of requiring the plaintiff to file a CRN is to allow the insurer an opportunity to settle the underlying claim and avoid unnecessary bad faith litigation. Dellavecchia v. GEICO Gen. Ins. Co., No. 8:09–cv–2175–T–27TGW, 2011 WL 53029, at *3 (M.D. Fla. Jan. 7, 2011). See also 316, Inc. v. Md. Cas. Co., 625 F. Supp. 2d 1187, 1192 (N.D. Fla. 2008) (stating that the sixty-day window is intended "as a last opportunity for insurers to comply with their claim-handling obligations"). The sixty-day time frame is designed as a "cure period" to encourage the insurer to resolve the underlying claim without the need for litigation, thereby curing the alleged violation set out in the CRN. Talat Enters., Inc. v. Aetna Cas. & Sur. Co., 753 So. 2d 1278, 1282 (Fla. 2000).

DCF accepted Plaintiffs' CRN on October 27, 2016. Defendant USAA CIC's opportunity to cure any alleged violation does not expire until December 26, 2016. As such, Plaintiffs' bad faith claim must be dismissed as Plaintiffs filed their bad faith claim before the expiration of the sixty-day cure period and failed to satisfy the condition precedent to bringing a first party claim under Section 624.155. Plaintiffs' claim is therefore not only premature, but fails to state a cause of action. Accordingly, the Court should dismiss Count III of Plaintiffs' Complaint.

6

**IV.   COUNT III OF THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE THERE HAS BEEN NO DETERMINATION OF LIABILITY AND DAMAGES REGARDING PLAINTIFFS' UM CLAIM.**

a.    *Plaintiffs' bad faith claim is premature*

It is well-established under Florida law a claim for bad faith does not accrue until there has been a determination of liability and damages in the underlying contract claim.  See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000); State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 63 (Fla. 1995); Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214, 1222 (Fla. 2016).

As the Florida Supreme Court explained in Blanchard:

> [A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

Blanchard, 575 So. 2d at 1291.  This also includes resolution of any appeals arising from the final judgment.  Lexington Ins. Co. v. Royal Ins. Co. of Am., 886 F. Supp. 837, 841-42 (N.D. Fla. 1995); Michigan Millers Mut. Ins. Co. v. Bourke, 581 So. 2d 1368, 1369-70 (Fla. 2d DCA 1991).

"[U]ntil a final judgment is entered the bad faith claim does not exist. . . . However, once a final judgment has been entered by the . . . judge then both liability and damages will have been established both of which are necessary to prosecute a claim against an insurer for bad faith."  Jenkins v. Allstate Ins. Co., No. 5:08-cv-285-Oc-10GRJ, 2008 WL 4934030 (M.D. Fla.

02004723                                                  7

Nov. 12, 2008). "Until such time as the . . . judge has entered a final judgment the damages will be uncertain and thus the bad faith claim cannot be prosecuted." Id.

In the instant matter, Plaintiffs assert a premature bad faith claim, claim for declaratory judgment and UM claim in the same complaint. Without resolution of the underlying UM claim, there can be no final determination of liability and damages necessary to ripen the alleged bad faith cause of action. Plaintiffs acknowledge the present bad faith claim is not yet ripe and therefore premature. Compl. ¶13.

A trial court departs from the essential requirements of the law when it allows a first-party bad faith cause of action to proceed before a final determination of liability and damages in the underlying UM case. State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635 (Fla. 2d DCA 2008); Progressive Select Ins. Co. v. Shockley, 951 So. 2d 20 (Fla. 4th DCA 2007). USAA CIC is entitled to resolution of the underlying UM claim before any claim for bad faith may proceed against it.

The premature claim for bad faith would also expose USAA CIC to improper discovery of privileged information. Until there has been a final determination of liability and damages, a party is not entitled to bad faith discovery, such as the claim file and claims handling manuals. See Gov't Employees Ins. Co. v. Rodriguez, 960 So. 2d 794, 796 (Fla. 3d DCA 2007); State Farm Mut. Auto. Ins. Co. v. Cook, 744 So. 2d 567, 568 (Fla. 2d DCA 1999) ("[C]laims and litigation files are not subject to discovery until the bad faith claims are ripe."). "[D]iscovery which concerns only potential issues of bad faith or other purported improprieties in defending the claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage." Granada Ins. Co. v. Ricks, 12 So. 3d 276, 277 (Fla. 3d DCA 2009).

b.       *The proper remedy is dismissal, not abatement*

USAA CIC recognizes a premature bad faith claim may be either dismissed without prejudice or abated until the underlying cause of action is resolved. See Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214, 1222 (Fla. 2016); Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc., 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008).   However, in circumstances where the insurer would have the ability to exercise its statutory right to remove a ripe bad faith case to federal court on the basis of diversity jurisdiction, trial courts should dismiss, not abate, prematurely filed bad faith claims.[2]   See Vest, 753 So. 2d at 1276 ("We continue to hold in accord with Blanchard that bringing a cause of action in court for violation of section 624.155(1)(b)1 is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.  This avoids the problem Blanchard dealt with, which was the splitting of causes of action.  However, a claim brought prematurely is not subject to a summary judgment. Such a claim should be dismissed as premature."); Harding v. Safeco Ins. of Illinois, No. 5:15-CV-370-OC-40PRL, 2015 WL 5828136 (M.D. Fla. Oct. 5, 2015) (dismissing a premature bad faith claim); Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13–cv–2355–T–27AEP, 2014 WL 3819436 (M.D. Fla. Mar. 18, 2014) (dismissing a premature bad faith claim); Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10–cv–2568–T–33AEP, 2012 WL 195526

---

[2]       For clarification, while the Florida Supreme Court recently reiterated in Fridman that abatement is **an** appropriate procedural device, Fridman by no means changed longstanding Florida law holding that dismissal is also an appropriate remedy.  Fridman, 185 So. 3d at 1229-1230. The Court's choice of using "***an*** appropriate procedural device" rather than "***the*** appropriate procedural device" underscores the Florida Supreme Court's intention to allow trial courts to continue to dismiss premature bad faith claims. Thus, it is USAA CIC's position Fridman still grants trial courts discretion to decide whether to abate or dismiss a premature bad faith claim. See Hinds v. Am. Sec. Ins. Co., Case No. 16-20780-Civ-COOKE/TORRES, 2016 U.S. Dist. LEXIS 123348, at *15-16 (S.D. Fla. Sept. 9, 2016) (finding in light of Fridman, a court may weigh the interests of judicial economy when deciding whether to abate or dismiss a premature bad faith claim).

It is similarly worth mentioning Fridman did not evaluate the issue presented in the instant case; i.e., whether abatement is an appropriate procedural device when abatement of a premature bad faith claim would preclude an insurer from removing the bad faith claim to federal court.

02004723                                            9

(M.D. Fla. Jan. 23, 2012) ("When premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred."); Cox v. Nat'l Gen. Ins. Online, Inc., No. 8:15-CV-1924-T-33JSS, 2015 WL 5316966 (M.D. Fla. Sept. 11, 2015) (dismissing a premature bad faith claim).

USAA CIC is asking this Court to evaluate the respective prejudice the parties will suffer should the Court decide to abate or dismiss Plaintiff's premature bad faith claims. If the Court elects to dismiss Plaintiffs' premature bad faith claim, Plaintiffs will suffer no prejudice since they can simply refile any ripened bad faith claim against USAA CIC in a separate action once the underlying UM claim is resolved (assuming Plaintiffs prevail in the underlying UM count). Further, dismissal of Plaintiffs' bad faith claim will not require the parties to re-litigate the issue of damages in any subsequent bad faith action. Fridman, 185 So. 3d at 1216 (holding the determination of damages made in the underlying UM verdict is binding as an element of damages in a subsequent bad faith action against the same insurer); see also GEICO Gen. Ins. Co. v. Paton, 150 So. 3d 804, 805 (Fla. 4th DCA 2014). Contrary Plaintiffs' reference to Geico General Insurance Company v. Bottini, 93 So. 3d 476 (Fla. 2d DCA 2010), determination of damages made in the UM case is binding on a subsequent bad faith action.

However, if the Court elects to abate Plaintiff's premature bad faith claim, USAA CIC will suffer irreparable harm. First, USAA CIC will be precluded from removing the bad faith claim to federal court.[3] 28 U.S.C.A. § 1446(c)(1), which deals with removal procedure based upon diversity of citizenship, states, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the

---

[3]As noted above, if the Court dismisses the premature bad faith claims, Plaintiffs will have the opportunity to file new bad faith claims in a separate action after resolution of the UM claims in the instant case. Because Plaintiffs are citizens of Florida, and USAA CIC is a Texas corporation, a federal court will have diversity jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Under Florida law, an action commences when the complaint is filed. Fla. R. Civ. P. 1.050. Thus, Florida's federal courts have not permitted removal of statutory bad faith claims which are raised contemporaneously with the underlying UM claims and abated by the state trial court. See Bolen v. Illinois Nat. Ins. Co., No. 6:10-CV-1280-ORL-37, 2012 WL 4856811 (M.D. Fla. Aug. 28, 2012) (remanding Plaintiff's bad faith claims after resolution of UM claims on the basis that the notice of removal was filed more than one year after the action was commenced in state court); Ludwig v. Liberty Mut. Fire Ins. Co., No. 2:13-CV-212-FTM-99, 2013 WL 2406320 at *6 (M.D. Fla. June 3, 2013) (same).

Plaintiffs filed their Complaint on November 9, 2016. It is extremely unlikely final resolution of Plaintiffs' UM claim, will occur prior to the removal deadline in November 2017. In addition to trial, the final determination necessary to ripen a statutory bad faith claim includes resolution of all appeals. Bolen, 2012 WL 4856811 at *5; Bourke, 581 So. 2d at 1369-70.

Moreover, USAA CIC cannot remove the un-accrued bad faith claim at this point. Federal courts have held it is improper to remove an un-accrued bad faith claim. See, e.g., Jenkins v. Allstate, Ins. Co., 2008 WL 4934030 at *2 (M.D. Fla. November 12, 2008) ("[U]ntil a final judgment is entered [in the UM claim], the bad faith claim does not exist, and therefore, there is nothing to remove even though a bad faith claim may be considered a separate and independent claim that is subject to removal separate from the underlying UM claim."); Wallace v. Geico Gen. Ins. Co., No. 8:14-CV-1755-T-30AEP, 2014 WL 4540328, at *1 (M.D. Fla. Sept. 11, 2014) (noting because the state court had not entered a final judgment in the underlying

uninsured motorist case, removal of the bad faith claim based upon diversity jurisdiction was premature).

Further, abatement of Plaintiffs' bad faith claim will unreasonably delay the ultimate resolution of the entire case, clutter the Court's docket, and force the Court to administratively track and manage a dormant claim. See Essex Ins. Co. v. Kart Constr., Inc., Case No.: 8-14-CV-356-T-23TGW, 2015 U.S. Dist. LEXIS 17493 (M.D. Fla. Jan. 23, 2015), *adopted by* 2015 U.S. Dist. LEXIS 17296 (M.D. Fla. Feb. 12, 2015) ("I see no apparent advantage to maintaining a claim that presently lacks a factual basis. In my view, it unnecessarily clutters the docket with a dormant claim (at best) that the court will need to keep track of administratively. . . Therefore, I recommend that count III of [Insured's] counterclaim asserting bad faith against [Insurer] be dismissed."); Smith v. First Liberty Ins. Corp., Case No. 6:14-cv-1871-Orl-22DAB (M.D. Fla. Mar. 18, 2015) (dismissing premature bad faith claim) ("Notwithstanding the above discussion, the Court cannot abate Plaintiff' bad faith claim consistent with the orderly and efficient management of this case. . . . Accordingly, in exercising its discretion, Court will dismiss, rather than abate, Plaintiff' bad faith claim in Count II of the Complaint.").

As noted above, USAA CIC does not dispute the Court has discretion to either dismiss or abate the premature bad faith claim. However, based upon the authorities and arguments outlined above, USAA CIC submits dismissal is more appropriate from a procedural standpoint, as well as the cleaner and easier of the two options at the Court's disposal.

    c.     *Notwithstanding the removal issue, dismissal is still the more appropriate choice from procedural standpoint*

When removal of a bad faith claim is not an option due to a lack of diversity jurisdiction, dismissal of a premature bad faith claim is still the more appropriate course of action in handling an unripe claim. See Vest, 753 So. 2d at 1276 (holding a premature bad faith claim should be

dismissed ); Harding v. Safeco Ins. of Illinois, No. 5:15-CV-370-OC-40PRL, 2015 WL 5828136 (M.D. Fla. Oct. 5, 2015) (dismissing a premature bad faith claim); Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13–cv–2355–T–27AEP, 2014 WL 3819436 (M.D. Fla. Mar. 18, 2014) (dismissing a premature bad faith claim); Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10–cv–2568–T–33AEP, 2012 WL 195526 (M.D. Fla. Jan. 23, 2012) ("When premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred."); Cox v. Nat'l Gen. Ins. Online, Inc., No. 8:15-CV-1924-T-33JSS, 2015 WL 5316966 (M.D. Fla. Sept. 11, 2015) (dismissing a premature bad faith claim).

As the Second District Court of Appeal explained in Shuck v. Bank of Am., N.A., 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003):

> The appropriate disposition of prematurely filed actions varies depending upon the circumstances that give rise to the premature element of the claim…. In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action. Instead, the favored disposition is abatement of the action until the cause matures[.]
>
> However, in other premature actions, the mere passage of time is not sufficient to cure the premature element of the action. An action may be premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur. In such cases, where the mere passage of time will not cure the premature element of the claim, abatement is not an appropriate disposition, and a dismissal is required.

(citations omitted); see also Wells Fargo Ins. Servs. USA, Inc. v. Blackshear, 136 So. 3d 1235, 1239 (Fla. 2d DCA 2014) ("We note that because the premature element of count five will not be cured by the passage of time . . . the appropriate remedy is dismissal of count five without prejudice, rather than an abatement of the count."); Blakely v. Safeco Ins. Co. of Illinois, No.

6:13-cv-796-Orl-37TBS, 2013 WL 3270405 (M.D. Fla. June 26, 2013) (applying <u>Shuck</u> to dismiss premature bad faith action).   Here, Plaintiffs' bad faith claim will not accrue merely through the passage of time.   The existence of causes of action for bad faith is dependent upon the contingency of a final determination of liability and damages in favor of Plaintiffs – an outcome that is not guaranteed.   Consequently, dismissal without prejudice is the better remedy.

Moreover, if this situation is viewed through simple pleading fundamentals, Plaintiffs' bad faith claim violates Florida Rule of Civil Procedure 1.110.   Rule 1.110(b) states in relevant part:

> **(b) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim *must state a cause of action and shall contain* (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) *a short and plain statement of the ultimate facts showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled.

(emphasis added).   As currently pled, Plaintiffs' bad faith claim does not state a cause of action, and does not contain the ultimate facts showing Plaintiffs are entitled to relief.   Moreover, Plaintiffs cannot cure this deficiency until the underlying UM claim is resolved.   In any other context, a complaint that fails to allege all of the necessary elements to state a cause of action would be dismissed.   The fact abatement is even an option at all in handling unripe bad faith claims is a peculiarity of Florida law.

Finally, as noted above, based upon the Florida Supreme Court's recent decision in <u>Fridman</u>, abatement is no longer necessary as a means of promoting judicial economy, as the jury's determination of damages in UM trial will be binding on USAA CIC in a subsequent bad faith trial.   Therefore, if the Court decides to dismiss the bad faith claims, and Plaintiffs ultimately prevail in obtaining a verdict in excess of the UM coverage in the instant case,

Plaintiffs will not be tasked with re-litigating the issue of damages in the subsequent bad faith trial.

**V.     PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF IN COUNT IV DOES NOT ESTABLISH JURISDICTION UNDER CHAPTER 86, FLORIDA STATUTES, BECAUSE COUNT IV FAILS TO SUFFICIENTLY ALLEGE A PRESENT, PRACTICAL NEED FOR A DECLARATORY JUDGMENT**

a.     *Declaratory Relief is improper because no actual controversy exists regarding Plaintiffs bad faith claim prior to the determination of the damages suffered in the underlying claim for UM benefits*

Plaintiffs claim that they are in doubt about the apportionment of liability and the total amount of damages suffered as a result of the subject accident.   Plaintiffs' allegations do not create an actual controversy sufficient to invoke jurisdiction under Florida's Declaratory Judgment Act.

"Declaratory judgment is appropriate only when there is an actual controversy before the court; a court otherwise lacks jurisdiction." Yell v. Healthmark of Walton, Inc., 772 So. 2d 568, 570 (Fla. 1st DCA 2000).   "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, [and] rest in the future."   Santa Rosa Cty. v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1193 (Fla. 1995) (internal citations omitted).   "To trigger jurisdiction under the declaratory judgment act, the moving party must show that he is in doubt as to the existence or nonexistence of some right or status, and that he is entitled to have such doubt removed." Kelner v. Woody, 399 So. 2d 35, 37 (Fla. 3d DCA 1981).

At present moment, Plaintiffs' alleged bad faith claim is premature since it has yet to accrue.   Courts have routinely dismissed declaratory judgment claims involving the exact situation presented in the instant case.  For example, in Bele v. 21st Century Centennial Ins. Co.,

25 Fla. L. Weekly Fed. D 221, 2015 WL 5155214 (M.D. Fla. Sept. 1, 2015), the plaintiffs' complaint alleged three claims for relief -- a claim for UM benefits, a bad faith claim, and a declaratory judgment claim to determine liability and damages for the bad faith litigation.  The court, noting that because the determination of liability and the total amount of damages suffered in the underlying contract claim had not been determined, there existed is no actual and definite controversy as to the bad faith claim.  Id.  Accordingly, the court found that the claim for declaratory relief was improper, and dismissed it with prejudice.  Id.   Other federal district courts have reached the same conclusion.  See, e.g., Lawton–Davis v. State Farm Mut. Auto. Ins. Co., No. 6:14–cv–1157–orl–37GJK, 2014 WL 6674458 at *3 (M.D. Fla. Nov. 24, 2014) ("Plaintiff's bad-faith claim is premature and thus the parties are not presently in controversy over it and, in any event, a declaration as to liability and damages would not dispose of all issues necessary to completely resolve the bad-faith claim."); Smith v. 21st Century Centennial Ins. Co., No. 8:14–v–2531–T–26TBM, 2014 WL 5474591 at *1 (M.D. Fla. Oct. 29, 2014) ("Count III for declaratory relief must be dismissed because there is no actual controversy prior to the determination of the damages suffered in the underlying contract claim...."); Harding v. Safeco Ins. of Illinois, No. 5:15-CV-370-OC-40PRL, 2015 WL 5828136 at *3 (M.D. Fla. Oct. 5, 2015) (noting that when plaintiffs seek declaratory judgment to avoid re-litigating the issue of liability and damages in their bad-faith claim, courts generally dismiss the declaratory judgment claims because no actual controversy exists prior to the determination of the damages suffered in the claim for UM benefits).

The instant case is no different than the cases cited above, as the determination of liability and the total amount of damages suffered in the underlying UM claim has not been determined.  Thus, as it currently stands, there is no actual and definite controversy as required for a

declaratory judgment. "The Declaratory Judgment Act does not permit a present attempt to quantify an amount of damages for a future bad faith claim because such a declaration does not resolve the entire controversy of whether bad faith occurred." Smith v. 21st Century Centennial Ins. Co., No. 8:14-V-2531-T-26TBM, 2014 WL 5474591 *1 (M.D. Fla. Oct. 29, 2014).[4] Thus, Plaintiff's declaratory judgment claim should be dismissed with prejudice.

b. *The Complaint does not list a single contractual provision as to which Plaintiffs are in doubt as to their rights or obligations*

"Section 86.021, Florida Statutes, provides for a declaration of rights or status where a party to an agreement is in doubt as to rights thereunder." City of Hollywood v. Florida Power & Light Co., 624 So. 2d 285, 286 (Fla. 4th DCA 1993). Therefore, in order to state a cause of action for declaratory relief under Chapter 86, Florida Statutes, it is necessary that the party moving for declaratory judgment identify some provision of the insurance contract as to which it is in doubt and therefore requires clarification. See Dye v. United Servs. Auto. Ass'n, 89 F.Supp.3d 1332, 1336 (S.D. Fla. 2015) (applying Florida law); Tobon v. Am. Sec. Ins. Co., No. 06–61912–CIV, 2007 WL 1796250 (S.D. Fla. Jun. 20, 2007) (applying Florida law); Miami Yacht Charters, LLC v. National Union Fire Ins. Co. of Pittsburgh Pa., No. 11–21163–CIV, 2012 WL 1416428 (S.D. Fla. Apr. 24, 2012) (applying Florida law).

Count IV asks the Court to make factual determinations regarding liability for the auto accident and damages. Counts IV fails to identify any provision of the alleged policy as to which Plaintiffs are in doubt regarding their rights, and therefore in need of clarification from the Court. Because the Complaint lacks this essential pleading requirement, Count IV of the Complaint fails to state a cause of action for declaratory relief under Chapter 86.

---

[4] While Smith applies the Federal Declaratory Judgment Act, the analysis is exactly the same under Florida's Declaratory Judgment Act, as both acts have the same jurisdictional requirements.

c.     *Count IV of the Complaint should be dismissed since it is duplicative of, and subsumed by the UM claim in Count I.*

"Although declaratory relief is not precluded by the existence of another adequate remedy...the court may decline to grant a declaratory decree where more appropriate redress is available." McIntosh v. Harbour Club Villas Condo. Ass'n, 468 So. 2d 1075, 1080 (Fla. 3d DCA 1985). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." Id. at 1081. Plaintiffs' claim for declaratory relief should be dismissed because as it is redundant of the UM claim. Specifically, liability and damages necessary for accrual of Plaintiffs bad faith claim will be established through litigation of the UM claim. Consequently, dismissal of Count IV is warranted, as this claim is completely subsumed by Count I. When this occurs, the declaratory judgment action is superfluous, and should be dismissed. See, e.g., Gentry v. Harborage Cottages-Stuart, LLLP, No. 08-14020-CIV, 2008 WL 1803637 at *4 (S.D. Fla. Apr. 21, 2008) (dismissing the plaintiffs' declaratory judgment claim upon a finding that it was superfluous because the plaintiffs' other claims would resolve all the disputed issues before the court); MSPA Claims 1, LLC v. Liberty Mut. Ins., No. 1:15-CV-21417-UU, 2015 WL 4511284 at *2 (S.D. Fla. July 22, 2015) (dismissing a declaratory judgment claim where the determination of another claim in the lawsuit would necessarily resolve the issues raised in the declaratory judgment claim); Eisenberg v. Standard Ins. Co., No. 09–80199–CIV3, 2009 WL 3667086 (S.D. Fla. Oct. 26, 2009) (dismissing count for declaratory relief because the contractual interpretation inherent to plaintiff's breach of contract claim would resolve the request for declaratory judgment and also bind the parties as a matter of collateral estoppel); Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co., No. 10–20448–CIV, 2010 WL 2510662 (S.D.

Fla. June 21, 2010) (dismissing claim for declaratory judgment because it involved the "same factual dispute" as, and was entirely subsumed by, a breach of contract claim).

Plaintiff also asserts that a declaratory judgment is necessary to provide the parties with an opportunity to appeal the total amount of damages.  Compl. at ¶¶ 34-35.  In the concurring opinion in Geico General Insurance Company v. Bottini, Judge Altenbernd opined that the appellate courts are without power to review errors in a verdict when those errors would not affect the judgment.  93 So. 3d 476, 477 (Fla. 2d DCA 2012) (Altenbernd, J., concurring).  He reasoned that, in a claim for UM benefits, the recoverable damages awarded by the final judgment are capped by the policy limits.  Id.  If an error impacted the verdict, but its correction would not reduce the judgment below the policy limits, then the doctrine of harmless error would preclude appellate review of the error.  Id.

Accordingly, in many bad faith cases, there will not be a due process concern, as indicated by the Bottini concurrence, and, in fact, the underlying verdict serves as the amount of damages in the later bad faith claim.  See, e.g., Batchelor, 2014 WL 3906312, at *3 (concluding that appellate court reviewed potential errors affecting jury's damages award and fixing verdict as amount of damages in bad faith claim); Paton, 150 So. 3d 804 (utilizing the amount of the verdict as the measure of damages for a bad faith claim because insurer could have challenged full amount of verdict by filing a motion for new trial and appealing therefrom, but failed to do so).  That is exactly what occurred in the subsequent bad faith case that followed Bottini.  See Bottini v. GEICO Gen. Ins. Co., No. 8:13-cv-365-T-17AEP, 2014 WL 4749054, at *12 (M.D. Fla. Sept. 23, 2014) (granting insured's motion for summary judgment on grounds that underlying verdict would serve as amount of damages in bad faith case and concluding that insurer's due process rights were not violated).

02004723

19

A declaratory judgment is intended to "provide *complete* relief to parties with an *actual case or controversy* . . . ." Lawton-Davis v. State Farm Mut. Auto Ins. Co., No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *3 (M.D. Fla. Nov. 24, 2014) (emphasis added).  Thus, a declaratory judgment as to liability and damages for use in a potential future bad faith claim is inappropriate because such a declaration "would not dispose of all issues necessary to completely resolve the bad faith claim." Id.; see also Gianassi, 2014 WL 4999443, at *4 (dismissing declaratory judgment claim because there is no case or controversy regarding bad faith until plaintiff prevails on the contract claim and because the court should not issue a declaration as to an element of subsequent bad faith claim); Smith v. 21st Century Centennial Ins. Co., No. 8:14-v-2531-T-26TBM, 2014 WL 5474591, at *1 (M.D. Fla. Oct. 29, 2014) (same); Dela Cruz v. Progressive Select Ins. Co., No. 8:14-cv-2717-T-30TGW, 2014 WL 6705414, at *1 (M.D. Fla. Nov. 26, 2014) (same); Shapiro v. Gov't Employees Ins. Co., No. 14-CIV-62792, 2015 WL 127897, at *3 (S.D. Fla. Jan. 8, 2015) (same); Mann v. Taylor, No. 5:15-cv-7-RS-GRJ, 2015 WL 500803, at *1 (N.D. Fla. Feb. 5, 2015) (same).

Based upon the foregoing, this Court should dismiss Count IV of the Complaint because it fails to sufficiently allege a present, practical need for the declaration.

## VI.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR IMPROPERLY INCORPORATING PRECEDING PARAGRAPHS

Claims should be presented in separate counts of a complaint when such a separation facilitates a clear presentation.  Fla. R. Civ. P. 1.110(f).  It is improper to plead multiple counts that incorporate by reference "not only the paragraphs contained in the complaint's preliminary allegations but also all of the paragraphs contained in each of the preceding counts." Frugoli v. Winn-Dixie Stores, Inc., 464 So. 2d 1292, 1293 (Fla. 1st DCA 1985) (citing Chaires v. North Florida National Bank, 432 So. 2d 183, 185 (Fla. 1st DCA 1983)); Gerentine v. Coastal Security

Def MSJ033

<u>Systems</u>, 529 So. 2d 1191, 1194 (Fla. 5th DCA 1988); <u>see also</u> <u>RHS Corp. v. City of Boynton Beach</u>, 736 So. 2d 1211, 1212-13 (Fla. 4th DCA 1999).

The Complaint contains 35 numbered paragraphs and four numbered "counts." Each count incorporates by reference all of the paragraphs contained in the counts that precede them. By the end of the Complaint, Count IV incorporates all preceding paragraphs.

By incorporating all of the preceding counts into the four counts against USAA CIC, the Complaint "compounds the problems of the trial court and opposing counsel in sorting out the various causes of action asserted in multi-count complaints." <u>Chaires</u>, 432 So. 2d at 185. The incorporation of the allegations of each preceding count "make[s] it difficult . . . to respond" to the Counts as presented in the Complaint, notwithstanding USAA CIC's Motion to Dismiss. <u>Gerentine</u>, 529 So. 2d at 1194; <u>see also</u> <u>Chaires</u>, 432 So. 2d at 185.

In addition to the reasons set forth above, violation of Fla. R. Civ. P. 1.110(f) sets forth another ground for dismissal of Plaintiffs' Complaint.

## VII. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE PLAINTIFFS' PRAYER FOR ATTORNEYS' FEES IN COUNTS III & IV BECAUSE PLAINTIFFS HAVE NOT ALLEGED ENTITLEMENT TO SUCH FEES UNDER ANY STATUTORY OR CONTRACTUAL BASIS

Plaintiffs seek attorneys' fees in Counts III and IV of the Complaint. However, Plaintiffs have not stated a valid basis for these attorneys' fees; as such, the prayers for attorneys' fees should be stricken.

Florida law is clear attorneys' fees are not recoverable unless they are specifically authorized by statute or contract. <u>Hampton's Estate v. Fairchild-Florida Constr. Co.</u>, 341 So. 2d 759, 761 (Fla. 1976); <u>Dade County v. Pena</u>, 664 So. 2d 959, 960 (Fla. 1995); <u>Frymer by Frymer v. Brettschneider</u>, 710 So. 2d 10, 11 (Fla. 4th DCA 1998); <u>Cadenhead v. Gaetz</u>, 677 So. 2d 96 (Fla. 1st DCA 1996).

Plaintiffs also allege entitlement to attorneys' fees pursuant to Fla. Stat. §§ 627.155, 627.727(10).  As discussed above, Counts III and IV fail to state a cause of action. To the extent Plaintiff seeks attorneys' fees in connection with Counts III and IV of Fla. Stat. § 624.155 such claims must also be dismissed or stricken.

## VIII.   PLAINTIFFS' CLAIMS FOR PREJUDGMENT INTEREST IN COUNTS III & IV SHOULD BE STRICKEN AS IMPERTINENT AND IMMATERIAL

Plaintiffs attempt to allege entitlement Counts III and IV.  In Count III, Plaintiffs allege they are entitled to "any interest on unpaid benefits."  Compl. ¶23.  To the extent Plaintiffs are alleging entitlement to prejudgment interest in Count III, this claim should be stricken.  Further, in the "Wherefore" clause of Count IV, Plaintiffs allege entitlement to prejudgment interest.  As explained *supra*, Plaintiffs have failed to state a cause of action in Counts III and IV.  Thus, this Court should strike Plaintiffs' request for prejudgment interest from the Complaint because this language is immaterial and impertinent.  Fla. R. Civ. P. 1.140(f).

## IX.   CONCLUSION

In sum, Plaintiffs' Complaint should be dismissed in its' entirety for failing to comply with standard pleading rules as set forth in Fla. R. Civ. P. 1.130(a)1.140(f) and 1.110(b) as well as including an admitted unripe bad faith count and a count for declaratory judgment where no case or controversy actual exits.  As noted above, USAA CIC does not dispute the Court has discretion to either dismiss or abate the premature bad faith claim. Notwithstanding, based upon the authorities and arguments outlined above, USAA CIC submits dismissal is more appropriate from a procedural standpoint.  Additionally, to the extent Plaintiff seeks attorneys' fees and/or prejudgment interest, the Court should strike these requests.

WHEREFORE USAA CIC respectfully requests this Honorable Court dismiss Plaintiffs' Complaint its entirety and/or strike Plaintiffs prayer for attorneys' fees and prejudgment interest.

02004723

22

Defendant further requests any other relief deemed appropriate by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to David F. Baron, Esq. (David@bhfloridalaw.com and Secretary@bhfloridalaw.com) 9100 South Dadeland Blvd, Ste 1704, Miami, Florida, Craig Kartiganer (craig.kartiganer@usaa.com) 1000 S. Pine Island Rd, Suite 420, Plantation, Florida 33324 by Electronic Mail this 20th day of December, 2016.

BOYD & JENERETTE, P.A.

KRISTEN M VAN DER LINDE
Florida Bar No. 0964573
PAMELA J. NELSON
Florida Bar No. 949700
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
Attorneys for USAA CIC
Primary Address for E-service:
efiling@boydjen.com

02004723

23

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2016-028955-CA-01

LISSETTE MIRABAL and JOSE MIRABAL,
Her husband,

      Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, by and through the undersigned attorneys, hereby files his Complaint as follows:

## COUNT I

    1.    This is an action for uninsured/underinsured motorist benefits pursuant to an automobile insurance policy in excess of the Fifteen Thousand Dollars ($15,000.00) jurisdictional limits of this Court, exclusive of interest and costs.

    2.    The Defendant, USAA CASUALTY INSURANCE COMPANY, was and is an insurance company authorized to do business in Miami-Dade County, Florida.

    3.    The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, were insured under a policy of insurance with the Defendant, USAA CASUALTY INSURANCE

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ037

*Mirabal v. USAA Case No: 16-028955*
*Amended Complaint*

COMPANY, policy number 003439868-7101-19. Said policy provided for uninsured motorist coverage.

4.     The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL are not in possession of said policy. The policy is in the sole custody, possession, and control of the Defendant, USAA CASUALTY INSURANCE COMPANY.

5.     This policy was in full force and effect on the date of the accident, June 4, 2015.  Said policy provided for uninsured/underinsured motorist coverage for the Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL.

6.     On or about June 4, 2015, the Plaintiff, LISSETTE MIRABAL, was stopped at a red light on S.W. Datran Drive, near Dadeland Boulevard, Miami-Dade County, Florida, when she was struck from the rear by an underinsured/uninsured motorist, Jamai Hensel.

7.     As a result of this accident, the Plaintiff, LISSETTE MIRABAL, is legally entitled to uninsured motorist benefits.

8.     Plaintiff, LISSETTE MIRABAL, has performed all conditions precedent prior to bringing this action.

9.     As a result of the negligence of the underinsured motorist, Plaintiff, LISSETTE MIRABAL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**
Def MSJ038

*Mirabal v. USAA Case No: 16-028955*
*Amended Complaint*

permanent or continuing and Plaintiff, LISSETTE MIRABAL, will suffer the losses in the future.

WHEREFORE, Plaintiff, LISSETTE MIRABAL, demands judgement against Defendant USAA CASUALTY INSURANCE COMPANY, for the total amount of Plaintiff's damages, plus the costs of the action and demands a trial by jury for all issues so triable by right.

## COUNT II

## LOSS OF CONSORTIUM

10.     Plaintiff, JOSE MIRABAL, reaffirms and re-avers paragraphs 1-9 as if same were fully set forth herein.

11.     At all times material hereto, JOSE MIRABAL was and is married to LISSETTE MIRABAL.

12.     As a result of LISSETTE MIRABAL's personal injuries as afore alleged, JOSE MIRABAL has lost the care, comfort, and society of his wife, LISSETTE MIRABAL. These injuries are either permanent, temporary, or are continuing in nature.

WHEREFORE, JOSE MIRABAL demands judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY, jointly and severally, plus court costs, and demands a trial by jury for all issues so triable by right, along with all other just and equitable relief that the Court deems necessary and proper under the circumstances.

## COUNT III

## VIOLATIONS OF FLORIDA STATUTES §624.155

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ039

13.     Plaintiffs herein readopt and re-allege each and every allegation contained in paragraphs 1 through 12 as if same were fully set forth herein.

14.     That this claim will ripen upon the determination by the Court or by confession of judgment by Defendant, USAA CASUALTY INSURANCE COMPANY, that Plaintiffs are entitled to damages in excess of the limit of uninsured motor vehicle benefits under the policy of insurance (policy number 003439868-7101-19).

15.     That Plaintiffs timely reported the claim to Defendant, USAA CASUALTY INSURANCE COMPANY, and otherwise complied with all of their obligations under the policy of insurance.

16.     That Defendant, USAA CASUALTY INSURANCE COMPANY, failed to attempt in good faith to settle Plaintiffs' claim for UM benefits when it could and should have done so had it acted fairly and honestly towards its insured and with due regard for his interests.

17.     That on October 27, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance alleging violations of sections 624.155(1)(b)(3), Florida Statutes. Copy of the aforesaid CRN attached hereto as *Exhibit "A".*

18.     That Defendant USAA CASUALTY INSURANCE COMPANY has 60 days from the filing of the CRN to cure its violation and Defendant's failure to do so will cause this claim to mature.

19.     That as a result of the injuries caused by the negligence of the negligent underinsured driver and the relationship between the parties under the policy

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ040

*Mirabal v. USAA Case No: 16-028955*
*Amended Complaint*

of insurance, Defendant USAA CASUALTY INSURANCE COMPANY owed a duty to Plaintiff to attempt in good faith to settle Plaintiffs' underinsured motor vehicle claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiffs' interests. Defendant USAA CASULATY INSURANCE COMPANY further owed to Plaintiffs a duty to refrain from engaging in unfair claim settlement practices.

20.     That Defendant USAA CASUALTY INSURANCE COMPANY breached its duties to Plaintiffs, in violation of section 624.155, Florida Statutes, by:

a.      failing to attempt, in good faith, to settle Plaintiffs' underinsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for the Plaintiffs' interests, who was an insured, in violation of section 624.155(1)(b)(1), Florida Statutes;

b.      failing to properly train adjusters and claims personnel;

c.      placing its own financial interests before that of Plaintiffs;

d.      engaging in unfair claims settlement practices in violation of section 626.9541(1)9i)3.a ,c, d, f, and g, Florida Statutes. Specifically, Defendant USAA CASUALTY INSURANCE COMPANY:

i.      failed to adopt and implement standards for the proper investigation of claims, including coverage;

ii.     failed to acknowledge and act promptly upon communications with respect to Plaintiffs' underinsured motorist

5

claim, including its failure to properly respond to Plaintiffs' multiple written requests for coverage information and demands for payment of all underinsured motorist benefits under the Policy;

        iii.    failed to conduct a reasonable investigation based on the available information, even disregarding Plaintiffs' repeated efforts to assist Defendant, USAA CASUALTY INSURANCE COMPANY, in its investigation;

        iv.    failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its lack of any reasonable offer of settlement;

    21.    That the acts complained of herein constituted Defendant's, USAA CASULATY INSURANCE COMPANY's general business practices, in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by Defendant USAA CASUALTY INSURANCE COMPANY, to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

    22.    That as a direct and proximate result of Defendant's, USAA CASUALTY INSURANCE COMPANY's, actions and/or inactions as set forth above, Plaintiffs have been damaged.

    23.    That Plaintiffs had to retain the services of the undersigned attorneys and contract with them for the payment of their attorney's fees to bring the action and

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ042

obtain the payment of the excess damages caused by Defendant USAA CASUALTY INSURANCE COMPANY.

24.     That pursuant to sections 624.155 and 627.727(10) Florida Statutes, Plaintiffs are entitled to recover the total amount of damages suffered, including the amount in excess of the policy limits, including any interest on unpaid benefits, attorney's fees and costs, and any damages caused by a violation of the laws of the State of Florida.

25.     That all conditions precedent to Plaintiffs' rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, demand judgement against Defendant USAA CASUALTY INSURANCE COMPANY, for the total amount of Plaintiffs' damages recoverable pursuant to sections 624.155 and 627.727(10) Florida Statutes, plus the costs of the action and attorney's fees and demands a trial by jury for all issues so triable by right.

## COUNT IV

## ACTION FOR DECLARATORY JUDGEMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES

26.     Plaintiffs herein readopts and re-alleges each and every allegation contained in paragraphs 1 through 25 as if the same were fully set forth herein.

27.     That this is an action for declaratory relief pursuant to Chapter 86 of the Florida Statutes.

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ043

*Mirabal v. USAA Case No: 16-028955*
*Amended Complaint*

28.     That Plaintiffs are in doubt about the apportionment of liability, if any, and the total amount of their damages as a result of the motor vehicle collision of June 4, 2015.

29.     That there exists a bona fide, actual, present practical need for a determination of liability for the subject motor vehicle collision and the total amount of damages suffered by Plaintiffs as the result of the collision.

30.     That Plaintiffs' statutory right to prosecute their claim for bad faith pursuant to section 624.155, Florida Statutes, a claim that is properly before this Court, is dependent upon the determination of liability and total damages as a result for the subject motor vehicle collision.

31.     That all persons with antagonistic and adverse interests in the subject matter of this action for declaratory judgement are present before the Court by proper process.

32.     That the declaration sought by Plaintiffs does not amount to mere legal advice or the answer to questions propounded from curiosity.

33.     That Defendant, USAA CASUALTY INSURANCE COMPANY, disputes liability and the total amount of damages alleged in this Complaint.

34.     That a substantial amount of discovery will be done on the issues of liability and damages in this case and those efforts will be wasted unless a final, appealable judgement is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the motor vehicle collision of June 4, 2015.

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ044

35.     That under *Geico General Insurance Co. v. Bottini,* 93 So.3d 476 (Fla 2d DCA 2012) and *King v. Government Employees Insurance Co.,* No. 8:10-cv-977-T-30AEO, 2012 WL4052271 (M.D. Fla. Sept. 13, 2012), the amount of any verdict for UM benefits rendered in excess of the UM policy limits is not appealable and may not be binding in a subsequent bad faith action.

36.     That a declaratory judgment will provide Defendant, USAA CASUALTY INSURANCE COMPANY, with a final judgement on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limit.

**WHEREFORE,** Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, request that this Honorable Court accept jurisdiction and enter a declaratory judgement finding and determining liability and the total amount of damages suffered by Plaintiffs, including pre-judgement and post-judgement interest, attorney's fees pursuant to sections 624.155 and 627.727(10), Florida Statutes, costs, and any other relief this Court deems equitable, just, and proper.

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ045

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been

served on all counsel of record via the Florida Court's E-filing system in accordance

with Florida Rule of Judicial Administration 2.516 on this 4th day of January, 2017.

Respectfully Submitted,

**BARON & HERSKOWITZ**
*Attorney's for the Plaintiff*

<u>/S/ Matthew H. Baron</u>
Matthew H Baron Esq.
[FL Bar No. 0118080]
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida  33156
(305) 670-0101
Email: <u>Matthew@bhfloridalaw.com</u>

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ046

IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:    16-0289555-CA-01
DIVISION:

LISSETTE MIRABAL and JOSE MIRABAL,

     Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

     Defendant.

---

**USAA CASUALTY INSURANCE COMPANY'S
MOTION TO DISMISS AND MOTION TO STRIKE
PLAINTIFFS' AMENDED COMPLAINT
(With Incorporated Memorandum of Law)**

     Defendant USAA CASUALTY INSURANCE COMPANY ("USAA CIC") pursuant to Florida Rule of Civil Procedure 1.140 and applicable Florida law, moves this Court to Dismiss and strike portions of Plaintiffs' Amended Complaint.  Defendant USAA CIC states as follows:

     1.    Plaintiffs filed their Complaint against Defendant USAA CIC on November 9, 2016, alleging on or about June 4, 2015, Plaintiff Lissette Mirabal suffered permanent injuries due to the negligence of an uninsured/underinsured motorist.

     2.    On December 20, 2016, Defendant USAA CIC moved to dismiss Plaintiffs' Complaint, arguing the Complaint violated Rules 1.130(a) and 1.140(f), Fla. R. Civ. P., failed to state a cause of action, and violated the statutory notice requirements of section 624.155, Fla. Stat., in addition to asserting baseless demands for prejudgment interest and attorneys' fees.

     3.    Before the Court ruled, Plaintiffs filed their Amended "Complaint and Demand for Jury Trial" on January 4, 2017.  While Plaintiffs indicated to counsel for USAA CIC their

02028034

"amended" Complaint corrected the pleading deficiencies contained in their original Complaint, the Amended Complaint is nothing more than an exact replica of their first Complaint with the addition of one paragraph stating Plaintiffs are not in possession of their policy with USAA CIC. (Am. Compl. ¶ 4).

4.   The Amended Complaint contains four counts:

| | |
|---|---|
| **Count I:** | **Untitled but attempts to assert a claim for UM benefits** |
| **Count II:** | **Loss of Consortium** |
| **Count III:** | **Statutory Bad Faith** |
| **Count IV:** | **Declaratory Judgment** |

5.   Counts I, II, III and IV should be dismissed for failure to attach a copy of the subject Policy in violation of Florida Rule of Civil Procedure 1.130(a).

6.   Count III attempts to allege a statutory bad faith claim pursuant to Fla. Stat. §624.155 and should be dismissed as premature and for failure to state a cause of action because Plaintiffs do not allege there has been a final determination of liability and damages pursuant to the Policy.

7.   Plaintiffs' alleged bad faith cause of action has not accrued and does not currently exist because there has not been a final determination as to liability and the extent of Plaintiffs' damages.  Plaintiffs' Amended Complaint acknowledges this claim is not ripe.  (Am. Compl. ¶14).

8.   Florida law is clear a first-party bad faith action does not accrue until there has been a final determination of liability and insured's damages in the UM action.

9.   Florida law is clear pre-suit notice is a condition precedent to bringing an action pursuant to Fla. Stat. § 624.155.   Specifically, a plaintiff must first give written notice of the alleged violation by filing a Civil Remedy Notice ("CRN") with Florida's Department of Financial Services ("DFS") and serving the CRN upon the insurer.   The insurer then has sixty

02028034                                  2

days within which to cure the alleged violation. Only at the end of the sixty day period ("cure period") may a plaintiff assert a claim for statutory bad faith, once said claim becomes ripe.

10.     DCF accepted Plaintiffs' CRN on October 27, 2016. As such, the sixty days in which Defendant USAA CIC could cure any alleged violation of Fla. Stat. §624.155 did not expire until December 26, 2016. Plaintiffs filed their original Complaint during the "cure" period – with 48 days left for USAA CIC to cure – in violation of Fla. Stat. § 624.155. As their Amended Complaint relates back to the date of the original filing, see Fla. R. Civ. P. 1.190(c), Count III of the Amended Complaint should also be dismissed for violation of the statutory notice requirements of Fla. Stat. § 624.155.

11.     Count IV attempts to allege a claim for Declaratory Judgment pursuant to Chapter 86, Fla. Statutes and should be dismissed. Plaintiffs fail to state a claim upon which relief can be granted because no actual case or controversy exists that would support entry of a declaratory judgment.

12.     The Amended Complaint does not list a single contractual provision as to which Plaintiffs are in doubt regarding their rights or obligations under the contract. Further Count IV is subsumed by Plaintiff Lissette's claim in Count I thereby making any declaratory judgment unnecessary. This Count should be dismissed with prejudice.

13.     In the "Wherefore" clause of Count II, Plaintiffs demand judgment against Defendant USAA CIC "jointly and severally." (Am. Compl. at 3). The Court should strike this language as joint and several liability has long been abolished in Florida by the Legislature's revisions to Fla. Stat. 768.81(3) in 2006,[1] and such reference makes no allegation necessary to support any cause of action against USAA CIC.

---

[1] Because it is well established law that Florida no longer recognizes joint and several liability, Defendant USAA CIC will not address this issue separately in its Memorandum of Law.

02028034                                   3

14.    Plaintiffs also allege entitlement to prejudgment interest in Count III[2] and in the "Wherefore" clause of Count IV.   Plaintiffs are not entitled to prejudgment interest as prejudgment interest is not recoverable in an action for unliquidated personal injury damages. Additionally, Plaintiffs are not entitled to prejudgment interest because Counts III and IV fail to state a cause of action and such claim should be stricken.

15.    Counts III and IV allege entitlement to attorneys' fees.  Plaintiffs are not entitled to attorneys' fees due to the failure to state a cause of action.  In the alternative, the Court should strike Plaintiffs' prayer for attorneys' fees as Plaintiffs' have not adequately alleged entitlement to such fees under any statutory or contractual basis.

16.    Lastly, Plaintiffs' Amended Complaint is in violation of Fla. R. Civ. P. 1.140(f) for incorporating the paragraphs of each count into each subsequent count, which further warrants dismissal.

**WHEREFORE**, USAA CASUALTY INSURANCE COMPANY respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint, and/or in the alternative, strike Plaintiffs' "joint and several liability" language in Count II, strike Plaintiffs' claim for attorneys' fees and prejudgment interest in Counts III and IV, and grant such other relief as it may deem just and proper.

<u>**MEMORANDUM OF LAW**</u>

**I.    STANDARD FOR DISMISSAL**

A motion to dismiss pursuant to rule 1.140(b)(6) tests the sufficiency of the complaint and is not intended to determine issues of ultimate fact.  McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss, 704 So. 2d 214, 215 (Fla. 2d DCA 1998).   Rule

---

[2]  Plaintiffs allege entitlement to damages including "any interest on unpaid benefits." (Am. Compl. ¶ 24).  To the extent Plaintiffs are alleging entitlement to prejudgment interest in Count III, this claim should be stricken.

1.140(b)(6) allows for the dismissal of a complaint that fails to state a cause of action. <u>Fox v. Prof'l Wrecker Operators of Florida, Inc.</u>, 801 So. 2d 175, 178 (Fla. 5th DCA 2001). In ruling on a motion to dismiss for failure to state a cause of action, the trial court is limited to reviewing the allegations contained within the four corners of the complaint. <u>Weiss</u>, 704 So. 2d at 215. The court must also consider the exhibits attached to the complaint. Fla. R. Civ. P. 1.130(b); <u>Abele v. Sawyer</u>, 750 So. 2d 70, 74 (Fla. 4th DCA 1999).

Additionally, under Florida Rule of Civil Procedure 1.110, a complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." In order to comply with rules 1.110(b) and 1.140(b)(6), the complaint must set out the elements of the cause of action as well as the facts supporting those elements. <u>Barrett v. City of Margate</u>, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999).

## II.  COUNTS I, II, III AND IV OF THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO INCORPORATE OR ATTACH THE INSURANCE POLICY UPON WHICH THE COUNTS ARE BASED

"All . . . documents upon which an action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a). If a contract or document upon which a complaint purports to bring an action is not attached to such a complaint, that complaint should be dismissed without prejudice. Fla. R. Civ. P. 1.130(a); <u>Conklin v. Cohen</u>, 287 So.2d 56,60 (Fla. 1973); <u>Eigen v. Federal Deposit Ins. Corp.</u> 492 So.2d 826, 827 (Fla. 2d DCA 1986); <u>Hughes v. Home Sav. Of Am. F.S.B.</u>, 675 So.2d 649, 650 (Fla. 2d DCA 1996).

Count I purports to seek damages pursuant to the UM coverage provisions of Plaintiffs' insurance policy. Count II is a derivative claim of Count I and is an alleged claim for Loss of Consortium. Count III prematurely attempts to seek damages for alleged statutory bad faith

arising from an insurance contract. Count IV purports to seek declaratory relief in connection with a claim for UM insurance coverage. All four of these counts arise from the contractual relationship between Plaintiffs and USAA CIC. Without the insurance policy, none of these purported actions could be brought against USAA CIC. Nonetheless, Plaintiffs have not attached any portion of the policy to their Amended Complaint in violation of 1.130(a). As such Counts I, II, III and IV should be dismissed without prejudice. Conklin, 287 So.2d 56, 60 (Fla. 1973).

### III. PLAINTIFFS' ALLEGATIONS IN VIOLATION OF 624.155, FLORIDA STATUTES, MUST BE DISMISSED DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH STATUTORY PRE-SUIT NOTICE REQUIREMENTS

As a condition precedent to bringing an action pursuant to section 624.155, Florida Statutes, the plaintiff must first give written notice of the alleged violation by filing a Civil Remedy Notice ("CRN") with Florida's Department of Financial Services ("DCF") and serving the CRN upon the insurer. Fla. Stat. § 624.155(3)(a); Heritage Corp. of S. Fla. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA., 255 F. App'x 478, 481 (11th Cir. 2007). The CRN "shall state with specificity" the following: 1) the statutory provision which the insurer allegedly violated, including the specific language of the statute; 2) the facts and circumstances giving rise to the violation; 3) the name of any individual involved in the violation; 4) reference to any specific policy language that is relevant to the violation; and 5) a statement that the notice is given in order to perfect the right to pursue the civil remedy. Fla. Stat. § 624.155(3)(b). The "notice must be made with sufficient specificity to allow the insurer to understand and, if it chooses, to cure the violation." Longpoint Condo. Ass'n v. Allstate Ins. Co., No. 5:05CV45RHWCS, 2005 WL 1315810, at *2 n.3 (N.D. Fla. June 2, 2005).

The insurer then has sixty days within which to cure the alleged violation. Fla. Stat. § 624.155(3)(a). The purpose of requiring the plaintiff to file a CRN is to allow the insurer an opportunity to settle the underlying claim and avoid unnecessary bad faith litigation. Dellavecchia v. GEICO Gen. Ins. Co., No. 8:09–cv–2175–T–27TGW, 2011 WL 53029, at *3 (M.D. Fla. Jan. 7, 2011). See also 316, Inc. v. Md. Cas. Co., 625 F. Supp. 2d 1187, 1192 (N.D. Fla. 2008) (stating that the sixty-day window is intended "as a last opportunity for insurers to comply with their claim-handling obligations"). The sixty-day time frame is designed as a "cure period" to encourage the insurer to resolve the underlying claim without the need for litigation, thereby curing the alleged violation set out in the CRN. Talat Enters., Inc. v. Aetna Cas. & Sur. Co., 753 So. 2d 1278, 1282 (Fla. 2000). Because this civil remedy "is in derogation of common law, *it must be strictly construed*." Id. at 1283 (emphasis added).

DCF accepted Plaintiffs' CRN on October 27, 2016. USAA CIC's opportunity to cure any alleged violation did not expire until December 26, 2016, nearly 48 days *after* Plaintiffs filed their initial Complaint. The Court should not be persuaded by argument the "cure period" has expired and Plaintiffs' Amended Complaint now complies with the pre-suit statutory requirements. While USAA CIC recognizes the time to cure any alleged violation has now passed, Count III of Plaintiffs' Amended Complaint must still be dismissed. Pursuant to Rule 1.190(c):

> [w]hen the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, *the amendment shall relate back to the date of the original pleading*.

Fla. R. Civ. P. 1.190(c) (emphasis added). Therefore, Plaintiffs' bad faith claim, asserted in their Amended Complaint dates back to November 9, 2016, the date Plaintiffs originally filed their Complaint. As such, Plaintiffs' bad faith claim must be dismissed as Plaintiffs filed their bad

faith claim before the expiration of the sixty-day cure period and failed to satisfy the condition precedent to bringing a first party claim under Section 624.155.

Plaintiffs should not get a second bite of the proverbial apple to re-assert their bad faith claim now.  Plaintiffs ignored the clearly set-forth pre-suit requirements by filing their original complaint during the 60-day cure period.   Plaintiffs' failure to comply with pre-suit notice requirements necessarily effected the environment of settlement negotiations between the parties during the remaining "cure" period, *i.e.*, rather than promoting settlement discussions – which the pre-suit notice is aimed at achieving – USAA CIC was faced with defending itself on improperly asserted claims, while also attempting to settle with Plaintiffs.  Allowing Plaintiffs to maintain their bad faith claim now essentially allows plaintiffs, in the present case and those in the future, to ignore the statutory rules and requirements, improperly raise premature[3] bad faith claims, and then amend their Complaints when sufficient time has passed.  In short, the Court should not condone Plaintiff's improper attempts to skirt the pre-suit requirements.

Plaintiffs' claim is therefore not only premature and fails to state a cause of action, but also violates Florida law.   Accordingly, the Court should dismiss Count III of Plaintiffs' Amended Complaint.

## IV.   COUNT III OF THE AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE THERE HAS BEEN NO DETERMINATION OF LIABILITY AND DAMAGES REGARDING PLAINTIFFS' UM CLAIM.

### a.   *Plaintiffs' bad faith claim is premature*

It is well-established under Florida law a claim for bad faith does not accrue until there has been a determination of liability and damages in the underlying contract claim.   See

---

[3] These types of bad faith claims are premature in that they are brought before the expiration of the statutory 60-day "cure" period, and in that there has not been a final determination of liability and damages, discussed more extensively below, *infra* Section IV.

Def MSJ054

Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000); State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 63 (Fla. 1995); Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214, 1222 (Fla. 2016).

> As the Florida Supreme Court explained in Blanchard:

> > [A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

Blanchard, 575 So. 2d at 1291. This also includes resolution of any appeals arising from the final judgment. Lexington Ins. Co. v. Royal Ins. Co. of Am., 886 F. Supp. 837, 841-42 (N.D. Fla. 1995); Michigan Millers Mut. Ins. Co. v. Bourke, 581 So. 2d 1368, 1369-70 (Fla. 2d DCA 1991).

"[U]ntil a final judgment is entered the bad faith claim does not exist. . . . However, once a final judgment has been entered by the . . . judge then both liability and damages will have been established both of which are necessary to prosecute a claim against an insurer for bad faith." Jenkins v. Allstate Ins. Co., No. 5:08-cv-285-Oc-10GRJ, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008). "Until such time as the . . . judge has entered a final judgment the damages will be uncertain and thus the bad faith claim cannot be prosecuted." Id.

In the instant matter, Plaintiffs assert a premature bad faith claim, claim for declaratory judgment and UM claim in the same complaint. Without resolution of the underlying UM claim, there can be no final determination of liability and damages necessary to ripen the alleged bad faith cause of action. Plaintiffs acknowledge the present bad faith claim is not yet ripe and

9

therefore premature. (Am. Compl. ¶ 14).

A trial court departs from the essential requirements of the law when it allows a first-party bad faith cause of action to proceed before a final determination of liability and damages in the underlying UM case.  State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635 (Fla. 2d DCA 2008); Progressive Select Ins. Co. v. Shockley, 951 So. 2d 20 (Fla. 4th DCA 2007). USAA CIC is entitled to resolution of the underlying UM claim before any claim for bad faith may proceed against it.

The premature claim for bad faith would also expose USAA CIC to improper discovery of privileged information.  Until there has been a final determination of liability and damages, a party is not entitled to bad faith discovery, such as the claim file and claims handling manuals. See Gov't Employees Ins. Co. v. Rodriguez, 960 So. 2d 794, 796 (Fla. 3d DCA 2007); State Farm Mut. Auto. Ins. Co. v. Cook, 744 So. 2d 567, 568 (Fla. 2d DCA 1999) ("[C]laims and litigation files are not subject to discovery until the bad faith claims are ripe.").  "[D]iscovery which concerns only potential issues of bad faith or other purported improprieties in defending the claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage." Granada Ins. Co. v. Ricks, 12 So. 3d 276, 277 (Fla. 3d DCA 2009).

b.      *The proper remedy is dismissal, not abatement*

USAA CIC recognizes a premature bad faith claim may be either dismissed without prejudice or abated until the underlying cause of action is resolved.  See Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214, 1222 (Fla. 2016); Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc., 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008).  However, in circumstances where the insurer would have the ability to exercise its statutory right to remove a ripe bad faith case to

federal court on the basis of diversity jurisdiction, trial courts should dismiss, not abate, prematurely filed bad faith claims.[4]  See Vest, 753 So. 2d at 1276 ("We continue to hold in accord with Blanchard that bringing a cause of action in court for violation of section 624.155(1)(b)1 is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.  This avoids the problem Blanchard dealt with, which was the splitting of causes of action.  However, a claim brought prematurely is not subject to a summary judgment. Such a claim should be dismissed as premature."); Harding v. Safeco Ins. of Illinois, No. 5:15-CV-370-OC-40PRL, 2015 WL 5828136 (M.D. Fla. Oct. 5, 2015) (dismissing a premature bad faith claim); Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13–cv–2355–T–27AEP, 2014 WL 3819436 (M.D. Fla. Mar. 18, 2014) (dismissing a premature bad faith claim); Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10–cv–2568–T–33AEP, 2012 WL 195526 (M.D. Fla. Jan. 23, 2012) ("When premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred."); Cox v. Nat'l Gen. Ins. Online, Inc., No. 8:15-CV-1924-T-33JSS, 2015 WL 5316966 (M.D. Fla. Sept. 11, 2015) (dismissing a premature bad faith claim).

USAA CIC is asking this Court to evaluate the respective prejudice the parties will suffer should the Court decide to abate or dismiss Plaintiff's premature bad faith claims.  If the Court elects to dismiss Plaintiffs' premature bad faith claim, Plaintiffs will suffer no prejudice since

---

[4]      For clarification, while the Florida Supreme Court recently reiterated in Fridman that abatement is **an** appropriate procedural device, Fridman by no means changed longstanding Florida law holding that dismissal is also an appropriate remedy. Fridman, 185 So. 3d at 1229-1230. The Court's choice of using "**an** appropriate procedural device" rather than "**the** appropriate procedural device" underscores the Florida Supreme Court's intention to allow trial courts to continue to dismiss premature bad faith claims. Thus, it is USAA CIC's position Fridman still grants trial courts discretion to decide whether to abate or dismiss a premature bad faith claim. See Hinds v. Am. Sec. Ins. Co., Case No. 16-20780-Civ-COOKE/TORRES, 2016 U.S. Dist. LEXIS 123348, at *15-16 (S.D. Fla. Sept. 9, 2016) (finding in light of Fridman, a court may weigh the interests of judicial economy when deciding whether to abate or dismiss a premature bad faith claim).

It is similarly worth mentioning Fridman did not evaluate the issue presented in the instant case; i.e., whether abatement is an appropriate procedural device when abatement of a premature bad faith claim would preclude an insurer from removing the bad faith claim to federal court.

they can simply refile any ripened bad faith claim against USAA CIC in a separate action once the underlying UM claim is resolved (assuming Plaintiffs prevail in the underlying UM count). Further, dismissal of Plaintiffs' bad faith claim will not require the parties to re-litigate the issue of damages in any subsequent bad faith action. Fridman, 185 So. 3d at 1216 (holding the determination of damages made in the underlying UM verdict is binding as an element of damages in a subsequent bad faith action against the same insurer); see also GEICO Gen. Ins. Co. v. Paton, 150 So. 3d 804, 805 (Fla. 4th DCA 2014). Contrary Plaintiffs' reference to Geico General Insurance Company v. Bottini, 93 So. 3d 476 (Fla. 2d DCA 2010), determination of damages made in the UM case is binding on a subsequent bad faith action.

However, if the Court elects to abate Plaintiff's premature bad faith claim, USAA CIC will suffer irreparable harm. First, USAA CIC will be precluded from removing the bad faith claim to federal court.[5] 28 U.S.C.A. § 1446(c)(1), which deals with removal procedure based upon diversity of citizenship, states, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Under Florida law, an action commences when the complaint is filed. Fla. R. Civ. P. 1.050. Thus, Florida's federal courts have not permitted removal of statutory bad faith claims which are raised contemporaneously with the underlying UM claims and abated by the state trial court. See Bolen v. Illinois Nat. Ins. Co., No. 6:10-CV-1280-ORL-37, 2012 WL 4856811 (M.D. Fla. Aug. 28, 2012) (remanding Plaintiff's bad faith claims after resolution of UM claims on the

---

[5]As noted above, if the Court dismisses the premature bad faith claims, Plaintiffs will have the opportunity to file new bad faith claims in a separate action after resolution of the UM claims in the instant case. If Plaintiffs are awarded UM damages exceeding $75,000, a federal court will have diversity jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 because Plaintiffs are citizens of Florida, and USAA CIC is a Texas corporation.

basis that the notice of removal was filed more than one year after the action was commenced in state court); Ludwig v. Liberty Mut. Fire Ins. Co., No. 2:13-CV-212-FTM-99, 2013 WL 2406320 at *6 (M.D. Fla. June 3, 2013) (same).

Plaintiffs filed their original Complaint on November 9, 2016.[6]  It is extremely unlikely final resolution of Plaintiffs' UM claim, will occur prior to the removal deadline in November 2017.  In addition to trial, the final determination necessary to ripen a statutory bad faith claim includes resolution of all appeals.  Bolen, 2012 WL 4856811 at *5; Bourke, 581 So. 2d at 1369-70.

Moreover, USAA CIC cannot remove the un-accrued bad faith claim at this point. Federal courts have held it is improper to remove an un-accrued bad faith claim.  See, e.g., Jenkins v. Allstate, Ins. Co., 2008 WL 4934030 at *2 (M.D. Fla. November 12, 2008) ("[U]ntil a final judgment is entered [in the UM claim], the bad faith claim does not exist, and therefore, there is nothing to remove even though a bad faith claim may be considered a separate and independent claim that is subject to removal separate from the underlying UM claim."); Wallace v. Geico Gen. Ins. Co., No. 8:14-CV-1755-T-30AEP, 2014 WL 4540328, at *1 (M.D. Fla. Sept. 11, 2014) (noting because the state court had not entered a final judgment in the underlying uninsured motorist case, removal of the bad faith claim based upon diversity jurisdiction was premature).

Further, abatement of Plaintiffs' bad faith claim will unreasonably delay the ultimate resolution of the entire case, clutter the Court's docket, and force the Court to administratively track and manage a dormant claim.  See Essex Ins. Co. v. Kart Constr., Inc., Case No.: 8-14-CV-356-T-23TGW, 2015 U.S. Dist. LEXIS 17493 (M.D. Fla. Jan. 23, 2015), adopted by 2015 U.S. Dist. LEXIS 17296 (M.D. Fla. Feb. 12, 2015) ("I see no apparent advantage to maintaining a

---

[6] As stated above, the Amended Complaint relates back to the date of the original pleading.

13

claim that presently lacks a factual basis. In my view, it unnecessarily clutters the docket with a dormant claim (at best) that the court will need to keep track of administratively. . . Therefore, I recommend that count III of [Insured's] counterclaim asserting bad faith against [Insurer] be dismissed."); Smith v. First Liberty Ins. Corp., Case No. 6:14-cv-1871-Orl-22DAB (M.D. Fla. Mar. 18, 2015) (dismissing premature bad faith claim) ("Notwithstanding the above discussion, the Court cannot abate Plaintiff' bad faith claim consistent with the orderly and efficient management of this case. . . . Accordingly, in exercising its discretion, Court will dismiss, rather than abate, Plaintiff' bad faith claim in Count II of the Complaint.").

As noted above, USAA CIC does not dispute the Court has discretion to either dismiss or abate the premature bad faith claim. However, based upon the authorities and arguments outlined above, USAA CIC submits dismissal is more appropriate from a procedural standpoint, as well as the cleaner and easier of the two options at the Court's disposal.

c.   *Notwithstanding the removal issue, dismissal is still the more appropriate choice from procedural standpoint*

When removal of a bad faith claim is not an option due to a lack of diversity jurisdiction, dismissal of a premature bad faith claim is still the more appropriate course of action in handling an unripe claim. See Vest, 753 So. 2d at 1276 (holding a premature bad faith claim should be dismissed ); Harding v. Safeco Ins. of Illinois, No. 5:15-CV-370-OC-40PRL, 2015 WL 5828136 (M.D. Fla. Oct. 5, 2015) (dismissing a premature bad faith claim); Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13–cv–2355–T–27AEP, 2014 WL 3819436 (M.D. Fla. Mar. 18, 2014) (dismissing a premature bad faith claim); Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10–cv–2568–T–33AEP, 2012 WL 195526 (M.D. Fla. Jan. 23, 2012) ("When premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred."); Cox v. Nat'l Gen. Ins.

Online, Inc., No. 8:15-CV-1924-T-33JSS, 2015 WL 5316966 (M.D. Fla. Sept. 11, 2015) (dismissing a premature bad faith claim).

As the Second District Court of Appeal explained in Shuck v. Bank of Am., N.A., 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003):

> The appropriate disposition of prematurely filed actions varies depending upon the circumstances that give rise to the premature element of the claim.... In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action. Instead, the favored disposition is abatement of the action until the cause matures[.]
>
> However, in other premature actions, the mere passage of time is not sufficient to cure the premature element of the action. An action may be premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur. In such cases, where the mere passage of time will not cure the premature element of the claim, abatement is not an appropriate disposition, and a dismissal is required.

(citations omitted); see also Wells Fargo Ins. Servs. USA, Inc. v. Blackshear, 136 So. 3d 1235, 1239 (Fla. 2d DCA 2014) ("We note that because the premature element of count five will not be cured by the passage of time . . . the appropriate remedy is dismissal of count five without prejudice, rather than an abatement of the count."); Blakely v. Safeco Ins. Co. of Illinois, No. 6:13-cv-796-Orl-37TBS, 2013 WL 3270405 (M.D. Fla. June 26, 2013) (applying Shuck to dismiss premature bad faith action).    Here, Plaintiffs' bad faith claim will not accrue merely through the passage of time.  The existence of causes of action for bad faith is dependent upon the contingency of a final determination of liability and damages in favor of Plaintiffs – an outcome that is not guaranteed.  Consequently, dismissal without prejudice is the better remedy.

Moreover, if this situation is viewed through simple pleading fundamentals, Plaintiffs' bad faith claim violates Florida Rule of Civil Procedure 1.110.  Rule 1.110(b) states in relevant

02028034                                    15

part:

> **(b) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim *must state a cause of action and shall contain* (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) *a short and plain statement of the ultimate facts showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled.

(emphasis added).  As currently pled, Plaintiffs' bad faith claim does not state a cause of action, and does not contain the ultimate facts showing Plaintiffs are entitled to relief.   Moreover, Plaintiffs cannot cure this deficiency until the underlying UM claim is resolved.   In any other context, a complaint that fails to allege all of the necessary elements to state a cause of action would be dismissed.   The fact abatement is even an option at all in handling unripe bad faith claims is a peculiarity of Florida law.

Finally, as noted above, based upon the Florida Supreme Court's recent decision in Fridman, abatement is no longer necessary as a means of promoting judicial economy, as the jury's determination of damages in UM trial will be binding on USAA CIC in a subsequent bad faith trial.  Therefore, if the Court decides to dismiss the bad faith claim, and Plaintiffs ultimately prevail in obtaining a verdict in excess of the UM coverage in the instant case, Plaintiffs will not be tasked with re-litigating the issue of damages in the subsequent bad faith trial.

**V.   PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF IN COUNT IV DOES NOT ESTABLISH JURISDICTION UNDER CHAPTER 86, FLORIDA STATUTES, BECAUSE COUNT IV FAILS TO SUFFICIENTLY ALLEGE A PRESENT, PRACTICAL NEED FOR A DECLARATORY JUDGMENT**

> a.   *Declaratory Relief is improper because no actual controversy exists regarding Plaintiffs bad faith claim prior to the determination of the damages suffered in the underlying claim for UM benefits*

Plaintiffs claim that they are in doubt about the apportionment of liability and the total

amount of damages suffered as a result of the subject accident. Plaintiffs' allegations do not create an actual controversy sufficient to invoke jurisdiction under Florida's Declaratory Judgment Act.

"Declaratory judgment is appropriate only when there is an actual controversy before the court; a court otherwise lacks jurisdiction." Yell v. Healthmark of Walton, Inc., 772 So. 2d 568, 570 (Fla. 1st DCA 2000). "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, [and] rest in the future." Santa Rosa Cty. v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1193 (Fla. 1995) (internal citations omitted). "To trigger jurisdiction under the declaratory judgment act, the moving party must show that he is in doubt as to the existence or nonexistence of some right or status, and that he is entitled to have such doubt removed." Kelner v. Woody, 399 So. 2d 35, 37 (Fla. 3d DCA 1981).

At present moment, Plaintiffs' alleged bad faith claim is premature since it has yet to accrue. Courts have routinely dismissed declaratory judgment claims involving the exact situation presented in the instant case. For example, in Bele v. 21st Century Centennial Ins. Co., 25 Fla. L. Weekly Fed. D 221, 2015 WL 5155214 (M.D. Fla. Sept. 1, 2015), the plaintiffs' complaint alleged three claims for relief -- a claim for UM benefits, a bad faith claim, and a declaratory judgment claim to determine liability and damages for the bad faith litigation. The court, noting that because the determination of liability and the total amount of damages suffered in the underlying contract claim had not been determined, there existed is no actual and definite controversy as to the bad faith claim. Id. Accordingly, the court found that the claim for declaratory relief was improper, and dismissed it with prejudice. Id. Other federal district

courts have reached the same conclusion. *See, e.g.*, *Lawton–Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14–cv–1157–orl–37GJK, 2014 WL 6674458 at *3 (M.D. Fla. Nov. 24, 2014) ("Plaintiff's bad-faith claim is premature and thus the parties are not presently in controversy over it and, in any event, a declaration as to liability and damages would not dispose of all issues necessary to completely resolve the bad-faith claim."); *Smith v. 21st Century Centennial Ins. Co.*, No. 8:14–v–2531–T–26TBM, 2014 WL 5474591 at *1 (M.D. Fla. Oct. 29, 2014) ("Count III for declaratory relief must be dismissed because there is no actual controversy prior to the determination of the damages suffered in the underlying contract claim...."); *Harding v. Safeco Ins. of Illinois*, No. 5:15-CV-370-OC-40PRL, 2015 WL 5828136 at *3 (M.D. Fla. Oct. 5, 2015) (noting that when plaintiffs seek declaratory judgment to avoid re-litigating the issue of liability and damages in their bad-faith claim, courts generally dismiss the declaratory judgment claims because no actual controversy exists prior to the determination of the damages suffered in the claim for UM benefits).

The instant case is no different than the cases cited above, as the determination of liability and the total amount of damages suffered in the underlying UM claim has not been determined. Thus, as it currently stands, there is no actual and definite controversy as required for a declaratory judgment. "The Declaratory Judgment Act does not permit a present attempt to quantify an amount of damages for a future bad faith claim because such a declaration does not resolve the entire controversy of whether bad faith occurred." *Smith v. 21st Century Centennial Ins. Co.*, No. 8:14-V-2531-T-26TBM, 2014 WL 5474591 *1 (M.D. Fla. Oct. 29, 2014).[7] Thus, Plaintiff's declaratory judgment claim should be dismissed with prejudice.

---

[7] While *Smith* applies the Federal Declaratory Judgment Act, the analysis is exactly the same under Florida's Declaratory Judgment Act, as both acts have the same jurisdictional requirements.

   b.    *The Complaint does not list a single contractual provision as to which Plaintiffs are in doubt as to their rights or obligations*

"Section 86.021, Florida Statutes, provides for a declaration of rights or status where a party to an agreement is in doubt as to rights thereunder." City of Hollywood v. Florida Power & Light Co., 624 So. 2d 285, 286 (Fla. 4th DCA 1993). Therefore, in order to state a cause of action for declaratory relief under Chapter 86, Florida Statutes, it is necessary that the party moving for declaratory judgment identify some provision of the insurance contract as to which it is in doubt and therefore requires clarification. See Dye v. United Servs. Auto. Ass'n, 89 F.Supp.3d 1332, 1336 (S.D. Fla. 2015) (applying Florida law); Tobon v. Am. Sec. Ins. Co., No. 06–61912–CIV, 2007 WL 1796250 (S.D. Fla. Jun. 20, 2007) (applying Florida law); Miami Yacht Charters, LLC v. National Union Fire Ins. Co. of Pittsburgh Pa., No. 11–21163–CIV, 2012 WL 1416428 (S.D. Fla. Apr. 24, 2012) (applying Florida law).

Count IV asks the Court to make factual determinations regarding liability for the auto accident and damages. Counts IV fails to identify any provision of the alleged policy as to which Plaintiffs are in doubt regarding their rights, and therefore in need of clarification from the Court. Because the Complaint lacks this essential pleading requirement, Count IV of the Complaint fails to state a cause of action for declaratory relief under Chapter 86.

   c.    *Count IV of the Complaint should be dismissed since it is duplicative of, and subsumed by the UM claim in Count I.*

"Although declaratory relief is not precluded by the existence of another adequate remedy…the court may decline to grant a declaratory decree where more appropriate redress is available." McIntosh v. Harbour Club Villas Condo. Ass'n, 468 So. 2d 1075, 1080 (Fla. 3d DCA 1985). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through

02028034                                      19

which the plaintiff will be able to secure full, adequate and complete relief." <u>Id.</u> at 1081. Plaintiffs' claim for declaratory relief should be dismissed because as it is redundant of the UM claim. Specifically, liability and damages necessary for accrual of Plaintiffs bad faith claim will be established through litigation of the UM claim. Consequently, dismissal of Count IV is warranted, as this claim is completely subsumed by Count I. When this occurs, the declaratory judgment action is superfluous, and should be dismissed. <u>See</u>, <u>e.g.</u>, <u>Gentry v. Harborage Cottages-Stuart, LLLP</u>, No. 08-14020-CIV, 2008 WL 1803637 at *4 (S.D. Fla. Apr. 21, 2008) (dismissing the plaintiffs' declaratory judgment claim upon a finding that it was superfluous because the plaintiffs' other claims would resolve all the disputed issues before the court); <u>MSPA Claims 1, LLC v. Liberty Mut. Ins.</u>, No. 1:15-CV-21417-UU, 2015 WL 4511284 at *2 (S.D. Fla. July 22, 2015) (dismissing a declaratory judgment claim where the determination of another claim in the lawsuit would necessarily resolve the issues raised in the declaratory judgment claim); <u>Eisenberg v. Standard Ins. Co.</u>, No. 09–80199–CIV3, 2009 WL 3667086 (S.D. Fla. Oct. 26, 2009) (dismissing count for declaratory relief because the contractual interpretation inherent to plaintiff's breach of contract claim would resolve the request for declaratory judgment and also bind the parties as a matter of collateral estoppel); <u>Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co.</u>, No. 10–20448–CIV, 2010 WL 2510662 (S.D. Fla. June 21, 2010) (dismissing claim for declaratory judgment because it involved the "same factual dispute" as, and was entirely subsumed by, a breach of contract claim).

Plaintiff also asserts that a declaratory judgment is necessary to provide the parties with an opportunity to appeal the total amount of damages. (Am. Compl. ¶¶ 35-36). In the concurring opinion in <u>Geico General Insurance Company v. Bottini</u>, Judge Altenbernd opined that the appellate courts are without power to review errors in a verdict when those errors would

not affect the judgment.  93 So. 3d 476, 477 (Fla. 2d DCA 2012) (Altenbernd, J., concurring). He reasoned that, in a claim for UM benefits, the recoverable damages awarded by the final judgment are capped by the policy limits.  Id.  If an error impacted the verdict, but its correction would not reduce the judgment below the policy limits, then the doctrine of harmless error would preclude appellate review of the error.  Id.

Accordingly, in many bad faith cases, there will not be a due process concern, as indicated by the Bottini concurrence, and, in fact, the underlying verdict serves as the amount of damages in the later bad faith claim.  See, e.g., Batchelor, 2014 WL 3906312, at *3 (concluding that appellate court reviewed potential errors affecting jury's damages award and fixing verdict as amount of damages in bad faith claim); Paton, 150 So. 3d 804 (utilizing the amount of the verdict as the measure of damages for a bad faith claim because insurer could have challenged full amount of verdict by filing a motion for new trial and appealing therefrom, but failed to do so).  That is exactly what occurred in the subsequent bad faith case that followed Bottini.  See Bottini v. GEICO Gen. Ins. Co., No. 8:13-cv-365-T-17AEP, 2014 WL 4749054, at *12 (M.D. Fla. Sept. 23, 2014) (granting insured's motion for summary judgment on grounds that underlying verdict would serve as amount of damages in bad faith case and concluding that insurer's due process rights were not violated).

A declaratory judgment is intended to "provide *complete* relief to parties with an *actual case or controversy* . . . ."  Lawton-Davis v. State Farm Mut. Auto Ins. Co., No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *3 (M.D. Fla. Nov. 24, 2014) (emphasis added).  Thus, a declaratory judgment as to liability and damages for use in a potential future bad faith claim is inappropriate because such a declaration "would not dispose of all issues necessary to completely resolve the bad faith claim."  Id.; see also Gianassi, 2014 WL 4999443, at *4

(dismissing declaratory judgment claim because there is no case or controversy regarding bad faith until plaintiff prevails on the contract claim and because the court should not issue a declaration as to an element of subsequent bad faith claim); Smith v. 21st Century Centennial Ins. Co., No. 8:14-v-2531-T-26TBM, 2014 WL 5474591, at *1 (M.D. Fla. Oct. 29, 2014) (same); Dela Cruz v. Progressive Select Ins. Co., No. 8:14-cv-2717-T-30TGW, 2014 WL 6705414, at *1 (M.D. Fla. Nov. 26, 2014) (same); Shapiro v. Gov't Employees Ins. Co., No. 14-CIV-62792, 2015 WL 127897, at *3 (S.D. Fla. Jan. 8, 2015) (same); Mann v. Taylor, No. 5:15-cv-7-RS-GRJ, 2015 WL 500803, at *1 (N.D. Fla. Feb. 5, 2015) (same).

Based upon the foregoing, this Court should dismiss Count IV of the Complaint because it fails to sufficiently allege a present, practical need for the declaration.

## VI.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR IMPROPERLY INCORPORATING PRECEDING PARAGRAPHS

Claims should be presented in separate counts of a complaint when such a separation facilitates a clear presentation. Fla. R. Civ. P. 1.110(f).  It is improper to plead multiple counts that incorporate by reference "not only the paragraphs contained in the complaint's preliminary allegations but also all of the paragraphs contained in each of the preceding counts." Frugoli v. Winn-Dixie Stores, Inc., 464 So. 2d 1292, 1293 (Fla. 1st DCA 1985) (citing Chaires v. North Florida National Bank, 432 So. 2d 183, 185 (Fla. 1st DCA 1983)); Gerentine v. Coastal Security Systems, 529 So. 2d 1191, 1194 (Fla. 5th DCA 1988); see also RHS Corp. v. City of Boynton Beach, 736 So. 2d 1211, 1212-13 (Fla. 4th DCA 1999).

The Complaint contains 35 numbered paragraphs and four numbered "counts."  Each count incorporates by reference all of the paragraphs contained in the counts that precede them. By the end of the Complaint, Count IV incorporates all preceding paragraphs.

By incorporating all of the preceding counts into the four counts against USAA CIC, the

Complaint "compounds the problems of the trial court and opposing counsel in sorting out the various causes of action asserted in multi-count complaints." Chaires, 432 So. 2d at 185. The incorporation of the allegations of each preceding count "make[s] it difficult . . . to respond" to the Counts as presented in the Complaint, notwithstanding USAA CIC's Motion to Dismiss. Gerentine, 529 So. 2d at 1194; see also Chaires, 432 So. 2d at 185.

In addition to the reasons set forth above, violation of Fla. R. Civ. P. 1.110(f) sets forth another ground for dismissal of Plaintiffs' Complaint.

## VII. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE PLAINTIFFS' PRAYER FOR ATTORNEYS' FEES IN COUNTS III & IV BECAUSE PLAINTIFFS HAVE NOT ALLEGED ENTITLEMENT TO SUCH FEES UNDER ANY STATUTORY OR CONTRACTUAL BASIS

Plaintiffs seek attorneys' fees in Counts III and IV of the Complaint. However, Plaintiffs have not stated a valid basis for these attorneys' fees; as such, the prayers for attorneys' fees should be stricken.

Florida law is clear attorneys' fees are not recoverable unless they are specifically authorized by statute or contract. Hampton's Estate v. Fairchild-Florida Constr. Co., 341 So. 2d 759, 761 (Fla. 1976); Dade County v. Pena, 664 So. 2d 959, 960 (Fla. 1995); Frymer by Frymer v. Brettschneider, 710 So. 2d 10, 11 (Fla. 4th DCA 1998); Cadenhead v. Gaetz, 677 So. 2d 96 (Fla. 1st DCA 1996).

Plaintiffs also allege entitlement to attorneys' fees pursuant to Fla. Stat. §§ 627.155, 627.727(10). As discussed above, Counts III and IV fail to state a cause of action. To the extent Plaintiff seeks attorneys' fees in connection with Counts III and IV of Fla. Stat. § 624.155 such claims must also be dismissed or stricken.

Def MSJ069

## VIII.   PLAINTIFFS' CLAIMS FOR PREJUDGMENT INTEREST IN COUNTS III & IV SHOULD BE STRICKEN AS IMPERTINENT AND IMMATERIAL

Plaintiffs attempt to allege entitlement Counts III and IV.  In Count III, Plaintiffs allege they are entitled to "any interest on unpaid benefits."  (Am. Compl. ¶ 24).  To the extent Plaintiffs are alleging entitlement to prejudgment interest in Count III, this claim should be stricken.  Further, in the "Wherefore" clause of Count IV, Plaintiffs allege entitlement to prejudgment interest.  As explained *supra*, Plaintiffs have failed to state a cause of action in Counts III and IV.  Thus, this Court should strike Plaintiffs' request for prejudgment interest from the Complaint because this language is immaterial and impertinent.  Fla. R. Civ. P. 1.140(f).

## IX.   CONCLUSION

In sum, Plaintiffs' Complaint should be dismissed in its' entirety for failing to comply with standard pleading rules as set forth in Fla. R. Civ. P. 1.130(a)1.140(f) and 1.110(b) as well as including an admitted unripe bad faith count and a count for declaratory judgment where no case or controversy actual exits.  As noted above, USAA CIC does not dispute the Court has discretion to either dismiss or abate the premature bad faith claim.  Notwithstanding, based upon the authorities and arguments outlined above, USAA CIC submits dismissal is more appropriate from a procedural standpoint.  Additionally, to the extent Plaintiff seeks attorneys' fees and/or prejudgment interest, the Court should strike these requests.

**WHEREFORE,** USAA CASUALTY INSURANCE COMPANY respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint, and/or in the alternative, strike Plaintiffs' "joint and several liability" language in Count II, strike Plaintiffs' claim for attorneys' fees and prejudgment interest in Counts III and IV, and grant such other relief as it may deem just and proper.

02028034

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to David F. Baron, Esq. (David@bhfloridalaw.com and Secretary@bhfloridalaw.com) 9100 South Dadeland Blvd, Ste 1704, Miami, Florida, Craig Kartiganer (craig.kartiganer@usaa.com) 1000 S. Pine Island Rd, Suite 420, Plantation, Florida 33324 by Electronic Mail this _____ day of January, 2017.

BOYD & JENERETTE, P.A.

_____
KRISTEN M VAN DER LINDE
Florida Bar No. 0964573
PAMELA J. NELSON
Florida Bar No. 949700
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
Attorneys for USAA CIC
Primary Address for E-service:
efiling@boydjen.com

Def MSJ071

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2016-028955-CA-01

LISSETTE MIRABAL and JOSE MIRABAL,
Her husband,

     Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

     Defendant.

## PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS

**COMES NOW** the Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, Her husband, by and through their undersigned attorneys, and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, hereby responds to Defendant's First Request for Admissions dated December 23, 2016, as follows:

1.    Objection, attorney-client work product as to all discussions of value between the Plaintiff and her counsel. Plaintiff's damages in Counts I and II are limited to the policy limits of $75,000.00, and under Counts I and II, the claims are limited to the policy limits, exclusive of costs and interest.

2.    See # 1.

3.    See #1.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record via the Florida Court's E-filing system in accordance with Florida Rule of Judicial Administration 2.516 on this 25th day of January, 2017.

Respectfully Submitted,

**BARON & HERSKOWITZ**
*Attorneys for the Plaintiff*

/S/ David F. Baron
David F. Baron Esq.
[FL Bar No. 297089]
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida  33156
(305) 670-0101
Email:

                         IN THE CIRCUIT COURT OF THE
                         11TH JUDICIAL CIRCUIT, IN AND
                         FOR MIAMI-DADE COUNTY, FLORIDA

                         CIVIL DIVISION

                         CASE NO. 2016-028955-CA-(24)

LISSETTE MIRABAL and JOSE MIRABAL,
Her Husband,

        Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

        Defendant.
------------------------------------/


                              Miami-Dade County Courthouse,
                              Miami, Florida,
                              Wednesday, 2:37 p.m.,
                              April 12, 2017.



            The above-entitled cause came on for hearing

before the Honorable Eric Hendon, as Circuit Court Judge,

pursuant to notice.

        APPEARANCES:

                BARON & HERSKOWITZ, by
                DAVID F. BARON, Esq., and
                MATTHEW BARON, Esq., of counsel
                Attorneys for Plaintiffs

                BOYD & JENERETTE, P.A., by
                RANDY DOW, Esq., of counsel
                Attorneys for Defendant


                        ---

Electronically signed by Doreen Strauss (201-310-019-3013)                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 2

1           THE COURT:  The parties for the 2:30, have a

2  seat.  Good afternoon.  I'm Judge Eric Hendon.  We're here

3  on the matter of Lissette Mirabal and Jose Mirabal vs.

4  USAA Casualty Insurance Company, Case Number 2016-028995.

5  Parties, announce your presence for the record.

6           MR. DAVID BARON:  Good afternoon, Your Honor.

7  David and Matthew Baron on behalf of Lissette and Jose

8  Mirabal.

9           MR. DOW:  Your Honor, Randy Dow with Boyd and

10 Jenerette here on behalf of defendant USAA Casualty

11 Insurance Company.

12          THE COURT:  Yes.  We're here for defendant's

13 motion to dismiss and motion to strike amended complaint.

14 You may proceed.

15          MR. DOW:  Thank you, Your Honor.  As you

16 indicated, this is a motion to dismiss and a motion to

17 strike.  The underlying complaint is an action including

18 claims for uninsured motorist coverage, and importantly,

19 for bad faith.  I'm sure Your Honor has reviewed the

20 motions and the documents.

21          I will take a second to discuss the timeline

22 here because it's very important, Your Honor.  The civil

23 remedy notice was filed October 27, 2016, which, by virtue

24 of that, the safe harbor period wouldn't have ended until

25 December 26, 2016, 60 days later, and as I'm sure Your

Electronically signed by Doreen Strauss (201-310-019-3013)                                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

 1    Honor is aware, the notice of the CRN is, the civil remedy

 2    notice and the opportunity to cure during that 60-day

 3    period is a prerequisite to bringing a bad faith action.

 4              Your Honor, the actual complaint asserting

 5    the bad faith claim was filed in November of 2016, prior

 6    to the expiration of that 60-day period.  Thereafter, USAA

 7    moved to dismiss on December 22, 2016, which is still

 8    within the 60-day safe harbor period, and thereafter, on

 9    January 4, 2017, before the issue could be heard, they

10    filed the present complaint which is effectively an

11    amended complaint even though it's not labeled as such.

12              Essentially, Your Honor, they brought their

13    bad faith action prior to the expiration of the safe

14    harbor period in violation of the statute.

15              We cited the Tallent decision and a number of

16    other decisions in our motion which point out that this is

17    a statutory cause of action in derogation of common law

18    and that it must be strictly construed and enforced by the

19    Court.

20              I know that the response of opposition

21    counsel will be, "Well, Your Honor, we amended it after

22    the expiration of the 60 days so it must be okay, right?"

23              And the answer is no, it's not.  Technically

24    it's not because your new complaint relates back to the

25    date your first complaint was filed because it's the same

Electronically signed by Doreen Strauss (201-310-019-3013)                                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 4

1    cause of action, and from a practical standpoint, based

2    upon the statute framework, they've basically violated the

3    whole concept of the statute, which is to provide 60 days

4    for a carrier to sit with a CRN, evaluate it, examine it,

5    decide whether they've done anything wrong.

6                THE COURT:  Can I ask you to hold for one

7    second?

8                MR. DOW:  Yes.

9                THE COURT:  You may proceed.

10                MR. DOW:  And make a thoughtful decision

11    about whether they've done anything wrong and they need to

12    step up and pay a sum or take care of an issue or

13    otherwise resolve what's noticed in the CRN.

14                Here, USAA is left fighting a premature

15    action during that 60-day period.  That 60-day safe harbor

16    period has been tainted.  The time that USAA was supposed

17    to be allowed, was required to be allowed under the

18    statute was not provided to them, so an after-the-fact

19    remedy where you amend an untimely, inappropriate

20    complaint does not solve that problem.  It does not

21    resolve the issue.

22                Strictly construed in the statute, their

23    complaint must be dismissed.

24                The second argument that we've raised, Your

25    Honor, is that this bad faith action is premature.  They

Electronically signed by Doreen Strauss (201-310-019-3013)                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 5

1    have not prevailed on the underlying UM claim yet, if they

2    ever will.

3              I have done this -- counsel and I were

4    speaking outside before about this.  We've each argued

5    this before.  We're very familiar, and we've cited in our

6    motion the Fridman opinion which indicates that abatement

7    is absolutely an appropriate procedural mechanism for Your

8    Honor or any judge to use their discretion in the State of

9    Florida.

10             It's our opinion that as a general

11   proposition, dismissal is more appropriate as the cause of

12   action is not ripe, and in this case, dismissal makes even

13   more sense because USAA is going to lose its substantive

14   right to remove this case to federal court if/when they

15   ever prevail on the UM claim.  Courts have acknowledged

16   that a right to remove is a substantive legal right, and

17   if this case, this claim remains undismissed and just

18   abated after the year runs, we can't remove it.

19             Weigh that against the other side of the

20   scales, Your Honor, and if Your Honor dismisses and

21   provides them the opportunity to amend at a future date,

22   if/when they should ever prevail on the underlying UM

23   action, they've suffered no harm at all.

24             We're not here to tell you that Fridman

25   states that you absolutely should dismiss.  To the

Electronically signed by Doreen Strauss (201-310-019-3013)                                      3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 6

1    contrary, Fridman absolutely indicates that abatement is

2    appropriate and maybe even preferred in some

3    circumstances, but in this particular case, Your Honor,

4    USAA is at risk of losing a substantive right and the

5    plaintiff is basically at risk of nothing, and we would

6    say that in this case, Your Honor, to the extent that you

7    even reach this, because we believe our first argument for

8    dismissal was sufficient, that it should be dismissed as

9    premature and not abated.

10            Your Honor, I have also noted as to all

11   causes of action, they failed to attach the insurance

12   policy on which the cause of action had been brought,

13   would provide an independent basis for dismissal, and

14   finally --

15            THE COURT:  But they made a reference to the

16   policy number so it's incorporated by reference.

17            MR. DOW:  They have, and that's not my

18   lead-off argument for that very reason, but also, Your

19   Honor, finally, Your Honor, rather, I should say, if we

20   take a look at, we have moved to strike the request for

21   fees and for interest, and those requests are linked to

22   the claims which we believe are premature and should be

23   dismissed, but to the extent that Your Honor believes that

24   abatement is the most or more appropriate step in this

25   action, we would request that those attorney's fees,

Electronically signed by Doreen Strauss (201-310-019-3013)                                              3edc2110-38c3-47ce-b677-0b1f7f47c1b3

1    claims, and prejudgment interest claim, which I think the

2    interest claim might not be appropriate in any

3    circumstances, but at the very least it should be abated

4    until such time as if/when the bad faith claims

5    potentially are arguably giving rise to those wherefore

6    clause demands would actually become activated.

7                    And so for these reasons, Your Honor, we

8    believe that the entire -- the complaint should be

9    dismissed.  The bad faith claim should be dismissed based

10   upon the violation of failure to follow the statute with

11   regard to the safe harbor period.  We believe that should

12   be dismissed and not abated, again, based upon the fact of

13   the bad faith claim is premature and that USAA will lose a

14   substantive right.

15                   And to the extent it is abated, we would ask

16   that the request for fees and interest be abated

17   correspondingly until such time as the claims actually

18   come into being, Your Honor.

19                   THE COURT:  Thank you.  You may respond.

20                   MR. DAVID BARON:  Thank you, Your Honor.

21   There were a number of reasons that the defense raised to

22   dismiss the case, and I'm guessing that I don't need to go

23   into the argument about the contract not being attached to

24   the policy, to the complaint.  We certainly allege that

25   it's in the possession of the defendant.  We don't have

Electronically signed by Doreen Strauss (201-310-019-3013)                                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

1   it.

2            As to the main issue which is the abatement

3   of the case, Fridman is clearly the dispositive case,

4   Supreme Court case from about a year ago, and it cites

5   numerous cases, and the two in particular are Allstate vs.

6   Ruiz and the Tranchese case, which both say that the

7   preferred approach is to abate the bad faith action rather

8   than dismissing that part of the claim, and Tranchese

9   actually said the appropriate step is to abate the bad

10   faith action rather than dismissing it.

11            Fridman says it's the preferred remedy.

12            I don't know what else the Supreme Court and

13   the district courts can say other than preferred,

14   appropriate, to give pause, to give reason to deny the

15   dismissal and say abatement is appropriate, and that's

16   what the Court should do in this particular case.

17            In addition, this is an argument that USAA

18   and the defense firm has raised in other cases, and as

19   recently as about two or three weeks ago in our motion we

20   cited the last time that we know that they raised this was

21   in Brevard County, and the judge there denied the motion

22   to dismiss, specifically stated that it's denied as far as

23   the motion to strike attorney's fees in Count Three, the

24   bad faith case, it's denied, says that that's all

25   premature and depends on what happens in the underlying

Electronically signed by Doreen Strauss (201-310-019-3013)                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 9

1   case.

2            But there's no discovery regarding the bad

3   faith issues which is what the appellate courts have said,

4   and it did strike the motion for prejudgment interest, so

5   we'll withdraw our motion, we'll withdraw our wherefore

6   clause for prejudgment interest.

7            We would ask that the Court abate all the

8   other claims relative to the bad faith.

9            Going back to the first argument raised by

10  the defense that the complaint was filed too early and the

11  60 days hadn't run, I don't know how many days have run

12  since the CRN was filed, but I'm guessing it's about 180

13  now, and there was, other than -- there was no curing of

14  the defect by USAA during that 60-day period up until

15  today.

16           There are cases that say that as the bad

17  faith count should be abated, you can abate rather than

18  dismiss the premature filing of the lawsuit, and the fact

19  is the amended complaint in this case was filed after the

20  60 days.

21           And I would cite to the Court State Farm vs.

22  Curran, a 2014 case, 135 So 3rd 1071, which says that the

23  premature filing is not grounds for dismissal.  It can be

24  abated until after the time period has run, which would be

25  after the 60 days, and our amended complaint which was

Electronically signed by Doreen Strauss (201-310-019-3013)                                                3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 10

1   filed January 4th was after the 60-day period had run.

2          So I think USAA had every opportunity to cure

3   their bad faith by paying the money.  They didn't.  The 60

4   days ran before the amended complaint was filed.

5          Fridman is clear that abatement is the

6   preferred remedy, and all the other appellate court cases

7   say preferred approach and appropriate approach is to

8   abate the bad faith claim.  That's what we would ask the

9   Court to do.

10          THE COURT:  You may respond.

11          MR. DOW:  Your Honor, just very briefly, the

12   statute is clear:  USAA is entitled to a 60-day cure

13   period during which litigation is not ongoing.  We did not

14   get that.  We still don't have that.

15          It's impossible to get in the time machine

16   and give us that without them starting from scratch and

17   doing it the right way, which is to file a CRN, give us 60

18   days, and then file the lawsuit.  I don't understand why

19   they didn't do this the first time.

20          Counsel, I'm certain counsel is aware of the

21   requirement, and it is not, it's not unknown.  It is not a

22   "gotcha" in the statute.

23          It's very simply file the CRN.  You wait 60

24   days.  You give USAA the 60 days where litigation is not

25   ongoing to consider it, and then you go forward if they

Electronically signed by Doreen Strauss (201-310-019-3013)                                   3edc2110-38c3-47ce-b677-0b1f7f47c1b3

1   don't cure, very simple.

2              As far as Fridman, what Fridman does not say,

3   Your Honor, is that dismissal cannot be used.  There is

4   not a single sentence or clause in Fridman that says

5   dismissal is inappropriate or may not be used.  It is

6   stated as an appropriate remedy.

7              Like I said, I would even agree that it could

8   be described as the preferred remedy in certain

9   circumstances, but there is no blanket prohibition on

10  dismissals.

11             I've argued this around the state to mixed

12  results and had judges tell me different judges do it

13  different ways and not all judges follow the preferred way

14  in every case.

15             And so respectfully, Your Honor, I would say

16  in an instance where USAA is at risk of losing a

17  substantive right and plaintiff is at risk of no

18  corresponding harm, to the extent Your Honor dismisses and

19  revisits this later, if you ever need to revisit this

20  later upon a victory on the UM claim, that this is the

21  case where that alternate remedy should be utilized, Your

22  Honor.

23             THE COURT:  Thank you.  Did you want one more

24  follow up?

25             MR. DAVID BARON:  Judge, again, that was the

Electronically signed by Doreen Strauss (201-310-019-3013)                                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

1    same argument that was made on March 21st.  It was a case

2    against USAA, and the judge there abated the bad faith

3    claim.

4                    THE COURT:  Thank you, thank you all.  This

5    Court is going to dismiss without prejudice and the time

6    period gets to start over.

7                    And what was not in consideration by this

8    Court was whether or not the defense will be barred from

9    pursuing that federal matter.  That was not a matter this

10   Court took into consideration.  It was not something that

11   this Court considered or factored in.

12                   MR. DAVID BARON:  Judge, just so I'm clear,

13   are you dismissing Count One and Count Two, or just the

14   bad faith claim without prejudice?

15                   THE COURT:  The bad faith claim without

16   prejudice.

17                   MR. DAVID BARON:  So Count One and Count Two

18   go forward, and we can amend as we see fit on the bad

19   faith claim?

20                   THE COURT:  That's correct.

21                   MR. DAVID BARON:  Okay.

22                   MR. DOW:  Very good, Your Honor.  Thank you.

23                   MR. DAVID BARON:  Thank you, Judge.

24                   THE COURT:  Thank you.

25                   MR. DAVID BARON:  We'll work out an order.

Electronically signed by Doreen Strauss (201-310-019-3013)                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 13

1    (Thereupon, proceedings were concluded at 2:50 p.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Electronically signed by Doreen Strauss (201-310-019-3013)                                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 14

1                    CERTIFICATE OF REPORTER

2

3    STATE OF FLORIDA)

4    COUNTY OF MIAMI-DADE)

5             I,  Doreen M. Strauss, do hereby certify that a

6    hearing in the case of Lissette Mirabal and Jose Mirabal,

7    plaintiffs, vs. USAA Casualty Insurance Company,

8    defendant, pending in the Circuit Court of the 11th

9    Judicial Circuit in and for Miami-Dade County, Florida,

10   No. 2016-028955-CA-(24), was heard before The Honorable

11   Eric Hendon, as Judge, April 12, 2017; that I was

12   authorized to and did report in shorthand the proceedings

13   and evidence in said hearing; and that the foregoing pages

14   numbered from 1 to 14, inclusive, constitute a true and

15   correct transcription of my shorthand report of said

16   proceedings.

17

18            IN WITNESS WHEREOF, I have hereunto affixed my

19   hand this 21st day of April, 2017.

20

21

22                   ------------------------
                     DOREEN M. STRAUSS
23

24

25

Def MSJ087

Electronically signed by Doreen Strauss (201-310-019-3013)                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO: ~~46-0102318-CA-01~~ 2016-28955 CA 24

MIR AMAL

Plaintiff(s),

vs.

USAA

Defendant(s),

ORDER
GRANTING/~~DENYING~~
~~PLAINTIFF'S~~/DEFENDANT'S
MOTION TO DISMISS
5th PART AND
DENYING ~ PART

THIS CAUSE having come on to be heard on _DEFENDANT'J_
on ~~Plaintiff's~~/Defendant's Motion _TO DISMISS THE AMENDED COMPLAINT_

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

_GRANTED AS TO COUNT III (BAD FAITH)(WITHOUT PREJUDICE)
OTHERWISE DENIED_

Def MSJ088

PLAINTIFF HAS WITHDRAWN CLAIM FOR PREJUDGMENT INTEREST

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida this _____

day of APRIL, 2017

FILED FOR RECORD
2017 APR 13 PM 1:53

**CIRCUIT COURT JUDGE**

Copies furnished to: Counsel of Record

117_01-554  3/11

DAVID BARLOW

Rosh Dar

Def MSJ089

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO: 2016-028955-CA-01

LISSETTE MIRABAL and JOSE MIRABAL,
Her husband,

     Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

## PLAINTIFF'S MOTION FOR RE-HEARING

COME NOW, the Plaintiffs, LISSETTE MIRABAL AND JOSE MIRABAL, moves this Court for a re-hearing on the Defendant's Motion to Dismiss Count III of the Complaint, and as grounds thereof states as follows:

1.     The court heard argument of counsel on April 12, 2017, and at that time granted the Defendant's Motion to Dismiss Count III of the Complaint as opposed to abating that portion of the action.

2.     On April 13, 2017, Circuit Court Judge Adrian Soud in Duval County heard the exact same argument from the Defendant, USAA, made by the same defense firm, Boyd & Jenerette, P.A., on behalf of USAA, and denied the defense Motion to Dismiss, and abated Count III of the Complaint. A copy of said Order entered on April 13, 2017 is attached hereto as Exhibit "A"

3.      At argument before this court, counsel for USAA presented an argument that the "bad faith" claim should be dismissed for two reasons:

      a.      That the Civil Remedy Notice had been filed and Suit had been filed prior to the expiration of the 60 day cure period; and

      b.      No "bad faith" action should be maintained or brought until there had been an adjudication of the underlying claim.

The court's Order did not specify which of those arguments resulted in the Court's dismissing that Count of the Complaint.

4.      The attached Order from Judge Soud in Duval County addressed the exact same two issues which were raised by USAA in that case and found no reason to dismiss Count III for either reason. As the Court stated, USAA had 60 days to cure the defect and the defect had not been cured within 60 days of the time the Complaint was filed and prior to the hearing. The same exact fact pattern applies to this case. Additionally, as the court cites from U.S. District Judge Marcia-Cooke, abatement is the proper remedy as opposed to the dismissal of the claim.

> Rooted in notions of judicial economy, the doctrine of abatement offers Courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for the future review if and when such issues ripen. This preservation of issues serves the dual purpose of empowering courts to heighten adjudicative efficiency and avoiding unnecessary repetition in filing or other waste of limited private resources. For obvious reasons, courts continually seek to make use of such opportunities for maximizing efficiency.

> At the same time, increased judicial efficiency offers a valuable secondary benefit in the form of greater public confidence in the judiciary. In furtherance of judicial economy, abatement is thus frequently preferable over dismissal as a means of postponing the adjudication of issues that have not yet become ripe.

*Beaubrun v. Geico Gen. Ins. Co.*, 16-24205-CIV, 2016 WL 6804626, AT *2-3(S.D. Fla. Nov. 17, 2016)

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

*Mirabal v. USAA, Case No: 16-028955*

WHEREFORE, Plaintiffs respectfully request that the court reconsider argument and consider the Order entered by Judge Adrian Soud, in Duval County, and abate Count III of the amended Complaint, rather than dismiss Count III.

Respectfully Submitted,

David F. Baron, Esquire

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record via the Florida Court's E-filing system in accordance with Florida Rule of Judicial Administration 2.516 on this 18th day of April, 2017.

Respectfully Submitted,

**BARON & HERSKOWITZ**
*Attorney's for the Plaintiff*

/S/ David F. Baron
David F. Baron Esq.
[FL Bar No. 297089
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida  33156
(305) 670-0101
Email:

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:     16-2017-CA-000301
DIVISION:     CV-E
JUDGE:     The Hon. Adrian G. Soud

THOMAS A. HYDE, and his wife,
HEATHER B. HYDE,
    Plaintiffs.

vs.

COLLIN   RICHARD   SANDIFER,
KIRK   MICHAEL   SANDIFER,   and
UNITED                    SERVICES
AUTOMOBILE ASSOCIATION,

    Defendants.

_____

## ORDER ON USAA'S MOTION TO DISMISS AND MOTION
## TO STRIKE COUNT III OF PLAINTIFFS' COMPLAINT

THIS MATTER came before the Court on April 6, 2017, upon Defendant

United Services Automobile Association's ("USAA's") Motion to Dismiss and

Motion to Strike Count III (Bad Faith Count) of Plaintiffs' Complaint (Doc. 9)

filed February 21, 2017.   Having heard argument of counsel, reviewed the

presented and relevant legal authorities, and being otherwise fully advised of the

premises herein, the Court finds as follows:

    1.    Plaintiffs filed a three count complaint on January 11, 2017.   Count I

is an automotive negligence claim against Defendants Collin and Kirk Sandifer.

Count II seeks uninsured/underinsured motorist ("UM") benefits from the



Plaintiffs' automobile insurer USAA. Count III asserts a statutory bad-faith claim against USAA pursuant to Fla. Stat. § 624.155.

2.    USAA moved to strike or dismiss count III based on the following arguments: 1) arguing that the bad-faith count should be dismissed as opposed to abated until after the full measure of damages are determined under counts I or II ; and 2) arguing that the bad-faith count was prematurely filed before the expiration of the 60-day cure period.

3.    The Court disagrees with both USAA's arguments, based on the following analysis and precedent.

4.    Pursuant to the "civil remedy" statue, no action will lie if, within sixty days of filing a civil remedy notice, "the damages are paid or the circumstances giving rise to the violation are corrected." § 624.155(3)(d), Fla. Stat. (2005). According to USAA, Plaintiffs filed their complaint with 23 days remaining for USAA to cure its alleged violations. However, it was undisputed that the 60 day cure period expired approximately two months ago on February 3, 2017, and that USAA failed to cure the alleged violations in the CRN during the 60 day window.

5.    In Florida, "[t]he general rule is that an action filed prematurely should be abated-not dismissed-until the cause of action matures." *Thomas v. Suwannee County*, 734 So. 2d 492, 497 (Fla. 1st DCA 1999) (citation omitted). As the First District explained in *Suwannee County*, "the passage of time had cured

2

the problem before the trial court acted.  Premature filing did not, therefore, justify dismissal[.]"  *Id.* at 497.  Likewise, in the instant case, the passage of time has cured this problem, and Plaintiffs' filing prematurely does not justify dismissal after the period has expired.  *See also* 1 Fla. Jur. 2d Actions § 93 (Feb. 2017) ("abatement is a proper remedy for the premature litigation of a claim for the period necessary for its maturation under the law[.]").

6.      The Florida Supreme Court has recently re-affirmed that abatement of first-party bad-faith actions until coverage and damage issues are resolved is procedurally appropriate.  *See Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1229 (Fla. 2016) ("Further, as the First District Court of Appeal has observed, 'the trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy.'" (*quoting with approval Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 595 (Fla. 1st DCA 2006)).

7.      Abatement of the bad-faith count in the first-party bad-faith context is in the best interest of judicial economy and will result in greater public confidence in the judiciary.  As U.S. District Judge Marcia Cooke recently explained while addressing this identical question:

> Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen.  This preservation of issues

3

serves the dual purpose of empowering courts to heighten adjudicative efficiency and avoiding unnecessary repetition in filing or other waste of limited private resources. For obvious reasons, courts continually seek to make use of such opportunities for maximizing efficiency.

At the same time, increased judicial efficiency offers a valuable secondary benefit in the form of greater public confidence in the judiciary. In furtherance of judicial economy, abatement is thus frequently preferable over dismissal as a means of postponing the adjudication of issues that have not yet become ripe.

*Beaubrun v. Geico Gen. Ins. Co.*, 16-24205-CIV, 2016 WL 6804626, at *2–3 (S.D. Fla. Nov. 17, 2016) (internal citations and quotations omitted).

8.     Therefore, to conserve precious judicial resources and to further public confidence in the judiciary, Count III will be abated pending disposition of the uninsured/underinsured claim or further order of this Court.

9.     Finally, USAA moved to strike the attorney fee claim pursuant to Fla. Stat. § 627.428 contained within Count II, the underinsured motorist count (paragraph 29 of the complaint) as inapplicable because USAA has not denied insurance coverage. The Plaintiff agreed, and, thus, by agreement of counsel, the Court strikes paragraph 29 from the complaint.

WHEREFORE, it is hereby **ORDERED AND ADJUDGED**, that:

1. Defendant's motion to dismiss Count III of the Complaint is **DENIED.**

2. Count III of the Complaint is hereby abated.

4

3. Paragraph 29 of the Complaint is hereby stricken.

DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this 13 day of April, 2017.

_____
ADRIAN SOUD, Circuit Court Judge

Copies furnished to:

Curry Gary Pajcic (Curry@pajcic.com)
Drew Collins & Billie Jo Taylor, Attorneys for USAA (efiling@boyd-jenerette.com)
Martin H. Sitler, Attorney for the Sandifers (mhsitler@mdwcg.com)

5

**DiPasquale, Lisa**

| | |
|---|---|
| **From:** | Kartiganer, Craig |
| **Sent:** | Thursday, April 20, 2017 4:59 PM |
| **To:** | David Baron |
| **Cc:** | Burgess, Dawn; DiPasquale, Lisa |
| **Subject:** | Lissette Mirabal (#3439868-023)DOL: 6/4/15   Mirabal v USAA CIC ALIS 2016-36322 |

Thank you for taking the time to speak with me this afternoon. As discussed I have been authorized to resolve this pending claim with your client for the available limits of the UM policy of $75,000. I understand you have to check with your client if the tender of the limits will be accepted.

If we are to resolve this case, at this time, we will exchange a settlement draft for properly executed closing documents to include a release and stipulation to dismiss the pending claim, with prejudice. I expect we would be able to work out any issues you might have with the proposed closing documents. The plaintiff would resolve any lien claims from the settlement proceeds.

If the matter is to be resolved, please provide us (reply to all) with a W-9, your firm's tax ID number and instruction for the settlement draft.

**Craig Kartiganer** | Trial Attorney | South Florida Staff Counsel
Law Offices of Robert D. Tetreault
Litigation Group | General Counsel | USAA
1000 S. Pine Island Road, Suite 420, Plantation, Florida 33324
Cell: 954-309-4191| Office: 954-370-3129 | Fax: 954-474-0689
USAA Extension: 49943
craig.kartiganer@usaa.com
usaa.com | facebook.com/usaa | twitter.com/usaa | youtube.com/usaa

Legal Assistant: Dawn Burgess (dawn.burgess@usaa.com 954-370-3129)

E-Mail for service of Court documents: clk.pld.sfl@usaa.com

This e-mail and any attachments are confidential and may be the subject of legal professional privilege. If you are not the intended recipient, any use, disclosure or copying of this document is unauthorized. If you have received this document and/or attachments in error, please immediately notify the sender and delete this e-mail from your computer. Thank you
There shall be no waiver of confidentiality in the event the recepient receives this in error. Fla.R.Civ.P. 1.285

1


USAA Confidential

0901119c9a50bf09

**DiPasquale, Lisa**

| | |
|---|---|
| **From:** | Kartiganer, Craig |
| **Sent:** | Thursday, May 04, 2017 5:39 PM |
| **To:** | DiPasquale, Lisa |
| **Cc:** | Burgess, Dawn; Tetreault, Robert |
| **Subject:** | FW: Lissette Mirabal (#3439868-023)DOL: 6/4/15   Mirabal v USAA CIC ALIS 2016-36322 |

The policy limits have been rejected.  How do you want to proceed?

CIK

**From:** David Baron [mailto:david@bhfloridalaw.com]
**Sent:** Thursday, May 04, 2017 4:28 PM
**To:** Kartiganer, Craig
**Subject:** EXTERNAL: RE: Lissette Mirabal (#3439868-023)DOL: 6/4/15 Mirabal v USAA CIC ALIS 2016-36322

Dear Craig,

In follow up of our phone conversation this is to confirm that we can no longer resolve this case for the $75,000 which has belatedly been offered by USAA.  As you are aware we requested a tender of policy limits and when an offer of $7,000 was made, we filed a civil remedy notice.  In response, USAA raised the offer to $11,000, which was wholly inadequate in light of the final medical report of Dr. Steven Kobetz, the neurologist who treated my client both before and after the subject accident.  In his report, which was sent to USAA well before suit was filed,  Dr. Kobetz explained the new problems caused by the subject accident and stated that my client would require a cervical decompression as a result of the accident and that she would incur in excess of $100,000 more in future medical costs as a result of the accident.   My client was hoping that she would have been able to resolve the case with USAA.  Now that she has undergone a two level cervical fusion, the health insurance lien on the file has increased substantially and will attach to any recovery she makes.  Had USAA tendered the policy in a timely manner, the lien would have been resolved prior to the increase due to the surgical costs.

Should USAA wish to discuss a resolution of this matter it will have to be on an extracontractual basis.

Should you have any questions as to the above, please feel free to call me.

Thank you for your ongoing cooperation.

Very truly yours,


David F. Baron
Baron & Herskowitz
9100 S. Dadeland Blvd.
Suite 1704
Miami, Fl. 33156
305 670-0101  Miami-Dade
954 760-9022  Broward
305 670-2393  fax
david@bhfloridalaw.com

1

USAA Confidential

0901119c9a7c23bf



9800 Fredericksburg Road
San Antonio, TX 78288

DAVID BARON                                                                    May 17, 2017
DAVID F BARON LAW OFFICE
9100 S DADELAND BLVD STE 1704
MIAMI FL 33156-7817

Reference: Automobile Accident

Dear Mr. Baron,

I'm writing regarding the claim referenced below.

| | |
|---|---|
| **Policyholder:** | Lissette A Mirabal |
| **Reference #:** | 003439868–23 |
| **Date of loss:** | June 4, 2015 |
| **Loss location:** | Miami, Florida |
| **Your Client::** | Lissette and Jose Mirabal |

Enclosed is our check for $75,000 which is a tender of the Uninsured Motorist policy limits of $75,000 for your client, Lissette Mirabal's injuries arising from the accident of June 4, 2015.

You may submit correspondence or questions to me using one of the following options:

| | |
|---|---|
| **Address:** | Auto Injury Solutions |
| | Attn: USAA Medical Mail Dept. |
| | P.O. Box 26001 |
| | Daphne, AL 36526 |
| **Fax:** | 866-828-2330 |
| **Phone:** | (800) 531-8722 x44582 |

Sincerely,

*Lisa R. Di Pasquale*

Lisa R DiPasquale
Southeast Regional Office
USAA Casualty Insurance Company

cc : Chris Wadsworth

003439868 - DM-04664 - 23 - 4253 - 48                                    54577-1216

Page 1 of 1

0901119c9a9face1

USAA Confidential
Def MSJ100

Return to Requestor
SERO

BARON AND HERSKOWITZ TRUST ACCT F/B/O
LISSETTE MIRABAL & JOSE MIRABAL
9100 S DADELAND BLVD STE 1704
MIAMI, FL 33156-7817

USAA Casualty Insurance Company
10750 McDermott Fwy
San Antonio, TX 78288-0544

| | |
|---|---|
| INVOICE #: | USAA-6898003430482554640 |
| USAA#: | 003439868 |
| POLICYHOLDER: | LISSETTE A MIRABAL |
| ADDITIONAL INFO: | Lisa DiPasquale, TFL RO C O5 X |

| | |
|---|---|
| LOSS RPT #: | 23 |
| LOSS DATE: | 06/04/2015 |
| LOB: | AUT |
| CLAIMS REP: | 04253-22 |
| CHECK #: | 0018467370 |
| CHECK DATE: | 05/17/2017 |

| EXPLANATION OF PAYMENT | TOTAL PAYMENT AMOUNT |
|---|---|
| Payment under Uninsured Motorists Bodily Injury coverage | |
| | $75,000.00 |

10430-1015

*** FACE OF DOCUMENT ***

USAA Casualty Insurance Company
10750 McDermott Fwy
San Antonio, TX 78288-0544

Bank of America
Hartford, CT.       51-44/119 CT

| Date | |
|---|---|
| 05/17/2017 | 0018467370 |

Pay   ****SEVENTY-FIVE THOUSAND AND XX/100 DOLLAR ****                    ****$75,000.00

To The
Order Of   BARON AND HERSKOWITZ TRUST ACCT F/B/O
            LISSETTE MIRABAL & JOSE MIRABAL

LOB: AUT

| USAA#
003439868 | LOSS RPT #
23 | LOSS DT
06/04/2015 | POLICYHOLDER
LISSETTE A MIRABAL |
|---|---|---|---|

NATURE OF PAYMENT:
Payment under Uninsured Motorists Bodily Injury coverage

Void After 180 days from issue date

Authorized Signature

"0018467370"  "011900"  "0156851"

USAA Confidential

Def MSJ101

From:                                    05/22/2017 09:23      #862 P.001/005

# BARON & HERSKOWITZ

## TRIAL LAWYERS

9100 SOUTH DADELAND BOULEVARD
ONE DATRAN CENTER
SUITE 1704
MIAMI, FLORIDA 33156
TELEPHONE NUMBER (305) 670·0101
FACSIMILE NUMBER (305) 670·2393
BROWARD (954)760·9022
www.bhfloridalaw.com

**DAVID F. BARON**

**JON M. HERSKOWITZ**
ALSO ADMITTED IN COLORADO
AND WASHINGTON, D.C.

OF COUNSEL

**JACK L. HERSKOWITZ, P.A.**

**KAREN B. BERNSTEIN**

**LORI FRIEDMAN**

May 19, 2017

**Via US Mail & Fax: 1866-828-2330**

Lisa DiPasquale
USAA
PO Box 26001
Daphne, AL 36526
**Attention: Underinsured Motorist Claim**

RE:   **Client/Insured:**   **Lissette Ana Mirabal**
      **Claim No:**          **003439868-23**
      **Date of Loss:**      **June 04, 2015**

Dear Ms. DiPasquale:

In response to your letter of May 17, 2017, of forwarding a check for $75,000.00, I am returning same to you. I enclose a copy of the e-mail which was sent to your prior counsel, Craig Kartiganer, in this matter which explains why we are not accepting the $75,000.00 at this time.

Should you have any questions regarding any of the above, please feel free to contact me.

Very truly yours,

*David F. Baron*

David F. Baron

DFB:co

0901119c9aaf1e09



Def MSJ102
USAA Confidential

From:                                    05/22/2017 09:23      #862 P.002/005

**David Baron**
_____

From:        David Baron
Sent:        Thursday, May 04, 2017 4:28 PM
To:          'Kartiganer, Craig'
Subject:     RE: Lissette Mirabal (#3439868-023)DOL: 6/4/15   Mirabal v USAA CIC ALIS 2016-36322

Dear Craig,

In follow up of our phone conversation this is to confirm that we can no longer resolve this case for the $75,000 which has belatedly been offered by USAA. As you are aware we requested a tender of policy limits and when an offer of $7,000 was made, we filed a civil remedy notice. In response, USAA raised the offer to $11,000, which was wholly inadequate in light of the final medical report of Dr. Steven Kobetz, the neurologist who treated my client both before and after the subject accident. In his report, which was sent to USAA well before suit was filed, Dr. Kobetz explained the new problems caused by the subject accident and stated that my client would require a cervical decompression as a result of the accident and that she would incur in excess of $100,000 more in future medical costs as a result of the accident. My client was hoping that she would have been able to resolve the case with USAA. Now that she has undergone a two level cervical fusion, the health insurance lien on the file has increased substantially and will attach to any recovery she makes. Had USAA tendered the policy in a timely manner, the lien would have been resolved prior to the increase due to the surgical costs.

Should USAA wish to discuss a resolution of this matter it will have to be on an extracontractual basis.

Should you have any questions as to the above, please feel free to call me.

Thank you for your ongoing cooperation.

Very truly yours,

David F. Baron
Baron & Herskowitz
9100 S. Dadeland Blvd.
Suite 1704
Miami, Fl. 33156
305 670-0101 Miami-Dade
954 760-9022 Broward
305 670-2393 fax
david@bhfloridalaw.com

From: Kartiganer, Craig [mailto:Craig.Kartiganer@usaa.com]
Sent: Thursday, April 20, 2017 4:59 PM
To: David Baron <david@bhfloridalaw.com>
Cc: Burgess, Dawn <Dawn.Burgess@usaa.com>; DiPasquale, Lisa <Lisa.DiPasquale@usaa.com>
Subject: Lissette Mirabal (#3439868-023)DOL: 6/4/15 Mirabal v USAA CIC ALIS 2016-36322

j



Def MSJ103
USAA Confidential

0901119c9aaf1e09

Thank you for taking the time to speak with me this afternoon.  As discussed I have been authorized to resolve this pending claim with your client for the available limits of the UM policy of $75,000.  I understand you have to check with your client if the tender of the limits will be accepted.

If we are to resolve this case, at this time, we will exchange a settlement draft for properly executed closing documents to include a release and stipulation to dismiss the pending claim, with prejudice.  I expect we would be able to work out any issues you might have with the proposed closing documents.  The plaintiff would resolve any lien claims from the settlement proceeds.

If the matter is to be resolved, please provide us (reply to all) with a W-9, your firm's tax ID number and instruction for the settlement draft.

**Craig Kartiganer | Trial Attorney | South Florida Staff Counsel**
Law Offices of Robert D. Tetreault
Litigation Group | General Counsel | USAA
1000 S. Pine Island Road, Suite 420, Plantation, Florida, 33324
Cell: 954-309-4191| Office: 954-370-3129 | Fax: 954-474-0689
USAA Extension: 49943
craig.kartiganer@usaa.com
usaa.com | facebook.com/usaa | twitter.com/usaa | youtube.com/usaa

Legal Assistant: Dawn Burgess (dawn.burgess@usaa.com 954-370-3129)

E-Mail for service of Court documents: clk.pid.sfl@usaa.com

This e-mail and any attachments are confidential and may be the subject of legal professional privilege. If you are not the intended recipient, any use, disclosure or copying of this document is unauthorized. If you have received this document and/or attachments in error, please immediately notify the sender and delete this e-mail from your computer. Thank you
There shall be no waiver of confidentiality in the event the recipient receives this in error. Fla.R Civ.P 1.285

Def MS 1104

USAA Confidential

0901119c9aaf1e09

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

LISSETTE MIRABAL and
JOSE MIRABAL, her husband,

CASE NO.: 2016-028955-CA-01

        Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

        Defendants.

_____/

## DEFENDANT'S, USAA CASUALTY INSURANCE COMPANY, MOTION FOR FINAL SUMMARY JUDGMENT, AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, Defendant, USAA CASUALTY INSURANCE COMPANY ("USAA"), by and through the undersigned counsel, and pursuant to the applicable Florida Rules of Civil Procedure, hereby files its Motion for Final Summary Judgment, and Incorporated Memorandum of Law, and as grounds therefore, states as follows:

### STATEMENT OF THE FACTS

1.    On January 4, 2017, Plaintiffs filed a four (4) count Amended Complaint for:

| | |
|---|---|
| Count I: | Untitled but purports to assert a claim for UM benefits |
| Count II: | Loss of Consortium |
| Count III: | Statutory Bad Faith |
| Count IV: | Declaratory Judgment |

A copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit "A."

2.      On April 12, 2017, a hearing was held on Defendant's Motion to Dismiss, and the Court dismissed Count III (Statutory Bad Faith) of Plaintiffs' Complaint and allowed Counts I and II to proceed.  A copy of the hearing transcript is attached hereto as Exhibit "B."

3.      On June 21, 2017, by Agreed Order, this Court Granted Defendant's Motion to Strike Count IV (Declaratory Judgment) of Plaintiffs' Amended Complaint, leaving only Count I and II of Plaintiffs' Amended Complaint at issue. A copy of this Court's June 21, 2017 Order is attached hereto as Exhibit "C."

4.      By way of background, On October 27, 2016, Plaintiffs filed a Civil Remedy Notice against USAA.   Florida Statute §624.155 mandates that USAA be given sixty (60) days to cure the alleged violation.

5.      Due to the Plaintiffs failing to comply with the statutorily required 60 day cure period as a condition precedent, by filing suit prior to the expiration of the safe harbor period, this Court ordered, on April 12, 2017, that "the time period gets to start over." See Exhibit "B" hereto.

6.      Plaintiffs never filed a new Civil Remedy Notice to start the time period over.  However, even if the Court were to allow the time period to start over again from the date of April 12, 2017 when the Court dismissed Count III (Statutory Bad Faith) and announced that "the time period gets to start over," that 60 day time period would not have expired until June 12, 2017.

7.     On May 17, 2017, well within the applicable sixty (60) day safe harbor period, the Defendant, USAA, tendered to the Plaintiffs the full amount of their Uninsured Motorist policy limits of $75,000.00. See Exhibit "D" hereto.

8.     Plaintiffs have admitted that the damages in Counts I and II are limited to the policy limits of $75,000.00.   See Plaintiffs' Response to Request for Admissions, attached hereto as Exhibit "E."

9.     The full amount of the Uninsured/Underinsured Motorist policy limits of $75,000.00 having been tendered, this action is moot as there is no justiciable issue left to be decided by the Court.  There is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law.


## MEMORANDUM OF LAW

"[S]ummary judgment 'is a proper and necessary means for accomplishing the purpose of terminating litigation short of a jury trial, which satisfies the constitutional "right of access" to the courts as a means of resolving civil disputes.'" *Stepp v. State Farm Fire & Cas. Co.,* 656 So.2d 494, 496-497 (Fla. 1st DCA 1995), rev. denied, 663 So.2d 632 (Fla. 1995) (quoting from *Cassel v. Price,* 396 So.2d 258, 259-62 (Fla. 1st DCA 1981)).  Pursuant to Fla.R.Civ.P. 1.510, a court must grant a motion for summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

Further, "[w]here a statute has clear and unambiguous wording, this Court will defer to that clear wording, and is not free to speculate on the repercussions. *Auto–Owners Insurance Co. v. Conquest*, 658 So.2d 928 (Fla.1995) (relating to § 624.155). Also, the interpretation of an insurance contract is a question of law which may be determined on summary judgment." *Talat Enterprises, Inc. v. Aetna Life & Cas.*, 952 F. Supp. 773, 776 (M.D. Fla. 1996), *citing Galen Health Care, Inc. v. American Company of Reading, Pennsylvania*, 913 F.Supp. 1525, 1528 (M.D.Fla.1996).

Florida law is clear that pre-suit notice is a condition precedent to brining an action pursuant to Fla. Stat. § 624.155.  Specifically, a plaintiff must first give written notice of the alleged violation by filing a Civil Remedy Notice ("CRN") with Florida's Department of Financial Services ("DFS") and serving the CRN upon the insurer.  The insurer then has sixty (60) days within which to cure the alleged violation.  Only at the end of the sixty (60) day period ("cure period") may a plaintiff assert a claim for statutory bad faith, once said claim becomes ripe. is "clear and unambiguous" in stating that "[n]o action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected."

Upon the filing of a Civil Remedy Notice (CRN), the insurer then has sixty (60) days within which to cure the alleged violation. Fla Stat. §624.155(3)(a). The sixty (60) day time frame is designed as a "cure period" to encourage the insurer to resolve the

underlying claim without the need to litigation, thereby curing the alleged violation set out in the CRN. *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1282 (Fla. 2000).

In the case at bar, this Court dismissed Plaintiffs' claim for statutory bad faith under Fla Stat. §624.155 (Count III of Plaintiff's Amended Complaint) on April 12, 2017 for Plaintiff's violation of the statutorily required cure period as a condition precedent, and ordered that "the time period gets to start over." See Exhibit "B" hereto.

Plaintiffs never filed a new Civil Remedy Notice to start the time period over. However, even if the Court were to allow the time period to start over again from the date of April 12, 2017 when the Court dismissed Count III (Statutory Bad Faith) and announced that "the time period gets to start over," that 60 day time period would not have expired until June 12, 2017.

Plaintiffs have admitted that the damages in Counts I and II are limited to the policy limits of $75,000.00. See Plaintiffs' Response to Request for Admissions, attached hereto as Exhibit "D." On May 17, 2017, well within the applicable sixty (60) day safe harbor period, the Defendant, USAA, tendered to the Plaintiffs the full amount of their Uninsured Motorist policy limits of $75,000.00. See Exhibit "D" hereto.

Therefore, with or without any proper statutorily required Civil Remedy Notice, Defendant, USAA, has cured any violation.

It is well settled under Florida Law that "[a]n action to recover UM benefits is based on a contract but it has its underpinnings in tort liability. Where no dispute exists

as to the policy limits or available coverage and such limits are made known to the insured, the amount of the judgment against the insurer may not exceed the policy limits." *GEICO Cas. Co. v. Barber*, 147 So.3d 109, 111 (Fla. 5th DCA 2014), *citing Nationwide Mut. Fire Ins. Co. v. Voigt*, 971 So.2d 239, 242 (Fla. 2d DCA 2008).

If a jury, in a UM case such as this, were to find the uninsured / underinsured tortfeasor liable to the plaintiff policyholder for damages at a dollar point in excess of the UM policy limits, the court would enter a judgment against the insurer reduced to the UM policy limit. *Nationwide Mut. Fire Ins. Co. v. Voigt*, 971 So. 2d 239, 242 (Fla. 2d DCA 2008). The Plaintiffs could never recover a judgment in excess of the $75,000 UM contract limit because UM actions are "exclusively a claim for benefits under the policy . . . ." *Voigt*, 971 So. 2d at 242.

In the case at bar, Defendant, USAA, promptly tendered its policy limits of $75,000 to the Plaintiffs on May 17, 2017, within sixty (60) days of the Court's April 12, 2017 ruling that "the time period gets to start over," and without the Plaintiffs ever even filing a new Civil Remedy Notice to start the time period over.

Upon the tender of policy limits, there were no longer any issues to adjudicate. This case has become moot. USAA's tender of policy limits resolved the only issues remaining before the Court in Plaintiff Amended Complaint, as the Statutory Bad Faith claim (Count III) and Declaratory Judgment claim (Count IV) have been dismissed.

"When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Wollard v. Lloyd's and Companies of Lloyd's*, 439 So.2d 217, 218-219 (Fla. 1983).

"It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions on moot questions, or to declare principles or rules of law which cannot affect the matter in issue." *Carlin v. State*, 939 So. 2d 245, 247 (Fla. 1st DCA 2006).

When Defendant, USAA, tendered the its Uninsured/Undersinsured Motrorist policy limits of $75,000, the power of the court to grant relief sought in the pleadings – payment of the $75,000 policy limits - was exhausted.

WHEREFORE, Defendant, USAA, respectfully requests that its Motion for Final Summary Judgment be granted on the grounds that there is no genuine issue of any material fact and the Defendant, USAA, is entitled to judgment as a matter of law.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** a true copy of the foregoing was provided, via E-Mail to: david@bhfloridalaw.com and secretary@bhfloridalaw.com at: David F. Baron, Esq., Baron & Herskowitz, 9100 South Dadeland Blvd., Suite 1704, Miami, Florida 33156 on the 6th of July, 2017.

**WADSWORTH LAW, LLLP**
Attorneys for Defendant
14 N.E. 1st Avenue, 10th Floor
Miami, FL  33132
(305) 777-1000 Telephone
(305) 777-1001 Facsimile

By: _____

Jamie Clark Dixon
Florida Bar No. 756881
E-Mail: jcd@wadsworth-law.com
Christopher W. Wadsworth
Florida Bar No. 78026
E-Mail: cw@wadsworth-law.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO: 2016-028955-CA-01

LISSETTE MIRABAL and JOSE MIRABAL,
Her husband,

     Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, by and

through the undersigned attorneys, hereby files his Complaint as follows:

### COUNT I

1.     This is an action for uninsured/underinsured motorist benefits pursuant to

an automobile insurance policy in excess of the Fifteen Thousand Dollars ($15,000.00)

jurisdictional limits of this Court, exclusive of interest and costs.

2.     The Defendant, USAA CASUALTY INSURANCE COMPANY, was and is

an insurance company authorized to do business in Miami-Dade County, Florida.

3.     The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, were insured

under a policy of insurance with the Defendant, USAA CASUALTY INSURANCE

**BARON & HERSKOWITZ**
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ113


EXHIBIT "A"

COMPANY, policy number 003439868-7101-19. Said policy provided for uninsured motorist coverage.

4.     The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL are not in possession of said policy. The policy is in the sole custody, possession, and control of the Defendant, USAA CASUALTY INSURANCE COMPANY.

5.     This policy was in full force and effect on the date of the accident, June 4, 2015.  Said policy provided for uninsured/underinsured motorist coverage for the Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL.

6.     On or about June 4, 2015, the Plaintiff, LISSETTE MIRABAL, was stopped at a red light on S.W. Datran Drive, near Dadeland Boulevard, Miami-Dade County, Florida, when she was struck from the rear by an underinsured/uninsured motorist, Jamai Hensel.

7.     As a result of this accident, the Plaintiff, LISSETTE MIRABAL, is legally entitled to uninsured motorist benefits.

8.     Plaintiff, LISSETTE MIRABAL, has performed all conditions precedent prior to bringing this action.

9.     As a result of the negligence of the underinsured motorist, Plaintiff, LISSETTE MIRABAL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ114

permanent or continuing and Plaintiff, LISSETTE MIRABAL, will suffer the losses in the future.

WHEREFORE, Plaintiff, LISSETTE MIRABAL, demands judgement against Defendant USAA CASUALTY INSURANCE COMPANY, for the total amount of Plaintiff's damages, plus the costs of the action and demands a trial by jury for all issues so triable by right.

## COUNT II

### LOSS OF CONSORTIUM

10.    Plaintiff, JOSE MIRABAL, reaffirms and re-avers paragraphs 1-9 as if same were fully set forth herein.

11.    At all times material hereto, JOSE MIRABAL was and is married to LISSETTE MIRABAL.

12.    As a result of LISSETTE MIRABAL's personal injuries as afore alleged, JOSE MIRABAL has lost the care, comfort, and society of his wife, LISSETTE MIRABAL. These injuries are either permanent, temporary, or are continuing in nature.

WHEREFORE, JOSE MIRABAL demands judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY, jointly and severally, plus court costs, and demands a trial by jury for all issues so triable by right, along with all other just and equitable relief that the Court deems necessary and proper under the circumstances.

## COUNT III

### VIOLATIONS OF FLORIDA STATUTES §624.155

3

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ115

*Mirabal v. USAA Case No: 16-028955*
*Amended Complaint*

13.    Plaintiffs herein readopt and re-allege each and every allegation contained in paragraphs 1 through 12 as if same were fully set forth herein.

14.    That this claim will ripen upon the determination by the Court or by confession of judgment by Defendant, USAA CASUALTY INSURANCE COMPANY, that Plaintiffs are entitled to damages in excess of the limit of uninsured motor vehicle benefits under the policy of insurance (policy number 003439868-7101-19).

15.    That Plaintiffs timely reported the claim to Defendant, USAA CASUALTY INSURANCE COMPANY, and otherwise complied with all of their obligations under the policy of insurance.

16.    That Defendant, USAA CASUALTY INSURANCE COMPANY, failed to attempt in good faith to settle Plaintiffs' claim for UM benefits when it could and should have done so had it acted fairly and honestly towards its insured and with due regard for his interests.

17.    That on October 27, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance alleging violations of sections 624.155(1)(b)(3), Florida Statutes. Copy of the aforesaid CRN attached hereto as *Exhibit "A"*.

18.    That Defendant USAA CASUALTY INSURANCE COMPANY has 60 days from the filing of the CRN to cure its violation and Defendant's failure to do so will cause this claim to mature.

19.    That as a result of the injuries caused by the negligence of the negligent underinsured driver and the relationship between the parties under the policy

4

Def MSJ116

*Mirabal v. USAA Case No: 16-028955*
*Amended Complaint*

of insurance, Defendant USAA CASUALTY INSURANCE COMPANY owed a duty to Plaintiff to attempt in good faith to settle Plaintiffs' underinsured motor vehicle claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiffs' interests. Defendant USAA CASULATY INSURANCE COMPANY further owed to Plaintiffs a duty to refrain from engaging in unfair claim settlement practices.

20.     That Defendant USAA CASUALTY INSURANCE COMPANY breached its duties to Plaintiffs, in violation of section 624.155, Florida Statutes, by:

a.     failing to attempt, in good faith, to settle Plaintiffs' underinsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for the Plaintiffs' interests, who was an insured, in violation of section 624.155(1)(b)(1), Florida Statutes;

b.     failing to properly train adjusters and claims personnel;

c.     placing its own financial interests before that of Plaintiffs;

d.     engaging in unfair claims settlement practices in violation of section 626.9541(1)9i)3.a ,c, d, f, and g, Florida Statutes. Specifically, Defendant USAA CASUALTY INSURANCE COMPANY:

i.     failed to adopt and implement standards for the proper investigation of claims, including coverage;

ii.     failed to acknowledge and act promptly upon communications with respect to Plaintiffs' underinsured motorist

5

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ117

claim, including its failure to properly respond to Plaintiffs' multiple

written requests for coverage information and demands for payment of all

underinsured motorist benefits under the Policy;

   iii. failed to conduct a reasonable investigation based on the

available information, even disregarding Plaintiffs' repeated efforts to

assist Defendant, USAA CASUALTY INSURANCE COMPANY,

in its investigation;

   iv. failed to provide a reasonable written explanation of the

basis in the insurance policy, in relation to the facts or applicable law, for

its lack of any reasonable offer of settlement;

   21. That the acts complained of herein constituted Defendant's, USAA

CASULATY INSURANCE COMPANY's general business practices, in that they (a) were

expressions of, and in compliance with, standard company practices and procedures, (b)

are said by Defendant USAA CASUALTY INSURANCE COMPANY, to be in conformity

with what it contends are standard and good faith claims practices, and consequently or

incidentally, (c) occur with such frequency as to indicate general business practices.

   22. That as a direct and proximate result of Defendant's, USAA

CASUALTY INSURANCE COMPANY's, actions and/or inactions as set forth above,

Plaintiffs have been damaged.

   23. That Plaintiffs had to retain the services of the undersigned attorneys

and contract with them for the payment of their attorney's fees to bring the action and

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ118

obtain the payment of the excess damages caused by Defendant USAA CASUALTY INSURANCE COMPANY.

      24.     That pursuant to sections 624.155 and 627.727(10) Florida Statutes, Plaintiffs are entitled to recover the total amount of damages suffered, including the amount in excess of the policy limits, including any interest on unpaid benefits, attorney's fees and costs, and any damages caused by a violation of the laws of the State of Florida.

      25.     That all conditions precedent to Plaintiffs' rights to bring this action have occurred or have been satisfied.

      WHEREFORE, Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, demand judgement against Defendant USAA CASUALTY INSURANCE COMPANY, for the total amount of Plaintiffs' damages recoverable pursuant to sections 624.155 and 627.727(10) Florida Statutes, plus the costs of the action and attorney's fees and demands a trial by jury for all issues so triable by right.

## COUNT IV

## ACTION FOR DECLARATORY JUDGEMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES

      26.     Plaintiffs herein readopts and re-alleges each and every allegation contained in paragraphs 1 through 25 as if the same were fully set forth herein.

      27.     That this is an action for declaratory relief pursuant to Chapter 86 of the Florida Statutes.

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ119

28.     That Plaintiffs are in doubt about the apportionment of liability, if any, and the total amount of their damages as a result of the motor vehicle collision of June 4, 2015.

29.     That there exists a bona fide, actual, present practical need for a determination of liability for the subject motor vehicle collision and the total amount of damages suffered by Plaintiffs as the result of the collision.

30.     That Plaintiffs' statutory right to prosecute their claim for bad faith pursuant to section 624.155, Florida Statutes, a claim that is properly before this Court, is dependent upon the determination of liability and total damages as a result for the subject motor vehicle collision.

31.     That all persons with antagonistic and adverse interests in the subject matter of this action for declaratory judgement are present before the Court by proper process.

32.     That the declaration sought by Plaintiffs does not amount to mere legal advice or the answer to questions propounded from curiosity.

33.     That Defendant, USAA CASUALTY INSURANCE COMPANY, disputes liability and the total amount of damages alleged in this Complaint.

34.     That a substantial amount of discovery will be done on the issues of liability and damages in this case and those efforts will be wasted unless a final, appealable judgement is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the motor vehicle collision of June 4, 2015.

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ120

35.     That under *Geico General Insurance Co. v. Bottini*, 93 So.3d 476 (Fla 2d DCA 2012) and *King v. Government Employees Insurance Co.*, No. 8:10-cv-977-T-30AEO, 2012 WL4052271 (M.D. Fla. Sept. 13, 2012), the amount of any verdict for UM benefits rendered in excess of the UM policy limits is not appealable and may not be binding in a subsequent bad faith action.

36.     That a declaratory judgment will provide Defendant, USAA CASUALTY INSURANCE COMPANY, with a final judgement on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limit.

**WHEREFORE,** Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, request that this Honorable Court accept jurisdiction and enter a declaratory judgement finding and determining liability and the total amount of damages suffered by Plaintiffs, including pre-judgement and post-judgement interest, attorney's fees pursuant to sections 624.155 and 627.727(10), Florida Statutes, costs, and any other relief this Court deems equitable, just, and proper.

9

Def MSJ121

*Mirabal v. USAA Case No: 16-028955*
*Amended Complaint*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record via the Florida Court's E-filing system in accordance with Florida Rule of Judicial Administration 2.516 on this 4th day of January, 2017.

Respectfully Submitted,

**BARON & HERSKOWITZ**
*Attorney's for the Plaintiff*

/S/ Matthew H. Baron
Matthew H Baron Esq.
[FL Bar No. 0118080]
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida  33156
(305) 670-0101
Email: Matthew@bhfloridalaw.com

10

Def MSJ122

Page 1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2016-028955-CA-(24)

LISSETTE MIRABAL and JOSE MIRABAL,
Her Husband,

      Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

      Defendant.
----------------------------------------/

                      Miami-Dade County Courthouse,
                      Miami, Florida,
                      Wednesday, 2:37 p.m.,
                      April 12, 2017.

        The above-entitled cause came on for hearing
before the Honorable Eric Hendon, as Circuit Court Judge,
pursuant to notice.

      APPEARANCES:

              BARON & HERSKOWITZ, by
              DAVID F. BARON, Esq., and
              MATTHEW BARON, Esq., of counsel
              Attorneys for Plaintiffs

              BOYD & JENERETTE, P.A., by
               RANDY DOW, Esq., of counsel
               Attorneys for Defendant

                ---



Electronically signed by Doreen Strauss (201-310-019-3013)

Def MSJ123

3edc2110-30c3-47ac-b0f7-b3f..fe21b3

EXHIBIT
"B"

Page 2

```
 1              THE COURT:  The parties for the 2:30, have a
 2    seat.  Good afternoon.  I'm Judge Eric Hendon.  We're here
 3    on the matter of Lissette Mirabal and Jose Mirabal vs.
 4    USAA Casualty Insurance Company, Case Number 2016-028995.
 5    Parties, announce your presence for the record.
 6              MR. DAVID BARON:  Good afternoon, Your Honor.
 7    David and Matthew Baron on behalf of Lissette and Jose
 8    Mirabal.
 9              MR. DOW:  Your Honor, Randy Dow with Boyd and
10    Jenerette here on behalf of defendant USAA Casualty
11    Insurance Company.
12              THE COURT:  Yes.  We're here for defendant's
13    motion to dismiss and motion to strike amended complaint.
14    You may proceed.
15              MR. DOW:  Thank you, Your Honor.  As you
16    indicated, this is a motion to dismiss and a motion to
17    strike.  The underlying complaint is an action including
18    claims for uninsured motorist coverage, and importantly,
19    for bad faith.  I'm sure Your Honor has reviewed the
20    motions and the documents.
21              I will take a second to discuss the timeline
22    here because it's very important, Your Honor.  The civil
23    remedy notice was filed October 27, 2016, which, by virtue
24    of that, the safe harbor period wouldn't have ended until
25    December 26, 2016, 60 days later, and as I'm sure Your
```

Electronically signed by Doreen Strauss (201-310-019-3013)   Def MSJ124   3edc2110-38c3-47ce-b677-0b1f7f47c1b3

1   Honor is aware, the notice of the CRN is, the civil remedy

2   notice and the opportunity to cure during that 60-day

3   period is a prerequisite to bringing a bad faith action.

4            Your Honor, the actual complaint asserting

5   the bad faith claim was filed in November of 2016, prior

6   to the expiration of that 60-day period.  Thereafter, USAA

7   moved to dismiss on December 22, 2016, which is still

8   within the 60-day safe harbor period, and thereafter, on

9   January 4, 2017, before the issue could be heard, they

10  filed the present complaint which is effectively an

11  amended complaint even though it's not labeled as such.

12           Essentially, Your Honor, they brought their

13  bad faith action prior to the expiration of the safe

14  harbor period in violation of the statute.

15           We cited the Tallent decision and a number of

16  other decisions in our motion which point out that this is

17  a statutory cause of action in derogation of common law

18  and that it must be strictly construed and enforced by the

19  Court.

20           I know that the response of opposition

21  counsel will be, "Well, Your Honor, we amended it after

22  the expiration of the 60 days so it must be okay, right?"

23           And the answer is no, it's not.  Technically

24  it's not because your new complaint relates back to the

25  date your first complaint was filed because it's the same

Certified Court Reporters, Inc.
904-356-4467

Page 4

```
 1   cause of action, and from a practical standpoint, based

 2   upon the statute framework, they've basically violated the

 3   whole concept of the statute, which is to provide 60 days

 4   for a carrier to sit with a CRN, evaluate it, examine it,

 5   decide whether they've done anything wrong.

 6               THE COURT:  Can I ask you to hold for one

 7   second?

 8               MR. DOW:  Yes.

 9               THE COURT:  You may proceed.

10               MR. DOW:  And make a thoughtful decision

11   about whether they've done anything wrong and they need to

12   step up and pay a sum or take care of an issue or

13   otherwise resolve what's noticed in the CRN.

14               Here, USAA is left fighting a premature

15   action during that 60-day period.  That 60-day safe harbor

16   period has been tainted.  The time that USAA was supposed

17   to be allowed, was required to be allowed under the

18   statute was not provided to them, so an after-the-fact

19   remedy where you amend an untimely, inappropriate

20   complaint does not solve that problem.  It does not

21   resolve the issue.

22               Strictly construed in the statute, their

23   complaint must be dismissed.

24               The second argument that we've raised, Your

25   Honor, is that this bad faith action is premature.  They
```

Electronically signed by Doreen Strauss (201-310-019-3013)            Def MSJ126            3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 5

1    have not prevailed on the underlying UM claim yet, if they

2    ever will.

3              I have done this -- counsel and I were

4    speaking outside before about this.  We've each argued

5    this before.  We're very familiar, and we've cited in our

6    motion the Fridman opinion which indicates that abatement

7    is absolutely an appropriate procedural mechanism for Your

8    Honor or any judge to use their discretion in the State of

9    Florida.

10             It's our opinion that as a general

11   proposition, dismissal is more appropriate as the cause of

12   action is not ripe, and in this case, dismissal makes even

13   more sense because USAA is going to lose its substantive

14   right to remove this case to federal court if/when they

15   ever prevail on the UM claim.  Courts have acknowledged

16   that a right to remove is a substantive legal right, and

17   if this case, this claim remains undismissed and just

18   abated after the year runs, we can't remove it.

19             Weigh that against the other side of the

20   scales, Your Honor, and if Your Honor dismisses and

21   provides them the opportunity to amend at a future date,

22   if/when they should ever prevail on the underlying UM

23   action, they've suffered no harm at all.

24             We're not here to tell you that Fridman

25   states that you absolutely should dismiss.  To the

Certified Court Reporters, Inc.
904-356-4467

Page 6

```
 1   contrary, Fridman absolutely indicates that abatement is
 2   appropriate and maybe even preferred in some
 3   circumstances, but in this particular case, Your Honor,
 4   USAA is at risk of losing a substantive right and the
 5   plaintiff is basically at risk of nothing, and we would
 6   say that in this case, Your Honor, to the extent that you
 7   even reach this, because we believe our first argument for
 8   dismissal was sufficient, that it should be dismissed as
 9   premature and not abated.
10           Your Honor, I have also noted as to all
11   causes of action, they failed to attach the insurance
12   policy on which the cause of action had been brought,
13   would provide an independent basis for dismissal, and
14   finally --
15           THE COURT:  But they made a reference to the
16   policy number so it's incorporated by reference.
17           MR. DOW:  They have, and that's not my
18   lead-off argument for that very reason, but also, Your
19   Honor, finally, Your Honor, rather, I should say, if we
20   take a look at, we have moved to strike the request for
21   fees and for interest, and those requests are linked to
22   the claims which we believe are premature and should be
23   dismissed, but to the extent that Your Honor believes that
24   abatement is the most or more appropriate step in this
25   action, we would request that those attorney's fees,
```

Certified Court Reporters, Inc.
904-356-4467

Page 7

1    claims, and prejudgment interest claim, which I think the

2    interest claim might not be appropriate in any

3    circumstances, but at the very least it should be abated

4    until such time as if/when the bad faith claims

5    potentially are arguably giving rise to those wherefore

6    clause demands would actually become activated.

7                And so for these reasons, Your Honor, we

8    believe that the entire -- the complaint should be

9    dismissed.  The bad faith claim should be dismissed based

10   upon the violation of failure to follow the statute with

11   regard to the safe harbor period.  We believe that should

12   be dismissed and not abated, again, based upon the fact of

13   the bad faith claim is premature and that USAA will lose a

14   substantive right.

15               And to the extent it is abated, we would ask

16   that the request for fees and interest be abated

17   correspondingly until such time as the claims actually

18   come into being, Your Honor.

19               THE COURT:  Thank you.  You may respond.

20               MR. DAVID BARON:  Thank you, Your Honor.

21   There were a number of reasons that the defense raised to

22   dismiss the case, and I'm guessing that I don't need to go

23   into the argument about the contract not being attached to

24   the policy, to the complaint.  We certainly allege that

25   it's in the possession of the defendant.  We don't have

Certified Court Reporters, Inc.
904-356-4467

```
 1   it.
 2              As to the main issue which is the abatement
 3   of the case, Fridman is clearly the dispositive case,
 4   Supreme Court case from about a year ago, and it cites
 5   numerous cases, and the two in particular are Allstate vs.
 6   Ruiz and the Tranchese case, which both say that the
 7   preferred approach is to abate the bad faith action rather
 8   than dismissing that part of the claim, and Tranchese
 9   actually said the appropriate step is to abate the bad
10   faith action rather than dismissing it.
11              Fridman says it's the preferred remedy.
12              I don't know what else the Supreme Court and
13   the district courts can say other than preferred,
14   appropriate, to give pause, to give reason to deny the
15   dismissal and say abatement is appropriate, and that's
16   what the Court should do in this particular case.
17              In addition, this is an argument that USAA
18   and the defense firm has raised in other cases, and as
19   recently as about two or three weeks ago in our motion we
20   cited the last time that we know that they raised this was
21   in Brevard County, and the judge there denied the motion
22   to dismiss, specifically stated that it's denied as far as
23   the motion to strike attorney's fees in Count Three, the
24   bad faith case, it's denied, says that that's all
25   premature and depends on what happens in the underlying
```

Page 9

1    case.

2                But there's no discovery regarding the bad

3    faith issues which is what the appellate courts have said,

4    and it did strike the motion for prejudgment interest, so

5    we'll withdraw our motion, we'll withdraw our wherefore

6    clause for prejudgment interest.

7                We would ask that the Court abate all the

8    other claims relative to the bad faith.

9                Going back to the first argument raised by

10   the defense that the complaint was filed too early and the

11   60 days hadn't run, I don't know how many days have run

12   since the CRN was filed, but I'm guessing it's about 180

13   now, and there was, other than -- there was no curing of

14   the defect by USAA during that 60-day period up until

15   today.

16               There are cases that say that as the bad

17   faith count should be abated, you can abate rather than

18   dismiss the premature filing of the lawsuit, and the fact

19   is the amended complaint in this case was filed after the

20   60 days.

21               And I would cite to the Court State Farm vs.

22   Curran, a 2014 case, 135 So 3rd 1071, which says that the

23   premature filing is not grounds for dismissal.  It can be

24   abated until after the time period has run, which would be

25   after the 60 days, and our amended complaint which was

Electronically signed by Doreen Strauss (201-310-019-3013)          Def MSJ131                    3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 10

1   filed January 4th was after the 60-day period had run.

2              So I think USAA had every opportunity to cure

3   their bad faith by paying the money.  They didn't.  The 60

4   days ran before the amended complaint was filed.

5              Fridman is clear that abatement is the

6   preferred remedy, and all the other appellate court cases

7   say preferred approach and appropriate approach is to

8   abate the bad faith claim.  That's what we would ask the

9   Court to do.

10             THE COURT:  You may respond.

11             MR. DOW:  Your Honor, just very briefly, the

12  statute is clear:  USAA is entitled to a 60-day cure

13  period during which litigation is not ongoing.  We did not

14  get that.  We still don't have that.

15             It's impossible to get in the time machine

16  and give us that without them starting from scratch and

17  doing it the right way, which is to file a CRN, give us 60

18  days, and then file the lawsuit.  I don't understand why

19  they didn't do this the first time.

20             Counsel, I'm certain counsel is aware of the

21  requirement, and it is not, it's not unknown.  It is not a

22  "gotcha" in the statute.

23             It's very simply file the CRN.  You wait 60

24  days.  You give USAA the 60 days where litigation is not

25  ongoing to consider it, and then you go forward if they

Electronically signed by Doreen Strauss (201-310-019-3013)        Def MSJ132        3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 11

1    don't cure, very simple.

2              As far as Fridman, what Fridman does not say,

3    Your Honor, is that dismissal cannot be used.  There is

4    not a single sentence or clause in Fridman that says

5    dismissal is inappropriate or may not be used.  It is

6    stated as an appropriate remedy.

7              Like I said, I would even agree that it could

8    be described as the preferred remedy in certain

9    circumstances, but there is no blanket prohibition on

10   dismissals.

11             I've argued this around the state to mixed

12   results and had judges tell me different judges do it

13   different ways and not all judges follow the preferred way

14   in every case.

15             And so respectfully, Your Honor, I would say

16   in an instance where USAA is at risk of losing a

17   substantive right and plaintiff is at risk of no

18   corresponding harm, to the extent Your Honor dismisses and

19   revisits this later, if you ever need to revisit this

20   later upon a victory on the UM claim, that this is the

21   case where that alternate remedy should be utilized, Your

22   Honor.

23             THE COURT:  Thank you.  Did you want one more

24   follow up?

25             MR. DAVID BARON:  Judge, again, that was the

Certified Court Reporters, Inc.
904-356-4467

Page 12

```
 1    same argument that was made on March 21st.  It was a case

 2    against USAA, and the judge there abated the bad faith

 3    claim.

 4                 THE COURT:  Thank you, thank you all.  This

 5    Court is going to dismiss without prejudice and the time

 6    period gets to start over.

 7                 And what was not in consideration by this

 8    Court was whether or not the defense will be barred from

 9    pursuing that federal matter.  That was not a matter this

10    Court took into consideration.  It was not something that

11    this Court considered or factored in.

12                 MR. DAVID BARON:  Judge, just so I'm clear,

13    are you dismissing Count One and Count Two, or just the

14    bad faith claim without prejudice?

15                 THE COURT:  The bad faith claim without

16    prejudice.

17                 MR. DAVID BARON:  So Count One and Count Two

18    go forward, and we can amend as we see fit on the bad

19    faith claim?

20                 THE COURT:  That's correct.

21                 MR. DAVID BARON:  Okay.

22                 MR. DOW:  Very good, Your Honor.  Thank you.

23                 MR. DAVID BARON:  Thank you, Judge.

24                 THE COURT:  Thank you.

25                 MR. DAVID BARON:  We'll work out an order.
```

Electronically signed by Doreen Strauss (201-310-019-3013)          Def MSJ134          3edc2110-38c3-47ce-b677-0b1f7f47c1b3

Page 13

1    (Thereupon, proceedings were concluded at 2:50 p.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Certified Court Reporters, Inc.
904-356-4467

Page 14

1                  CERTIFICATE OF REPORTER

2

3    STATE OF FLORIDA)

4    COUNTY OF MIAMI-DADE)

5              I,  Doreen M. Strauss, do hereby certify that a

6    hearing in the case of Lissette Mirabal and Jose Mirabal,

7    plaintiffs, vs. USAA Casualty Insurance Company,

8    defendant, pending in the Circuit Court of the 11th

9    Judicial Circuit in and for Miami-Dade County, Florida,

10   No. 2016-028955-CA-(24), was heard before The Honorable

11   Eric Hendon, as Judge, April 12, 2017; that I was

12   authorized to and did report in shorthand the proceedings

13   and evidence in said hearing; and that the foregoing pages

14   numbered from 1 to 14, inclusive, constitute a true and

15   correct transcription of my shorthand report of said

16   proceedings.

17

18             IN WITNESS WHEREOF, I have hereunto affixed my

19   hand this 21st day of April, 2017.

20

21                    _Doreen M. Strauss_

22                    ------------------------

                      DOREEN M. STRAUSS

23

24

25

Certified Court Reporters, Inc.
904-356-4467

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

LISSETTE MIRABAL and
JOSE MIRABAL, her husband,

          CASE NO.: 2016-028955-CA-24

        Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

        Defendants.

_____/

## AGREED ORDER STRIKING COUNT IV
## OF PLAINTIFFS' AMENDED COMPLAINT

THIS CAUSE having come before the Court to be heard on Defendant's Motion to

Strike Count IV of Plaintiffs' Amended Complaint, and the Court being advised as to the

agreement of the parties, and being otherwise advised in the premises, it is hereupon

ORDERED and ADJUDGED that said Motion be, and the same is hereby:

GRANTED. Count IV of Plaintiffs' Amended Complaint is hereby stricken.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 06/21/17.

ERIC HENDON
CIRCUIT COURT JUDGE

No Further Judicial Action Required on THIS
MOTION
CLERK TO RECLOSE CASE IF POST
JUDGMENT



The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

The Honorable Eric Hendon<br>Circuit Court Judge

Copies furnished to:

David F. Baron:      david@bhfloridalaw.com; secretary@bhfloridalaw.com

Jamie Clark Dixon:  jcd@wadsworth-law.com; keniaf@wadsworth-law.com

# BARON & HERSKOWITZ

### TRIAL LAWYERS

**DAVID F. BARON**

**JON M. HERSKOWITZ**
ALSO ADMITTED IN COLORADO
AND WASHINGTON, D.C.

9100 SOUTH DADELAND BOULEVARD
ONE DATRAN CENTER
SUITE 1704
MIAMI, FLORIDA 33156
TELEPHONE NUMBER (305) 670·0101
FACSIMILE NUMBER (305) 670·2393
BROWARD (954)760·9022
www.bbfloridalaw.com

OF COUNSEL

**JACK L. HERSKOWITZ, P.A.**

**KAREN B. BERNSTEIN**

**LORI FRIEDMAN**

May 19, 2017

**Via US Mail & Fax: 1866-828-2330**

Lisa DiPasquale
USAA
PO Box 26001
Daphne, AL 36526
**Attention: Underinsured Motorist Claim**

RE:   Client/Insured:   **Lissette Ana Mirabal**
      Claim No:         **003439868-23**
      Date of Loss:     **June 04, 2015**

Dear Ms. DiPasquale:

In response to your letter of May 17, 2017, of forwarding a check for $75,000.00, I am returning same to you. I enclose a copy of the e-mail which was sent to your prior counsel, Craig Kartiganer, in this matter which explains why we are not accepting the $75,000.00 at this time.

Should you have any questions regarding any of the above, please feel free to contact me.

Very truly yours,

*David F. Baron*

David F. Baron

DFB:co



EXHIBIT
"D"

Def MSJ139
USAA Confidential



0901119c9aaf1e09

## David Baron

| | |
|---|---|
| **From:** | David Baron |
| **Sent:** | Thursday, May 04, 2017 4:28 PM |
| **To:** | 'Kartiganer, Craig' |
| **Subject:** | RE: Lissette Mirabal (#3439868-023)DOL: 6/4/15   Mirabal v USAA CIC ALIS 2016-36322 |

Dear Craig,

In follow up of our phone conversation this is to confirm that we can no longer resolve this case for the $75,000 which has belatedly been offered by USAA. As you are aware we requested a tender of policy limits and when an offer of $7,000 was made, we filed a civil remedy notice. In response, USAA raised the offer to $11,000, which was wholly inadequate in light of the final medical report of Dr. Steven Kobetz, the neurologist who treated my client both before and after the subject accident. In his report, which was sent to USAA well before suit was filed, Dr. Kobetz explained the new problems caused by the subject accident and stated that my client would require a cervical decompression as a result of the accident and that she would incur in excess of $100,000 more in future medical costs as a result of the accident. My client was hoping that she would have been able to resolve the case with USAA. Now that she has undergone a two level cervical fusion, the health insurance lien on the file has increased substantially and will attach to any recovery she makes. Had USAA tendered the policy in a timely manner, the lien would have been resolved prior to the increase due to the surgical costs.

Should USAA wish to discuss a resolution of this matter it will have to be on an extracontractual basis.

Should you have any questions as to the above, please feel free to call me.

Thank you for your ongoing cooperation.

Very truly yours,

David F. Baron
Baron & Herskowitz
9100 S. Dadeland Blvd.
Suite 1704
Miami, Fl. 33156
305 670-0101 Miami-Dade
954 760-9022 Broward
305 670-2393 fax
david@bhfloridalaw.com

**From:** Kartiganer, Craig [mailto:Craig.Kartiganer@usaa.com]
**Sent:** Thursday, April 20, 2017 4:59 PM
**To:** David Baron <david@bhfloridalaw.com>
**Cc:** Burgess, Dawn <Dawn.Burgess@usaa.com>; DiPasquale, Lisa <Lisa.DiPasquale@usaa.com>
**Subject:** Lissette Mirabal (#3439868-023)DOL: 6/4/15 Mirabal v USAA CIC ALIS 2016-36322

1


Def MSJ140
USAA Confidential

0901119c9aaf1e09

Thank you for taking the time to speak with me this afternoon.  As discussed I have been authorized to resolve this pending claim with your client for the available limits of the UM policy of $75,000.  I understand you have to check with your client if the tender of the limits will be accepted.

If we are to resolve this case, at this time, we will exchange a settlement draft for properly executed closing documents to include a release and stipulation to dismiss the pending claim, with prejudice.  I expect we would be able to work out any issues you might have with the proposed closing documents.  The plaintiff would resolve any lien claims from the settlement proceeds.

If the matter is to be resolved, please provide us (reply to all) with a W-9, your firm's tax ID number and instruction for the settlement draft.

**Craig Kartiganer | Trial Attorney | South Florida Staff Counsel**
Law Offices of Robert D. Tetreault
Litigation Group | General Counsel | USAA
1000 S. Pine Island Road, Suite 420, Plantation, Florida 33324
Cell: 954-309-4191| Office: 954-370-3129 | Fax: 954-474-0689
USAA Extension: 49943
**craig.kartiganer@usaa.com**
**usaa.com** | facebook.com/**usaa** | twitter.com/**usaa** | youtube.com/**usaa**

Legal Assistant: Dawn Burgess (**dawn.burgess@usaa.com** 954-370-3129)

E-Mail for service of Court documents: **cik.pld.sfl@usaa.com**

This e-mail and any attachments are confidential and may be the subject of legal professional privilege. If you are not the intended recipient, any use, disclosure or copying of this document is unauthorized. If you have received this document and/or attachments in error, please immediately notify the sender and delete this e-mail from your computer. Thank you
There shall be no waiver of confidentiality in the event the recepient receives this in error.  Fla.R.Civ.P. 1.285

Def MSJ141
USAA Confidential

0901119c9aaf1e09



9800 Fredericksburg Road
San Antonio, TX 78288

USAA®

DAVID BARON                                                    May 17, 2017
DAVID F BARON LAW OFFICE
9100 S DADELAND BLVD STE 1704
MIAMI FL 33156-7817

Reference: Automobile Accident

Dear Mr. Baron,

I'm writing regarding the claim referenced below.

| | |
|---|---|
| **Policyholder:** | Lissette A Mirabal |
| **Reference #:** | 003439868–23 |
| **Date of loss:** | June 4, 2015 |
| **Loss location:** | Miami, Florida |
| **Your Client::** | Lissette and Jose Mirabal |

Enclosed is our check for $75,000 which is a tender of the Uninsured Motorist policy limits of
$75,000 for your client, Lissette Mirabal's injuries arising from the accident of June 4, 2015.

You may submit correspondence or questions to me using one of the following options:

| | |
|---|---|
| **Address:** | Auto Injury Solutions |
| | Attn: USAA Medical Mail Dept. |
| | P.O. Box 26001 |
| | Daphne, AL 36526 |
| **Fax:** | 866-828-2330 |
| **Phone:** | (800) 531-8722 x44582 |

Sincerely,

Lisa R. Di Pasquale

Lisa R DiPasquale
Southeast Regional Office
USAA Casualty Insurance Company

cc : Chris Wadsworth

003439868 - DM-04664 - 23 - 4253 - 48

54577-1216

Page 1 of 1

Def MSJ142
USAA Confidential

0901119c9aaf1e09

Return to Requestor
SERO

BARON AND HERSKOWITZ TRUST ACCT F/B/O
LISSETTE MIRABAL & JOSE MIRABAL
9100 S DADELAND BLVD STE 1704
MIAMI, FL 33156-7817

USAA Casualty Insurance Company
10750 McDermott Fwy
San Antonio, TX 78288-0544

| | | |
|---|---|---|
| **INVOICE #:** | USAA-6898003430482554640 | |
| **USAA#:** | 003439868 | |
| **POLICYHOLDER:** | LISSETTE A MIRABAL | |
| | | |
| **ADDITIONAL INFO:** | Lisa DiPasquale, TFL RO C O5 X | |

| | |
|---|---|
| **LOSS RPT #:** | 23 |
| **LOSS DATE:** | 06/04/2015 |
| **LOB:** | AUT |
| **CLAIMS REP:** | 04253-22 |
| **CHECK #:** | 0018467370 |
| **CHECK DATE:** | 05/17/2017 |

| EXPLANATION OF PAYMENT | TOTAL PAYMENT AMOUNT |
|---|---|
| Payment under Uninsured Motorists Bodily Injury coverage | $75,000.00 |

18433-1013

FACE OF DOCUMENT HAS A MULTI-COLORED BACKGROUND. THE BACK CONTAINS AN ARTIFICIAL WATERMARK. HOLD AT ANGLE TO VIEW.

USAA Casualty Insurance Company
10750 McDermott Fwy
San Antonio, TX 78288-0544

Bank of America     51-44/119 CT
Hartford, CT

| Date | |
|---|---|
| 05/17/2017 | 0018467370 |

Pay   ****SEVENTY-FIVE THOUSAND AND XX/100 DOLLAR ****                    ****$75,000.00

To The
Order Of   BARON AND HERSKOWITZ TRUST ACCT F/B/O
           LISSETTE MIRABAL & JOSE MIRABAL

LOB: AUT

| USAA#<br>003439868 | LOSS RPT #<br>23 | LOSS DT<br>06/04/2015 | POLICYHOLDER<br>LISSETTE A MIRABAL | |
|---|---|---|---|---|

NATURE OF PAYMENT:
Payment under Uninsured Motorists Bodily Injury coverage

_Stuart Parker_
Authorized Signature

Void After 180 days from issue date

⑈0018467370⑈ ⑆011900⑆ Ref MS:M4⑆0015665⑈

0901119c9aaf1e09

USAA Confidential

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2016-028955-CA-01

LISSETTE MIRABAL and JOSE MIRABAL, Her husband,

   Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

   Defendant.

_____/

## PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS

**COMES NOW** the Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, Her husband, by and through their undersigned attorneys, and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, hereby responds to Defendant's First Request for Admissions dated December 23, 2016, as follows:

1. Objection, attorney-client work product as to all discussions of value between the Plaintiff and her counsel. Plaintiff's damages in Counts I and II are limited to the policy limits of $75,000.00, and under Counts I and II, the claims are limited to the policy limits, exclusive of costs and interest.

2. See # 1.

3. See #1.



Def MSJ144

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record via the Florida Court's E-filing system in accordance with Florida Rule of Judicial Administration 2.516 on this 25th day of January, 2017.

Respectfully Submitted,

**BARON & HERSKOWITZ**
*Attorneys for the Plaintiff*

/S/ *David F. Baron*
David F. Baron Esq.
[FL Bar No. 297089]
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida 33156
(305) 670-0101
Email: David@bhfloridalaw.com
        Secretary@bhfloridalaw.com

IN THE CIRCUIT COURT, ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:    16-0289555-CA-01
DIVISION:

LISSETTE MIRABAL and JOSE MIRABAL,

      Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

---

## DEFENDANT'S REQUEST FOR ADMISSIONS

    Plaintiff is requested to admit under oath and in writing the truth of the following relevant matters of fact in accordance with Rule 1.370, Florida Rules of Civil Procedure.

1.     Plaintiff LISSETTE MIRABAL's claim for all damages does not exceed the sum of $75,000, exclusive of interest and costs.

2.     Plaintiff LISSETTE MIRABAL is seeking damages less than $75,000, exclusive of interest and costs.

3.     Plaintiff LISSETTE MIRABAL is seeking damages in excess of $75,000, exclusive of interest and costs.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished to David F. Baron, Esq. (David@bhfloridalaw.com and Secretary@bhfloridalaw.com) 9100 South Dadeland Blvd, Ste 1704, Miami, Florida, Craig Kartiganer (craig.kartiganer@usaa.com) 1000 S. Pine Island Rd, Suite 420, Plantation, Florida 33324 by Electronic Mail this 23ᵈ day of December, 2016.

02004747

BOYD & JENERETTE, P.A.


KRISTEN M VAN DER LINDE
Florida Bar No. 0964573
PAMELA J. NELSON
Florida Bar No. 0949700
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
Attorneys for USAA CIC
Primary Address for E-service:
efiling@boydjen.com

02004747

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO: 2016-028955-CA-01

LISSETTE MIRABAL and JOSE MIRABAL,
Her husband,

       Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

       Defendant.

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGEMENT

COME NOW, the Plaintiffs, LISSETTE MIRABAL AND JOSE MIRABAL, moves this

Court for an Entry of Final Judgment, and as grounds thereof states as follows:

1.      This case arises out of a motor vehicle accident which occurred on June 4, 2015.

2.      In said motor vehicle accident, the third party tortfeasor had limited insurance

coverage which was tendered by its insurance carrier and permission was given by the Plaintiff's

insurance carrier, USAA, to accept the tender of policy limits.

3.      Plaintiff then filed a demand with USAA to tender the $75,000.00 which was

available in Underinsured Motorist Coverage. USAA denied that request and offered the sum of

$6,000.00 in settlement of the Underinsured Motorist Claim.

4.      Plaintiff then filed a Civil Remedy Notice pursuant to Florida Statutes, § 624.155,

giving notice to USAA that they were in bad faith by their inadequate settlement offer. USAA

then had (60) days to cure said defect and tender the $75,000.00 policy limits. USAA failed to do

so in a timely manner.

5.      Plaintiff filed the Civil Remedy Notice on October 27, 2016, with the Florida Department of Insurance alleging violations of § 624.155(1)(b)(3), Florida Statutes. More than (60) days elapsed after the filing of the Civil Remedy Notice and USAA failed to cure the violation prior to the expiration of the (60) day notice.

6.      Plaintiff filed an Amended Complaint against USAA on January 4, 2017, as USAA had not tendered the $75,000.00 policy limits and failed to cure the defect during the (60) day "Cure Period".

6.      Subsequent to the expiration of the cure date, USAA tendered the $75,000.00 policy limits. Plaintiff did not accept same.

7.      During the litigation of this matter, Plaintiff had filed claims for both damages in Counts I and II of the Amended Complaint and a claim for "bad faith" in Count III of the Amended Complaint. USAA moved to dismiss the bad faith claim saying that it was not timely until such time as there had been a determination that USAA was in "bad faith". Despite case law which indicated that it was appropriate and actually preferred to abate the bad faith claim, this Court on April 12, 2017, entered an Order dismissing the bad faith claim, leaving only the underlying Underinsured Motorist Claim for damages which are limited to the $75,000.00 by Statute. Subsequent to that hearing, USAA now tendered the $75,000.00 policy limits and now there is no longer any issue in this case as it currently stands between the parties, and the Plaintiff is entitled to a Judgement against USAA for the policy limits of $75,000.00. Plaintiff's entitlement to seek "bad faith" damages is no longer before this Court as this Court has dismissed the Bad Faith Count which was originally brought as Count III, and only Counts I and II remain. Accordingly, the only issue remaining for the Court is whether or not it is appropriate to enter Judgement for the Plaintiff in the amount of $75,000.00. The Defendant's actions by

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ149

*Mirabal v. USAA, Case No: 16-028955*

tendering after the expiration of the (60) day cure period allow for the entry of a Final Judgement in favor of the Plaintiffs, along with the costs for bringing this action.

WHEREFORE, Plaintiffs respectfully request that the court enter a Judgement in the amount of $75,000.00, plus costs, that sum being the amount USAA is now obligated to pay under the policy limits, and reserving rights for the Plaintiff to either amend the Complaint post Judgement to seek a claim for bad faith or for the Plaintiff to file a new action for bad faith against USAA.

Respectfully Submitted,

David F. Baron, Esquire

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record via the Florida Court's E-filing system in accordance with Florida Rule of Judicial Administration 2.516 on this _____ day of July, 2017.

Respectfully Submitted,

**BARON & HERSKOWITZ**
*Attorney's for the Plaintiff*

/S/ David F. Baron
David F. Baron Esq.
[FL Bar No. 297089]
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida 33156
(305) 670-0101
Email:

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  16-028955-CA-01


LISSETTE MIRABAL and
JOSE MIRABAL, her husband,

     Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

     Defendant.
_____/




TRANSCRIPT OF HEARING PROCEEDINGS

DEFENDANT'S MOTION FOR FINAL
SUMMARY JUDGMENT

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL JUDGMENT


DATE TAKEN:  August 18, 2017
TIME:        10:00 a.m.
PLACE:       Miami-Dade County Courthouse
             73 West Flagler Street
             Courtroom 13-1
             Miami, Florida
BEFORE:      Eric Hendon, Circuit Judge



This cause came on to be heard at the time and
place aforesaid, when and where the following
proceedings were stenographically reported by:

Thomas N. Sevier, FPR

APPEARANCES:


On behalf of Plaintiffs:

        BARON & HERSKOWITZ
        9100 South Dadeland Boulevard, Suite 1704
        Miami, Florida 33156
        (305)670-0101
        BY:  JON M. HERSKOWITZ, ESQ.
        jon@bhfloridalaw.com



On behalf of Defendant:

        WADSWORTH LAW, LLLP
        14 Northeast 1st Avenue, 10th Floor
        Miami, Florida 33132
        (305)777-1000
        BY:  JAMIE CLARK DIXON, ESQ.
        jcd@wadsworth-law.com

Page 3

 1    Thereupon,

 2    the following proceedings began at 10:06 a.m.:

 3         THE COURT:  Good morning.  I'm Judge Eric

 4    Hendon.  We're here this morning on the matter of

 5    Lissette and Jose Mirabal versus USAA Casualty

 6    Insurance Company, Case Number 2016-028955.

 7         Parties announce your appearances for the

 8    record.

 9         MR. HERSKOWITZ:  Jon Herskowitz on behalf of

10    the plaintiff, Mr. and Mrs. Mirabal.

11         MR. DIXON:  Jamie Dixon on behalf of USAA

12    Casualty Insurance Company.

13         THE COURT:  Good morning.  We have two matters

14    this morning.  Both parties filed a motion for

15    summary judgment.  Actually, the plaintiff filed a

16    motion for entry of final judgment.  Defendant

17    filed a motion for final summary judgment.

18         Defendant's motion was filed July 6th,

19    plaintiffs' was filed July 27th.  We're going to

20    hear defendant's motion first.

21         You may proceed.

22         MR. DIXON:  Sure, Judge.  Preliminarily, let

23    me say I think we're essentially on the same

24    wavelength.  I just don't know that we know what to

25    do about it.

Page 4

1          And what I mean by that is the defense's

2     position is after the court entered the rulings and

3     the order that it did back on April -- I believe it

4     was 12th, Judge -- April 12th, 2017 where it

5     dismissed count III, the bad faith claim, and

6     stated that the time period for that got to start

7     over -- and I quote, and the time period gets to

8     start over, end quote -- that USAA then timely

9     tendered the $75,000 policy limits.

10         At that point the plaintiff sent our check

11    back.  They said we're rejecting it.  We filed a

12    motion for summary judgment stating, essentially,

13    Judge, that the case is moot at this point, the

14    policy limits for the UM were $75,000.

15         The plaintiff answered or responded to request

16    for admissions acknowledging that their claims were

17    limited to $75,000 or less and that money had been

18    tendered.  So the case was moot at that point.

19    There's no justiciable issue between the parties on

20    the two counts that were in there, which were UM

21    claims, Judge.

22         So the plaintiff then filed -- when we were

23    trying to get this set for hearing, they wouldn't

24    give us dates.  They went ahead and filed their own

25    motion for entry of a final judgment and then got

Page 5

1    it set for hearing at the same time.

2         But in that motion, Judge, the plaintiff

3    agrees that the case is moot.  They say USAA now

4    tendered the $75,000 policy limits, and now there

5    is no longer any issue in this case as it currently

6    stands between the parties.  That's a quote from

7    their own motion, Judge.

8         So we're all on the same page that there is no

9    issue left between us with this court.  The

10   question becomes what do you do about it.  Our

11   position is we have tendered timely, the case has

12   settled, the court needs to simply enter an order

13   granting summary judgment and dismissing the case.

14        Their position is that the court, for some

15   reason, needs to enter a judgment in their favor to

16   turn around then and enter a satisfaction of

17   judgment.

18        But I think that's where we're at, Judge.

19        THE COURT:  Thank you.  You may respond.

20        MR. HERSKOWITZ:  Your Honor, I don't really

21   agree that we're on the same wavelength at all with

22   counsel.  Candidly, I think that there is a

23   misperception of what stands before this court and

24   what the court can and should rule on.

25        First of all, Your Honor, when the amount of

1    money is tendered, it's not a settlement.  When an

2    amount of money is tendered in a UM case, it is a

3    confession of judgment.

4         That confession of judgment entitles the

5    plaintiff to a final judgment, including taxable

6    costs, which in this case are the service and

7    filing fees of about $485.  That's all that's

8    before the court.  Counsel wants the court to rule

9    on summary judgment on an issue that is no longer

10   before the court.

11        What happened is -- so there's really two

12   issues.  The first is there's simply just a

13   confession of judgment by tendering the policy.  So

14   we're seeking a final judgment, which is the norm

15   and which is what would what happen if we would go

16   to trial and a jury would find for the plaintiff;

17   it would be a judgment.

18        There's no difference in this case where

19   there's a confession of judgment.  And in that case

20   the court would issue a judgment or a final

21   judgment for the plaintiff including taxable costs.

22        The second issue before the court is not an

23   issue before the court.  All we have is pleadings.

24   All we have is the four corners of the pleadings.

25   Prior to this, Your Honor ruled on a bad faith

Page 7

1    count that the plaintiff had in the complaint.  I'm

2    not going to address the substance of it unless the

3    Court would like me to do.

4        But the court dismissed that count out of the

5    complaint.  So there is no longer a bad, quote,

6    unquote, bad faith count or component to this case.

7        THE COURT:  But you're not prohibited from

8    subsequently bringing that action in a separate

9    action.

10        MR. HERSKOWITZ:  That's correct.  So what

11    counsel is moving for summary judgment on is the

12    bad faith count, which the court dismissed and is

13    no longer a part of the present case, just not

14    here.  It's moot.

15        Now, procedurally what could happen at a later

16    time if we feel that there is bad faith, we

17    obviously could bring that action.  What,

18    essentially, they're asking the court to do -- by

19    moving for summary judgment on an issue that the

20    court has no jurisdiction, respectfully, and is not

21    before this court -- amounts to, basically, an

22    advisory opinion, which would be inappropriate.

23        What happens procedurally after this point is

24    it will be dealt with at that point.  If they want

25    to move for summary judgment if, in fact,

Page 8

1     procedurally we bring a bad faith action, they can

2     do so.  They can cite to the court's prior

3     transcript and so forth.

4          But at the present time the only issue that

5     the court has jurisdiction over is this confession

6     of judgment, entering a final judgment on behalf of

7     the plaintiff.  And entering such a final judgment

8     is just in due course.

9          It's not a ruling against the defense.  It's

10    not a ruling on bad faith.  It's just simply

11    procedurally the correct thing to do since they

12    confessed judgment by tendering that amount,

13    including taxable costs.

14         THE COURT:  Any follow-up response?

15         MR. DIXON:  Sure, Judge.  This case didn't go

16    to trial and he's talking about inapposite things.

17    There wasn't a confession of judgment in there.

18         What there was was a civil remedy notice,

19    which this court stated got to start over, and

20    there was a timely tender of it.  So there was no

21    case left to be decided.  I didn't bring up bad

22    faith.  But, honestly, this isn't a motion for

23    summary judgment on bad faith.

24         It's the plaintiff that has brought up --

25    they're questioning whether or not this court will

1    grant them leave to amend in this case to bring bad

2    faith or whether the court will grant them leave to

3    file another case for bad faith, even though this

4    court dismissed their bad faith claim and this

5    court denied their motion for rehearing on the bad

6    faith claim.

7         That's not something that's in my motion,

8    Judge.  That's something they brought up.  So their

9    attempt to put that on me, I think, is totally

10   improper.  It's theirs and they own it, Judge.

11        That being said, you know -- again, this isn't

12   a confession of judgment situation where you simply

13   have a bad faith claim -- I mean a UM claim -- and

14   then we tendered the policy on the UM claim.  This

15   was a civil remedy issue and we settled pursuant to

16   the civil remedy notice, Judge.

17        So there isn't a case left to be decided.

18   It's not a situation where I'm asking you for an

19   advisory opinion or anything like that.  I'm simply

20   saying there's nothing to be decided here.  The

21   case settled.  The court should enter a dismissal.

22        MR. HERSKOWITZ:  May I, Your Honor, briefly.

23        THE COURT:  What I'm going to do, I'm going to

24   go ahead and let you argue your motion now as well.

25   And then I'll --

Page 10

1          MR. HERSKOWITZ:  I did, basically.  But I'll

2     go ahead and do that and I can respond.

3          Respectfully, defense counsel, what he is

4     saying is wholly incorrect both procedurally and

5     substantively.  It's just not accurate or correct

6     legally at all.

7          There's no settlement.  There was no meeting

8     of the minds.  There was simply a tendering of the

9     amount.  Whether they believed it was pursuant to a

10    CRN or there was no CRN in the case, that is

11    irrelevant.

12         What would happen -- regardless of whether

13    there was a CRN, regardless of whether there was a

14    motion to dismiss the bad faith count, regardless

15    of any of that, in any UM case when the policy is

16    tendered, it is a confession of judgment.

17         It is no different than if a jury were to find

18    for the plaintiff and they could have given

19    500,000 -- but the court would have reduced it to

20    the amount of the UM policy, which would have been

21    75 -- and then the court would have issued a final

22    judgment for the 75,000.  There is no difference.

23         So that is all the plaintiff is seeking in its

24    motion, which is procedurally the correct thing to

25    do.  Everything else is not before the court.

Page 11

1          THE COURT:  The court has looked at the

2     request for admissions and response thereto.  And

3     in the response to the request for admissions, you

4     acknowledge, rightfully so, that the amount at

5     issue was $75,000, the policy limit.

6          That has been established.  That was

7     established with your response to the request for

8     admissions.  That was proven.  The court grants the

9     defense motion for summary judgment.

10         MR. HERSKOWITZ:  Can I, Your Honor, ask the

11    court to articulate the grounds for granting the

12    summary judgment.

13         THE COURT:  There's no longer any disputed

14    issues of material fact.

15         MR. HERSKOWITZ:  Judge, respectfully, Your

16    Honor, the summary judgment is as to the bad faith

17    issue; which the court, respectfully, has no --

18         THE COURT:  The summary judgment is with

19    respect to whether or not there are any issues of

20    material fact remaining to be decided in this case.

21    There are none.  Both parties are in agreement that

22    the maximum liability on this matter to the defense

23    was the $75,000 policy limit.

24         That's acknowledged in your response to

25    request for admissions.  That's the amount that was

Page 12

1    tendered.  So, therefore, there's no issue of

2    disputed material fact remaining with respect to

3    the remaining counts.

4         Whatever happens with the bad faith counts

5    that I dismissed, in terms of whether or not your

6    client decides to reinstitute that in another case,

7    that's separate and apart from this court's

8    consideration.

9         MR. HERSKOWITZ:  Your Honor, the motion for

10   summary judgment is not as to the amount of the

11   tender.  It's as to the bad faith and the court's

12   ruling previously.

13        And I don't mean to beat a dead horse.  But I

14   think since we have a record it's important to

15   articulate that on the record, that that is the

16   issue they moved for summary judgment on is the

17   issue of the CRN, the timeliness, and the bad faith

18   count; which the court previously dismissed and is

19   no longer a part of the complaint.

20        MR. DIXON:  Judge --

21        MR. HERSKOWITZ:  Is that what the court is

22   granting?

23        THE COURT:  I'm looking at it.  Is there

24   another motion that I'm unaware of?

25        There's a motion filed that I'm reviewing

Page 13

1    discussing the fact that there are no longer any

2    disputed issues of material fact.

3        Now, was there a separate defendant's motion

4    for summary judgment?

5        MR. DIXON:  No, there wasn't, Judge.  Quite

6    honestly, I take issue with him mischaracterizing

7    the motion continuously in this fashion.

8        My motion has nothing to do with bad faith.

9    It does go through the procedural history of the

10   case in order for the court to understand how we

11   got to where we are right now where there is no

12   issue before the court.  But my motion is not on a

13   bad faith issue, Judge.

14       THE COURT:  Nor did the court --

15       MR. DIXON:  Because it's not before the court

16   anymore.

17       THE COURT:  Nor did the court view it as being

18   a motion with the bad faith issue.  This court

19   addressed that a while back when I dismissed those

20   counts.  So motion for summary judgment is granted.

21       MR. HERSKOWITZ:  Your Honor, as to plaintiffs'

22   motion for final judgment, that is denied or that

23   is granted?  Because that is also before the court.

24       THE COURT:  To the extent that the tender was

25   made -- and I reviewed the correspondence; you did

Page 14

1           not accept it, you sent it back -- they need to go

2           ahead and satisfy that.  It will be a judgment of

3           $75,000 for the plaintiff.

4                MR. HERSKOWITZ:  So the motion for the final

5           judgment is granted for the 75,000 plus the taxable

6           costs?

7                THE COURT:  The costs that are legally

8           taxable.

9                MR. HERSKOWITZ:  Right, which is the filing

10          fees and the service.

11               THE COURT:  Yes.

12               MR. HERSKOWITZ:  So the final judgment is

13          granted in the amount of 75,000 plus the two

14          taxable costs of the filing fee and service.

15               THE COURT:  Yes.  Prepare an order to that

16          effect.

17               MR. HERSKOWITZ:  Okay.  Thank you, Your Honor.

18               THE COURT:  Thanks.

19               MR. DIXON:  Thank you, Your Honor.

20               (Thereupon, the proceedings concluded at 10:20

21      a.m.)

22

23

24

25

Page 15

COURT CERTIFICATE

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

     I, THOMAS N. SEVIER, Florida Professional
Reporter, certify that I was authorized to and did
stenographically report the foregoing proceedings
and that the transcript is a true and complete
record of my stenographic notes.

Dated this 26th day of August, 2017.

_____
THOMAS N. SEVIER, FPR

Def MSJ165

## A

**a.m** 1:17 3:2
14:21
**accept** 14:1
**accurate** 10:5
**acknowledge**
11:4
**acknowledged**
11:24
**acknowledging**
4:16
**action** 7:8,9,17
8:1
**address** 7:2
**addressed** 13:19
**admissions** 4:16
11:2,3,8,25
**advisory** 7:22
9:19
**aforesaid** 1:23
**agree** 5:21
**agreement** 11:21
**agrees** 5:3
**ahead** 4:24 9:24
10:2 14:2
**amend** 9:1
**amount** 5:25 6:2
8:12 10:9,20
11:4,25 12:10
14:13
**amounts** 7:21
**announce** 3:7
**answered** 4:15
**anymore** 13:16
**apart** 12:7
**appearances** 2:1
3:7
**April** 4:3,4
**argue** 9:24
**articulate** 11:11
12:15
**asking** 7:18 9:18
**attempt** 9:9
**August** 1:17
15:13
**authorized** 15:8

**Avenue** 2:10

## B

**back** 4:3,11
13:19 14:1
**bad** 4:5 6:25 7:5
7:6,12,16 8:1
8:10,21,23 9:1
9:3,4,5,13
10:14 11:16
12:4,11,17
13:8,13,18
**BARON** 2:4
**basically** 7:21
10:1
**beat** 12:13
**began** 3:2
**behalf** 2:3,9 3:9
3:11 8:6
**believe** 4:3
**believed** 10:9
**Boulevard** 2:4
**briefly** 9:22
**bring** 7:17 8:1
8:21 9:1
**bringing** 7:8
**brought** 8:24
9:8

## C

**Candidly** 5:22
**case** 1:2 3:6 4:13
4:18 5:3,5,11
5:13 6:2,6,18
6:19 7:6,13
8:15,21 9:1,3
9:17,21 10:10
10:15 11:20
12:6 13:10
**Casualty** 1:7 3:5
3:12
**cause** 1:23
**CERTIFICATE**
15:1
**certify** 15:8
**check** 4:10
**Circuit** 1:1,1,20

**cite** 8:2
**civil** 8:18 9:15
9:16
**claim** 4:5 9:4,6
9:13,13,14
**claims** 4:16,21
**CLARK** 2:12
**client** 12:6
**Company** 1:7
3:6,12
**complaint** 7:1,5
12:19
**complete** 15:10
**component** 7:6
**concluded** 14:20
**confessed** 8:12
**confession** 6:3,4
6:13,19 8:5,17
9:12 10:16
**consideration**
12:8
**continuously**
13:7
**corners** 6:24
**correct** 7:10
8:11 10:5,24
**correspondence**
13:25
**costs** 6:6,21 8:13
14:6,7,14
**counsel** 5:22 6:8
7:11 10:3
**count** 4:5 7:1,4,6
7:12 10:14
12:18
**counts** 4:20 12:3
12:4 13:20
**County** 1:1,18
15:5
**course** 8:8
**court** 1:1 3:3,13
4:2 5:9,12,14
5:19,23,24 6:8
6:8,10,20,22
6:23 7:3,4,7,12
7:18,20,21 8:5
8:14,19,25 9:2

9:4,5,21,23
10:19,21,25
11:1,1,8,11,13
11:17,18 12:18
12:21,23 13:10
13:12,14,14,15
13:17,17,18,23
13:24 14:7,11
14:15,18 15:1
**court's** 8:2 12:7
12:11
**Courthouse**
1:18
**Courtroom** 1:19
**CRN** 10:10,10
10:13 12:17
**currently** 5:5

## D

**Dadeland** 2:4
**DATE** 1:17
**Dated** 15:13
**dates** 4:24
**day** 15:13
**dead** 12:13
**dealt** 7:24
**decided** 8:21
9:17,20 11:20
**decides** 12:6
**Defendant** 1:8
2:9 3:16
**defendant's** 1:13
3:18,20 13:3
**defense** 8:9 10:3
11:9,22
**defense's** 4:1
**denied** 9:5 13:22
**difference** 6:18
10:22
**different** 10:17
**discussing** 13:1
**dismiss** 10:14
**dismissal** 9:21
**dismissed** 4:5
7:4,12 9:4 12:5
12:18 13:19
**dismissing** 5:13

**disputed** 11:13
12:2 13:2
**Dixon** 2:12 3:11
3:11,22 8:15
12:20 13:5,15
14:19
**due** 8:8

## E

**effect** 14:16
**enter** 5:12,15,16
9:21
**entered** 4:2
**entering** 8:6,7
**entitles** 6:4
**entry** 1:14 3:16
4:25
**Eric** 1:20 3:3
**ESQ** 2:6,12
**essentially** 3:23
4:12 7:18
**established** 11:6
11:7
**extent** 13:24

## F

**fact** 7:25 11:14
11:20 12:2
13:1,2
**faith** 4:5 6:25
7:6,12,16 8:1
8:10,22,23 9:2
9:3,4,6,13
10:14 11:16
12:4,11,17
13:8,13,18
**fashion** 13:7
**favor** 5:15
**fee** 14:14
**feel** 7:16
**fees** 6:7 14:10
**file** 9:3
**filed** 3:14,15,17
3:18,19 4:11
4:22,24 12:25
**filing** 6:7 14:9
14:14

**final** 1:13,15
  3:16,17 4:25
  6:5,14,20 8:6,7
  10:21 13:22
  14:4,12
**find** 6:16 10:17
**first** 3:20 5:25
  6:12
**Flagler** 1:18
**Floor** 2:10
**Florida** 1:1,19
  2:5,11 15:4,7
**follow-up** 8:14
**following** 1:23
  3:2
**foregoing** 15:9
**forth** 8:3
**four** 6:24
**FPR** 1:25 15:16

**G**

**give** 4:24
**given** 10:18
**go** 6:15 8:15
  9:24 10:2 13:9
  14:1
**going** 3:19 7:2
  9:23,23
**Good** 3:3,13
**grant** 9:1,2
**granted** 13:20
  13:23 14:5,13
**granting** 5:13
  11:11 12:22
**grants** 11:8
**grounds** 11:11

**H**

**happen** 6:15
  7:15 10:12
**happened** 6:11
**happens** 7:23
  12:4
**hear** 3:20
**heard** 1:23
**hearing** 1:12
  4:23 5:1

**Hendon** 1:20 3:4
**Herskowitz** 2:4
  2:6 3:9,9 5:20
  7:10 9:22 10:1
  11:10,15 12:9
  12:21 13:21
  14:4,9,12,17
**history** 13:9
**honestly** 8:22
  13:6
**Honor** 5:20,25
  6:25 9:22
  11:10,16 12:9
  13:21 14:17,19
**horse** 12:13
**husband** 1:4

**I**

**III** 4:5
**important** 12:14
**improper** 9:10
**inapposite** 8:16
**inappropriate**
  7:22
**including** 6:5,21
  8:13
**incorrect** 10:4
**Insurance** 1:7
  3:6,12
**irrelevant** 10:11
**issue** 4:19 5:5,9
  6:9,20,22,23
  7:19 8:4 9:15
  11:5,17 12:1
  12:16,17 13:6
  13:12,13,18
**issued** 10:21
**issues** 6:12 11:14
  11:19 13:2

**J**

**Jamie** 2:12 3:11
**jcd@wadswor...**
  2:12
**Jon** 2:6 3:9
**jon@bhflorid...**
  2:6

**Jose** 1:4 3:5
**Judge** 1:20 3:3
  3:22 4:4,13,21
  5:2,7,18 8:15
  9:8,10,16
  11:15 12:20
  13:5,13
**judgment** 1:13
  1:15 3:15,16
  3:17 4:12,25
  5:13,15,17 6:3
  6:4,5,9,13,14
  6:17,19,20,21
  7:11,19,25 8:6
  8:6,7,12,17,23
  9:12 10:16,22
  11:9,12,16,18
  12:10,16 13:4
  13:20,22 14:2
  14:5,12
**JUDICIAL** 1:1
**July** 3:18,19
**jurisdiction** 7:20
  8:5
**jury** 6:16 10:17
**justiciable** 4:19

**K**

**know** 3:24,24
  9:11

**L**

**LAW** 2:10
**leave** 9:1,2
**left** 5:9 8:21 9:17
**legally** 10:6 14:7
**liability** 11:22
**limit** 11:5,23
**limited** 4:17
**limits** 4:9,14 5:4
**Lissette** 1:4 3:5
**LLLP** 2:10
**longer** 5:5 6:9
  7:5,13 11:13
  12:19 13:1
**looked** 11:1
**looking** 12:23

**M**

**M** 2:6
**material** 11:14
  11:20 12:2
  13:2
**matter** 3:4 11:22
**matters** 3:13
**maximum** 11:22
**mean** 4:1 9:13
  12:13
**meeting** 10:7
**Miami** 1:19 2:5
  2:11
**Miami-Dade** 1:1
  1:18 15:5
**minds** 10:8
**Mirabal** 1:4,4
  3:5,10
**mischaracteri...**
  13:6
**misperception**
  5:23
**money** 4:17 6:1
  6:2
**moot** 4:13,18 5:3
  7:14
**morning** 3:3,4
  3:13,14
**motion** 1:13,14
  3:14,16,17,18
  3:20 4:12,25
  5:2,7 8:22 9:5
  9:7,24 10:14
  10:24 11:9
  12:9,24,25
  13:3,7,8,12,18
  13:20,22 14:4
**move** 7:25
**moved** 12:16
**moving** 7:11,19

**N**

**N** 1:25 15:7,16
**need** 14:1
**needs** 5:12,15
**norm** 6:14
**Northeast** 2:10

**notes** 15:11
**notice** 8:18 9:16
**Number** 3:6

**O**

**obviously** 7:17
**Okay** 14:17
**opinion** 7:22
  9:19
**order** 4:3 5:12
  13:10 14:15

**P**

**page** 5:8
**part** 7:13 12:19
**parties** 3:7,14
  4:19 5:6 11:21
**period** 4:6,7
**place** 1:18,23
**plaintiff** 3:10,15
  4:10,15,22 5:2
  6:5,16,21 7:1
  8:7,24 10:18
  10:23 14:3
**PLAINTIFF'S**
  1:14
**Plaintiffs** 1:5 2:3
**plaintiffs'** 3:19
  13:21
**pleadings** 6:23
  6:24
**plus** 14:5,13
**point** 4:10,13,18
  7:23,24
**policy** 4:9,14 5:4
  6:13 9:14
  10:15,20 11:5
  11:23
**position** 4:2 5:11
  5:14
**Preliminarily**
  3:22
**Prepare** 14:15
**present** 7:13 8:4
**previously** 12:12
  12:18
**prior** 6:25 8:2

**procedural** 13:9
**procedurally**
  7:15,23 8:1,11
  10:4,24
**proceed** 3:21
**proceedings**
  1:12,24 3:2
  14:20 15:9
**Professional**
  15:7
**prohibited** 7:7
**proven** 11:8
**pursuant** 9:15
  10:9
**put** 9:9

**Q**
**question** 5:10
**questioning** 8:25
**Quite** 13:5
**quote** 4:7,8 5:6
  7:5

**R**
**really** 5:20 6:11
**reason** 5:15
**record** 3:8 12:14
  12:15 15:11
**reduced** 10:19
**regardless** 10:12
  10:13,14
**rehearing** 9:5
**reinstitute** 12:6
**rejecting** 4:11
**remaining** 11:20
  12:2,3
**remedy** 8:18
  9:15,16
**report** 15:9
**reported** 1:24
**Reporter** 15:8
**request** 4:15
  11:2,3,7,25
**respect** 11:19
  12:2
**respectfully** 7:20
  10:3 11:15,17

**respond** 5:19
  10:2
**responded** 4:15
**response** 8:14
  11:2,3,7,24
**reviewed** 13:25
**reviewing** 12:25
**right** 13:11 14:9
**rightfully** 11:4
**rule** 5:24 6:8
**ruled** 6:25
**ruling** 8:9,10
  12:12
**rulings** 4:2

**S**
**satisfaction** 5:16
**satisfy** 14:2
**saying** 9:20 10:4
**second** 6:22
**seeking** 6:14
  10:23
**sent** 4:10 14:1
**separate** 7:8
  12:7 13:3
**service** 6:6 14:10
  14:14
**set** 4:23 5:1
**settled** 5:12 9:15
  9:21
**settlement** 6:1
  10:7
**Sevier** 1:25 15:7
  15:16
**simply** 5:12 6:12
  8:10 9:12,19
  10:8
**situation** 9:12
  9:18
**South** 2:4
**stands** 5:6,23
**start** 4:6,8 8:19
**STATE** 15:4
**stated** 4:6 8:19
**stating** 4:12
**stenographic**
  15:11

**stenographica...**
  1:24 15:9
**Street** 1:18
**subsequently**
  7:8
**substance** 7:2
**substantively**
  10:5
**Suite** 2:4
**summary** 1:13
  3:15,17 4:12
  5:13 6:9 7:11
  7:19,25 8:23
  11:9,12,16,18
  12:10,16 13:4
  13:20
**Sure** 3:22 8:15

**T**
**take** 13:6
**TAKEN** 1:17
**talking** 8:16
**taxable** 6:5,21
  8:13 14:5,8,14
**tender** 8:20
  12:11 13:24
**tendered** 4:9,18
  5:4,11 6:1,2
  9:14 10:16
  12:1
**tendering** 6:13
  8:12 10:8
**terms** 12:5
**Thank** 5:19
  14:17,19
**Thanks** 14:18
**theirs** 9:10
**thereto** 11:2
**thing** 8:11 10:24
**things** 8:16
**think** 3:23 5:18
  5:22 9:9 12:14
**Thomas** 1:25
  15:7,16
**time** 1:17,23 4:6
  4:7 5:1 7:16
  8:4

**timeliness** 12:17
**timely** 4:8 5:11
  8:20
**totally** 9:9
**transcript** 1:12
  8:3 15:10
**trial** 6:16 8:16
**true** 15:10
**trying** 4:23
**turn** 5:16
**two** 3:13 4:20
  6:11 14:13

**U**
**UM** 4:14,20 6:2
  9:13,14 10:15
  10:20
**unaware** 12:24
**understand**
  13:10
**unquote** 7:6
**USAA** 1:7 3:5
  3:11 4:8 5:3

**V**
**versus** 3:5
**view** 13:17
**vs** 1:6

**W**
**WADSWOR...**
  2:10
**want** 7:24
**wants** 6:8
**wasn't** 8:17 13:5
**wavelength** 3:24
  5:21
**we're** 3:4,19,23
  4:11 5:8,18,21
  6:14
**went** 4:24
**West** 1:18
**wholly** 10:4
**wouldn't** 4:23

**X**

**Y**

**Z**

**0**

**1**
**10:00** 1:17
**10:06** 3:2
**10:20** 14:20
**10th** 2:10
**11TH** 1:1
**12th** 4:4,4
**13-1** 1:19
**14** 2:10
**16-028955-CA...**
  1:2
**1704** 2:4
**18** 1:17
**1st** 2:10

**2**
**2016-028955** 3:6
**2017** 1:17 4:4
  15:13
**26th** 15:13
**27th** 3:19

**3**
**305)670-0101**
  2:5
**305)777-1000**
  2:11
**33132** 2:11
**33156** 2:5

**4**
**485** 6:7

**5**
**500,000** 10:19

**6**
**6th** 3:18

**7**
**73** 1:18
**75** 10:21
**75,000** 4:9,14,17
  5:4 10:22 11:5

| 11:23 14:3,5 | | | | |
| 14:13 | | | | |
| **8** | | | | |
| **9** | | | | |
| **9100** 2:4 | | | | |

Def MSJ169

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO:

Plaintiff(s),

vs.

ORDER
GRANTING/~~DENYING~~
~~PLAINTIFF'S~~/DEFENDANT'S

Defendant(s),

THIS CAUSE having come on to be heard on _____

on ~~Plaintiff's~~/Defendant's Motion

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this _____

day of _____, _____

SIGNED and DATED

AUG 1

CIRCUIT COURT JUDGE Wm. HENDON
JUDGE ERIC Wm. HENDON

Copies furnished to: Counsel of Record

117_01-554  3/11

Def MSJ170

**IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**
**CASE NO:** 2016 - 028955 - CA-24

CFN: 20170494199 BOOK 30667 PAGE 3534
DATE:08/24/2017  02:36:34 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Lissette and Jose
     Mirabal   **Plaintiff(s),**

**vs.**

USAA Casualty Ins. Co.

**Defendant(s),**

~~ORDER
GRANTING/DENYING
PLAINTIFF'S/DEFENDANTS~~

Motion for Entry of
Final Judgment

**THIS CAUSE** having come on to be heard on   August   18, 2017

on ~~Plaintiff's~~/~~Defendant's~~ Motion

for Entry of Final Judgment

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** that said Motion be, and the same is hereby

Granted for the reasons stated on
the record. (Court Reporter present.)

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida this   18th

day of   August   , 2017.

**CIRCUIT COURT JUDGE**

ERIC HENDON
Circuit Court Judge

Copies furnished to: Counsel of Record
117_01-554  3/11   John   Herskowitz
              Jamie Dixon         Def MSJ171

| Amount: | $75,000.00 | Sequence Number: | 4192270951 |
|---|---|---|---|
| Account: | 2240019665 | Capture Date: | 08/24/2017 |
| Bank Number: | 11900970 | Check Number: | 19387124 |

BACK OF DOCUMENT HAS A COLORED BACKGROUND. THE BACK CONTAINS AN ARTIFICIAL WATERMARK, HOLD AT ANGLE TO VIEW.

**USAA** USAA Casualty Insurance Company
PO Box 33490
San Antonio, TX 78265

51-44/119 CT

0019387124
DATE
08/21/2017

CHECK AMOUNT
$**75,000.00

PAY **Seventy-Five Thousand  and 00/100 s**

TO
THE
ORDER
OF:
BARON AND HERSKOWITZ TRUST ACCT F/B/O
LISSETTE MIRABAL & JOSE MIRABAL

USAA # 003439808 / LH #: 23

NATURE OF PAYMENT:
**OVERNIGHT FED EX*** Payment under Uninsured Motorists Bodily Injury coverage
BANK OF AMERICA - HARTFORD, CT          VOID 180 DAYS FROM ISSUE DATE

AUTHORIZED SIGNATURE

⑆0019387124⑆ ⑈011900445⑈ 2240015665⑈

8762292

PAY TO THE ORDER OF
SARABELL UNITED BANK N.A.
0570006445
FOR DEPOSIT ONLY
BARON & HERSKOWITZ
A PARTNERSHIP OF P.A.
IOLTA TRUST ACCOUNT
0000064464

Electronic Endorsements:

| Date | Sequence | Bank # | Endrs Type | TRN | BRC | Bank Name |
|---|---|---|---|---|---|---|
| 08/24/2017 | 004192273951 | 11300016 | Pay Bank | N | | |
| 08/24/2017 | 9105178352 | 61000146 | Undetermined | N | | FED RES BK OF ATLANT |
| 08/23/2017 | 001300014900 | 67009646 | Rtn Loc/BOFD | Y | | IBERIABANK |

Def MSJ172

USAA Confidential

0901119ca25a4c41



## CSC

**Notice of Service of Process**

null / ALL
**Transmittal Number: 17348625**
**Date Processed: 11/02/2017**

| | |
|---|---|
| **Primary Contact:** | Ruby Esquivel<br>United Services Automobile Association<br>9800 Fredericksburg Rd.<br>Attn: Ruby Esquivel<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Carmen Solis<br>Debra Brake<br>Sandra Adams<br>Jenna Meurer<br>Danielle Lopez |

| | |
|---|---|
| **Entity:** | USAA Casualty Insurance Company<br>Entity ID Number 3692525 |
| **Entity Served:** | USAA Casualty Insurance Company |
| **Title of Action:** | Lissette Mirabal vs. USAA Casualty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Miami-Dade County Circuit Court, Florida |
| **Case/Reference No:** | 2017-024742-CA-01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 11/02/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief Financial Officer on 10/30/2017 |
| **How Served:** | Electronic SOP |
| Sender Information: | David F. Baron<br>305-670-0101 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

0901119c9cbc186c

USAA Confidential



CHIEF FINANCIAL OFFICER
**JIMMY PATRONIS**
STATE OF FLORIDA

*17-000207873*

LISSETTE MIRABAL, ET AL,

PLAINTIFF(S)

VS.

USAA CASUALTY INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, EXHIBIT

**CASE #:** 2017-024742-CA-01
**COURT:** CIRCUIT COURT
**COUNTY:** MIAMI-DADE
**DFS-SOP #:** 17-000207873

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by MAIL on Monday, October 30, 2017 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, November 2, 2017 to the designated agent for the named entity as shown below.

USAA CASUALTY INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

JEFFREY M LIGGIO
SUITE 3B, THE BARRISTERS BUILDING
1615 FORUM PLACE
WEST PALM BEACH , FL 33401

CA1

Def MSJ174

USAA Confidential

0901119c9cbc186c

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2017-024742-CA-01

LISSETTE MIRABAL, et al,

Plaintiff,

vs.

USAA CASUALTY INSURANCE
COMPANY,

Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or
petition in this action:

**USAA CASUALTY INSURANCE COMPANY c/o Chief Financial Officer**
**Department of Insurance and State Treasurer**
**Service of Process, Revenue Process Section**
**PO BOX 6200**
**200 E. Gaines Street**
**Tallahassee, FL 32399-6200**

Each Defendant is required to serve written defenses to the Complaint or petition on the Plaintiff,

to wit:                DAVID F. BARON, ESQ.
whose address is:      9100 South Dadeland Boulevard
                       One Datran Center, PH-1, Suite 1515
                       Miami, Florida 33156
                       Telephone: (305) 670-0101

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this
Summons is served on you to file a written response to the attached Complaint with the Clerk of
this Court. A phone call will not protect you. Your written response including the case number
given above and the names of the parties, must be filed if you want the Court to hear your side of
the case. If you do not file your response on time, you may lose the case, and your wages,
money, and property may thereafter be taken without further warning from the Court. There are

RECEIVED AS STATUTORY REGISTERED AGENT
on 30 October, 2017 and served on defendant or named party on 02 November, 2017
by the Florida Department of Financial Services

Def MSJ175

USAA Confidential

0901119c9cbc186c

other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debería usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont est entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de lassignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous estes oblige de deposer votre response ecrite, avec mention du numbero do dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que la tribunal entende voutre cause. Si vous no deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent entre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ce-dessous.

DATED ON _____10/26/2017_____, 2017.

as Clerk of said Court

_____
Clerk

2

Def MSJ176

USAA Confidential

0901119c9cbc186c

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO: 2017-024742-CA-01

LISSETTE MIRABAL and JOSE MIRABAL,
Her husband,

     Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,
a foreign profit corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, by and
through the undersigned attorneys, sue the Defendant, USAA CASUALTY
INSURANCE COMPANY (hereinafter "USAA"), and allege:

1. This is an action for damages in excess of the Fifteen Thousand Dollars
($15,000.00), exclusive of interest, costs and attorney's fees.

2. Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, were
at all times material to this cause of action residents of Miami, Miami-Dade County,
Florida.

3. All times material hereto, Defendant, USAA, was and is a foreign profit
corporation doing business in Miami-Dade County, Florida selling automobile

Def MSJ177

USAA Confidential

0901119c9cbc186c

insurance policies and adjusting claims including those involving underinsured motorist coverage.

4.     On or about June 4, 2015, Jamal Hansel negligently operated a motor vehicle causing it to collide with the Plaintiff, LISSETTE MIRABAL'S vehicle.

5.     As a result of the subject crash, the Plaintiff serious personal injuries.

6.     At all times material hereto, Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, are husband and wife.

7.     At all times material hereto Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, were insured under a policy of insurance issued by Defendant USAA, policy #003439868-7101-19, issued to LISSETTE MIRABAL and JOSE MIRABAL, which provided Seventy-Five Thousand Dollars ($75,000.00), of coverage for uninsured/under insured motorist bodily injury benefits (UM). Said policy is not in Plaintiff's possession, it is in the custody and control of the Defendant, USAA.

8.     That at the time and place of the accident described herein, Jamal Hansel was an uninsured/underinsured motorist under the subject policy and controlling Florida law.

9.     At all times material hereto Defendant, USAA, was authorized to adjust UM insurance claims in Florida.

10.     Following the crash, USAA was provided notice of the Plaintiff's accident and resulting injuries. Following receipt of notice of the subject accident, USAA assigned adjuster, Ashley Meyers to adjust the Plaintiff's UM claim.

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ178

USAA Confidential

0901119c9cbc186c

11.     On September 22, 2016, Plaintiff's counsel wrote USAA and provided

USAA with medical documentation to support Plaintiff's UM Claim and demanded

that USAA tender its $75,000.00 in UM coverage.

12.     On October 10, 2016, Plaintiff's counsel wrote adjuster Meyers to request

permission to accept Jamal Hansel's Twenty-Five Thousand Dollar ($25,000.00), bodily

injury limits from State Farm Insurance.

13.     On October 25, 2016, USAA adjuster, Ashley Meyers wrote Plaintiff's

counsel offering the sum of $7,500.00 to resolve the UM claim.

14.     Pursuant to the terms of the insurance policy, the Defendant, USAA, had

the right to:

        a.      have the Plaintiff examined by a medical doctor(s) of their choice;

        b.      have Plaintiff's radiology records reviewed by doctor(s) of their

                choice;

        c.      have the Plaintiff appear for an examination under oath upon

                reasonable notice to question her as to her injuries and claims from

                the subject accident.

15.     Despite having all of the above options available to them, the Defendant,

USAA, did not elect any of those options in response to Plaintiff's demand package of

September 22, 2016.

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ179

USAA Confidential

0901119c9cbc186c

16.    On October 27, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violation form to USAA and the Florida Department of Insurance. A copy of the referenced Civil Remedy Notice is attached here to as Exhibit "A".

17.    On October 28, 2016, Plaintiff's counsel sent a letter to USAA adjuster Ashley Meyers rejecting the $7,500.00 and advising that a Civil Remedy Notice had been filed against USAA.

The Defendant has violated Florida Statutes:

a.    §624.155(1)(b)(1):    Not attempting in good faith to settle claims when, under all circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.

b.    626.9541(1)(i):    Unfair methods of competition and unfair or deceptive acts or practices defined. —

(1)    UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS. — The following are defined as unfair methods of competition and unfair or deceptive acts or practices:

(i)    Unfair claim settlement practices. —

1.    Attempting to settle claims on the basis of an application, when serving as a binder or intended to become a part of the policy, or any other material document which was altered without notice to, or knowledge or consent of, the insured;

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ180

USAA Confidential

0901119c9cbc186c

*Mirabal v. USAA Case No:*
*Complaint*

2.   A material misrepresentation made to an insured or any other

person having an interest in the proceeds payable under such

contract or policy, for the purpose and with the intent of effecting

settlement of such claims, loss, or damage under such contract or

policy on less favorable terms than those provided in, and

contemplated by, such contract or policy; or

3.   Committing or performing with such frequency as to indicate a

general business practice any of the following:

a)   Failing to adopt and implement standards for the proper

investigation of claims;

b)   Misrepresenting pertinent facts or insurance policy

provisions relating to coverages at issue;

c)   Failing to acknowledge and act promptly upon

communications with respect to claims;

d)   Denying claims without conducting reasonable

investigations based upon available information;

e)   Failing to affirm or deny full or partial coverage of

claims, and, as to partial coverage, the dollar amount or

extent of coverage, or failing to provide a written statement

that the claim is being investigated, upon the written request

of the insured within 30 days after proof-of-loss statements

have been completed;

5

Def MSJ181

**USAA Confidential**

0901119c9cbc186c

f)   Failing to promptly provide a reasonable explanation in

writing to the insured of the basis in the insurance policy, in

relation to the facts or applicable law, for denial of a claim or

for the offer of a compromise settlement;

g)   Failing to promptly notify the insured of any additional

information necessary for the processing of a claim; or

h)   Failing to clearly explain the nature of the requested

information and the reasons why such information is

necessary.

18.     USAA responded to the Civil Remedy Notice on December 13, 2016,

offering $11,000.00.

19.     Defendant, USAA failed to tender Plaintiff's Seventy-Five Thousand

Dollars ($75,000.00) in UM benefits within the statutory cure period, i.e. within 60 days

of the filing of a Civil Remedy Notice on October 27, 2016.

20.     A suit for underinsured motorist benefits was filed and subsequently,

both Plaintiffs and Defendant, USAA, moved for entry of a Final Summary Judgement

and said motions were granted. By virtue of the confession of judgment, i.e., payment of

the $75,000.00 in coverage and taxable costs, Defendant, USAA, has acknowledged the

negligence of the underinsured motorist and further concedes that the Plaintiff's

damages exceed the available UM coverage. As such, the matter is ripe for bad faith

litigation.

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ182

USAA Confidential

0901119c9cbc186c

21.     Based upon Defendant, USAA's bad faith conduct, Plaintiffs are entitled to recover the total amount of all damages caused by the underinsured motorist, interest on unpaid benefits, along with reasonable attorney's fees and costs.

22.     Because the Plaintiffs' total damages caused by the underinsured motorist were not liquidated below, upon a jury finding of a bad faith failure to settle Plaintiffs' UM claim, Plaintiffs shall be entitled to a second jury trial to allow the jury to establish the damages caused by the tortfeasor.

WHEREFORE, Plaintiffs, LISSETTE MIRABAL and JOSE MIRABAL, her husband, demands judgement against Defendant USAA CASUALTY INSURANCE COMPANY, for all available compensatory and statutory damages, interest, costs, attorney's fees and further demands a trial by jury.

**BARON & HERSKOWITZ**
**9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156**
**TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022**

Def MSJ183

USAA Confidential

0901119c9cbc186c

*Mirabal v. USAA Case No:*
*Complaint*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record via the Florida Court's E-filing system in accordance with Florida Rule of Judicial Administration 2.516 on this 23rd day of Oct, 2017.

Respectfully Submitted,

**BARON & HERSKOWITZ**
*Attorney's for the Plaintiff*

/S/ David F. Baron
David F. Baron Esq.
[FL Bar No. 297089]
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida 33156
(305) 670-0101
Email: David@bhfloridalaw.com

Respectfully Submitted,

**Liggio Law**
*Co-Counsel for the Plaintiff*

/S/ Jeffrey M. Liggio
Jeffrey M. Liggio, Esq.
[FL Bar No.        ]
Barristers Building
1615 Forum Place, Suite 3B
West Palm Beach, Florida 33401
(561) 616-3333
Email: jliggio@liggiolaw.com

BARON & HERSKOWITZ
9100 SOUTH DADELAND BOULEVARD, ONE DATRAN CENTER, SUITE 1704, MIAMI, FLORIDA 33156
TELEPHONE (305) 670-0101, FACSIMILE (305) 670-2393, BROWARD (954)760-9022

Def MSJ184

USAA Confidential

0901119c9cbc186c

## Civil Remedy Notice of Insurer Violations

Filing Number: **325127**

Filing Accepted: **10/27/2016**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **LISSETTE MIRABAL** |
| Street Address: | **13410 SW 91 TERRACE** |
| City, State Zip: | **MIAMI, FL  33186** |
| Email Address: | **DAVID@BHFLORIDALAW.COM** |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **LISSETTE AND JOSE MIRABAL** |
| Policy #: | **0034398687101-19** |
| Claim #: | **003439868-23** |

### Attorney

| | |
|---|---|
| Name: | **DAVID F BARON** |
| Street Address: | **9100 SOUTH DADELAND BLVD, SUITE 1704** |
| City, State Zip: | **MIAMI, FL  33156** |
| Email Address: | **DAVID@BHFLORIDALAW.COM** |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **USAA CASUALTY INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**ASHLEY MEYERS**

Type of Insurance: **Auto**



EXHIBIT

A

DFS-10-363
Rev. 11/2007

Def MSJ185

USAA Confidential

## Civil Remedy Notice of Insurer Violations

Filing Number:        **325127**

### Reason for Notice

Reasons for Notice:

**Unsatisfactory Settlement Offer**

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

**624.155(1)(b)(1)**       **Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.**

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**Not In Possession of Policy**

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

**On June 4, 2015, Lissette Mirabal was struck from the rear by an underinsured motorist. Liability is 100% on the other driver. She has incurred in excess of $28,000.00 in medical bills. According to her treating board certified neurologist, she has had a significant injury and impairment to her cervical spine, undergone epidural injections, aggravation of MS, and is likely to require future medical care in excess of $100,000.00. USAA has not made a good faith offer on a case with a value far in excess of the policy limits.**

### Comments

| User Id | Date Added | Comment |
|---------|-----------|---------|
|         |           |         |

DFS-10-363
Rev. 11/2007

0901119c9cbc186c                    USAA Confidential